# EXHIBIT A


## CT Corporation

**Service of Process Transmittal**
05/04/2020
CT Log Number 537624347

| | |
|---|---|
| **TO:** | Jennifer Rodriguez, Counsel, Labor and Employment<br>Michael Kors<br>11 West 42nd Street, 29th Floor<br>New York, NY 10036 |
| **RE:** | **Process Served in California** |
| **FOR:** | MICHAEL KORS (USA), INC.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KENNETH TAYLOR, etc., Pltf. vs. MICHAEL KORS, INC., et al., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV10276 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/04/2020 at 13:09 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780107837024<br><br>Image SOP<br><br>Email Notification,  Krista McDonough  krista.mcdonough@michaelkors.com<br><br>Email Notification,  Jennifer Rodriguez  jennifer.rodriguez@michaelkors.com<br><br>Email Notification,  NA'ASIA COBB  naasia.cobb@capriholdings.com<br><br>Email Notification,  NATALIE NEWMAN  natalie.newman@capriholdings.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Page 1 of  1 / LS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A

5-4-20   12:35p

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**MAR 16 2020**

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MICHAEL KORS, INC; MICHAEL KORS (USA), INC; MICHAEL KORS STORES (CALIFORNIA), INC;

MICHAEL KORS RETAIL, INC.; ADECCO USA, INC; and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KENNETH TAYLOR, on behalf of himself and others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Los Angeles Superior Court - Central District
*(El nombre y dirección de la corte es):*   111 N. Hill St.
Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*  **20STCV10276**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776); Anwar D. Burton, Esq. (SBN 253504)
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd. Suite 200; Beverly Hills, California 90211; Tel.: (310) 432-0000 Fax: (310) 432-0001

DATE:   **MAR 16 2020**   SHERRI R. CARTER   Clerk, by   *Isaac Lovo*   , Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* MICHAEL KORS, INC.

under: [ ] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
[✓] other *(specify):* FORM UNKNOWN
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* MICHAEL KORS, INC; MICHAEL KORS (USA), INC; MICHAEL KORS STORES (CALIFORNIA), INC.; MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 to 100, Inclusive **YOU ARE BEING SUED BY PLAINTIFF:** *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* KENNETH TAYLOR, on behalf of himself and others similarly situated | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* **CONFORMED COPY ORIGINAL FILED** Superior Court of California County of Los Angeles **MAR 16 2020** Sherri R. Carter, Executive Officer/Clerk of Court By: Isaac Lovo, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Los Angeles Superior Court - Central District *(El nombre y dirección de la corte es):* 111 N. Hill St. Los Angeles, CA 90012 | **CASE NUMBER** *(Número del Caso):* **20STCV10276** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209736); Anwar D. Burton, Esq. (SBN 253504)
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd. Suite 200; Beverly Hills, California 90211; Tel.: (310) 432-0000 Fax: (310) 432-0001

| DATE: **MAR 16 2020** *(Fecha)* | SHERRI R. CARTER | Clerk, by *(Secretario)* *Isaac Lavo* | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served 1. ☐ as an individual defendant. 2. ☐ as the person sued under the fictitious name of *(specify):* 3. ☐ on behalf of *(specify):* under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor) ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee) ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person) ☐ other *(specify):* 4. ☐ by personal delivery on *(date):* |
|---|---|

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

**EXHIBIT A**

Joseph Lavi, Esq. (State Bar No. 209776)
E-Mail: jlavi@lelawfirm.com
Vincent C. Granberry, Esq. (State Bar No. 276483)
E-Mail: vgranberry@lelawfirm.com
Anwar D. Burton, Esq. (State Bar No. 253504)
E-Mail: aburton@lelawfirm.com
*LAVI & EBRAHIMIAN, LLP*
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Sahag Majarian II, Esq. (State Bar No. 146621)
**LAW OFFICE OF SAHAG MAJARIAN II**
E-Mail: sahagii@aol.com
18250 Ventura Boulevard
Tarzana, California 91356

Attorneys for PLAINTIFF, KENNETH TAYLOR,
on behalf of himself and others similarly situated.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 16 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

**BY FAX**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

KENNETH TAYLOR, on behalf of himself and others similarly situated,

PLAINTIFF,

vs.

MICHAEL KORS, INC.; MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.; MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 to 100, Inclusive,

DEFENDANTS.

Case No.: **20STCV10?76**

**CLASS ACTION**

**PLAINTIFF KENNETH TAYLOR'S COMPLAINT FOR DAMAGES AND RESTITUTION AND FOR:**

1. **FAILURE TO PAY WAGES FOR ALL TIME WORKED AT MINIMUM WAGE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

2. **FAILURE TO PAY PROPER OVERTIME WAGES FOR DAILY OVERTIME HOURS WORKED AND ALL HOURS WORKED IN VIOLATION OF LABOR CODE SECTIONS 510, 1194, AND 1198**

3. **FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7**

4. **FAILURE TO AUTHORIZE OR PERMIT REST PERIODS IN**

EXHIBIT A

|  | VIOLATION OF LABOR CODE SECTION 226.7 |
|---|---|
| 5. | FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226 |
| 6. | FAILURE TO TIMELY PAY ALL EARNED WAGES AND FINAL PAYCHECKS DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203 |
| 7. | UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, et seq. |
|  | **DEMAND FOR JURY TRIAL** |

**COMES NOW** Plaintiff KENNETH TAYLOR ("Plaintiff"), who alleges and complains against Defendant MICHAEL KORS, INC.; MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.; MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 to 100, Inclusive, (collectively "Defendants") as follows:

## I.   INTRODUCTION

1.   This is a class action lawsuit seeking unpaid wages and interest thereon due to Defendants' failure to pay for all hours worked at minimum wage and overtime hours worked at the overtime rate of pay; failure to authorize or permit legally compliant meal periods; failure to authorize or permit legally compliant rest periods; statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; injunctive relief and other equitable relief; reasonable attorney's fees pursuant to California Labor Code sections 226(e) and 1194; costs; and interest brought on behalf of Plaintiff and others similarly situated.

## II.   JURISDICTION AND VENUE

2.   This Court has jurisdiction over Plaintiff's and the Class Members' claims Defendants' failure to pay for all hours worked at minimum wage and overtime hours worked at the overtime rate

EXHIBIT A

1   of pay; failure to authorize or permit legally compliant meal periods; failure to authorize or permit

2   legally compliant rest periods; statutory penalties for failure to provide accurate wage statements;

3   waiting time penalties in the form of continuation wages for failure to timely pay employees all wages

4   due upon separation of employment; and claims for restitution under Business & Professions Code

5   section 17200 *et seq.* because Defendants employed putative class members, non-exempt operations

6   employees, in locations throughout California including but not limited to Los Angeles County, where

7   the alleged injuries occurred at 3777 Workman Mill Rd., Whittier, CA 90601.

8   **III.   PARTIES**

9       3.   Plaintiff brings this action on behalf of himself and other members of the general

10  public similarly-situated.  The named Plaintiff and the class of persons on whose behalf this action is

11  filed are current, former and/or future employees of Defendants who work as hourly non-exempt

12  employees.

13      4.   Defendants employed Plaintiff as an hourly, non-exempt employee until in or around

14  June 12, 2019.

15      5.   Plaintiff is informed and believes and, on that basis, alleges that Defendants employed

16  Plaintiff and other hourly, non-exempt employees throughout the State of California and therefore its

17  conduct forms a significant basis of the claims asserted in this matter.

18      6.   Plaintiff is informed and believes and thereon alleges that Defendant MICHAEL

19  KORS, INC. is authorized to do business within the State of California and is doing business in the

20  State of California and/or that Defendants DOES 1 - 10 are, and at all times relevant hereto were

21  persons acting on behalf of Defendant MICHAEL KORS, INC. in the establishment of, or ratification

22  of, the aforementioned illegal wage and hour practices or policies. Defendant MICHAEL KORS,

23  INC. operates in Los Angeles County and employed Plaintiff and other putative class members in

24  Los Angeles County at its business located at 3777 Workman Mill Rd., Whittier, CA 90601.

25  Defendant MICHAEL KORS, INC. is identified on Plaintiff's and putative class members' earnings

26  statements.

27      7.   Plaintiff is informed and believes and thereon alleges that Defendant MICHAEL

28  KORS (USA), INC. is authorized to do business within the State of California and is doing business

**EXHIBIT A**

in the State of California and/or that Defendants DOES 11 - 20 are, and at all times relevant hereto were persons acting on behalf of Defendant MICHAEL KORS (USA), INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant MICHAEL KORS (USA), INC. operates in Los Angeles County and employed Plaintiff and other putative class members in Los Angeles County at its business located at 3777 Workman Mill Rd., Whittier, CA 90601.

8.    Plaintiff is informed and believes and thereon alleges that Defendant MICHAEL KORS STORES (CALIFORNIA), INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 21 - 30 are, and at all times relevant hereto were persons acting on behalf of Defendant MICHAEL KORS STORES (CALIFORNIA), INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant MICHAEL KORS STORES (CALIFORNIA), INC. operates in Los Angeles County and employed Plaintiff and other putative class members in Los Angeles County at its business located at 3777 Workman Mill Rd., Whittier, CA 90601.

9.    Plaintiff is informed and believes and thereon alleges that Defendant MICHAEL KORS RETAIL, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 31 - 40 are, and at all times relevant hereto were persons acting on behalf of Defendant MICHAEL KORS RETAIL, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant MICHAEL KORS RETAIL, INC. operates in Los Angeles County and employed Plaintiff and other putative class members in Los Angeles County at its business located at 3777 Workman Mill Rd., Whittier, CA 90601. Defendant MICHAEL KORS RETAIL, INC. is identified on Plaintiff's and putative class members' earnings statements.

10.    Plaintiff is informed and believes and thereon alleges that Defendant ADECCO USA, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 41 - 50 are, and at all times relevant hereto were persons acting on behalf of Defendant ADECCO USA, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant ADECCO USA, INC. operates

EXHIBIT A

in Los Angeles County and employed Plaintiff and other putative class members in Los Angeles County at its business located at 3777 Workman Mill Rd., Whittier, CA 90601. Defendant ADECCO USA, INC. is identified on Plaintiff's and putative class members' earnings statements.

11.     Plaintiff are informed and believes and thereon alleges that Defendants DOES 51 - 100 are individuals unknown to Plaintiff.  Each of the individual Defendants is sued individually in his or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent contractor and/or employee of each Defendant and participated in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies.

12.     Plaintiff are unaware of the true names of Defendants DOES 1 through 100.  Plaintiff sue said Defendants by said fictitious names and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff are informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this complaint.

13.     Plaintiff is informed, believes, and thereon alleges that at all relevant times, each defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff are further informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants. As used in this complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes MICHAEL KORS, INC.; MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.; MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 to 100, inclusive.

14.     At all times mentioned herein, each Defendant was the co-conspirator, agent, servant,

EXHIBIT A

employee, and/or joint venturer of each of the other defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

15.     Plaintiff make the allegations in this complaint without any admission that, as to any particular allegation, Plaintiff bear the burden of pleading, proving, or persuading and Plaintiff reserve all of Plaintiff' rights to plead in the alternative.

## IV.     DESCRIPTION OF ILLEGAL PAY PRACTICES

16.     Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order ("Wage Order"), codified at California Code of Regulations title 8, section 11040, Defendants are employers of Plaintiff within the meaning of the applicable Wage Order and applicable California Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the California Labor Code.

17.     **Failure to pay wages for all hours worked at the legal minimum wage:** Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

18.     California Labor Code sections 1194 and 1197 require an employer to compensate employees for all "hours worked" at least at a minimum wage rate of pay as established by the Industrial Welfare Commission ("IWC") and the Wage Orders.

19.     Plaintiff and similarly situated employees worked more minutes per shift than Defendants credited them with having worked.  Specifically, Plaintiff maintains that he and other similarly situated employees were required to go through security checks and/or bag checks after clocking out for meal periods, during rest periods, and at the end of their shift without being paid for that time.

20.     Defendants' policy, practice, and/or procedure resulted in time each day in which

EXHIBIT A

Plaintiff and similarly situated employees are subject to the control of employers' without being compensated for that time.

21.     Despite the fact that California law requires employers to pay employees for all hours worked at least at a minimum wage rate, Defendants required Plaintiff and similarly situated employees to work off-the-clock as described above, resulting in Plaintiff and similarly situated employees working time each day for which they were not compensated any wages, in violation of California Labor Code sections 1194, 1197, and the Wage Orders.

22.     **Failure to pay wages for all hours worked in excess of eight hours per day at the employees' overtime rate of pay:** As described above, Defendants' policies, practices, and procedures resulted in time each workday where Plaintiff and similarly situated employees were under the control of Defendants but were not compensated for that time.

23.     California Labor Code sections 510 and 1194 require an employer to compensate employees a higher rate of pay for hours worked in excess of eight hours in a workday:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

(Cal. Lab. Code §510.)

24.     Despite that California law requires employers to pay employees a higher rate of pay for all hours worked more than 8 hours in a workday and 40 hours in a workweek, Defendants failed to pay Plaintiff and similarly situated employees overtime wages due them for their daily overtime hours worked.

25.     Plaintiff and similarly situated employees worked more minutes per shift than Defendants credited them with having worked.  Specifically, Plaintiff maintains that he and other similarly situated employees were required to go through security checks and/or bag checks after clocking out for meal periods, during rest periods and at the end of their shift without being paid for that time.

EXHIBIT A

26.     The foregoing resulted in time during each workday which Plaintiff and similarly situated employees were under control of Defendants, but were not compensated at their overtime rate of pay when they worked more than eight hours in a day or 40 hours in a week, in violation of Labor Code sections 510, 1194, and the Wage Order.

27.     **Failure to pay hourly employees wages to compensate them for workdays Defendants failed to provide required meal periods:** California law requires an employer to authorize or permit an employee an uninterrupted meal period of no less than 30-minutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities prior to the employee's sixth hour of work. Cal. Lab. Code §§ 226.7, 512; Wage Order 4-2001, 11; *Brinker Rest. Corp. v. Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second such meal period of not less than 30 minutes prior to the start of the eleventh hour of work. *Id.* If the employee is not relieved of all duty during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when: (1) the nature of the work prevents an employee from being relieved of all duty; and (2) the parties have a written agreement agreeing to on duty meal periods. If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of pay for each workday that a legally required meal period was not timely provided or was not duty-free. *Id.*

28.     During the four years prior to the filing of the complaint, Plaintiff and similarly situated employees regularly worked shifts of more than 5 hours in length. Nevertheless, Plaintiff and similarly situated employees were not given a duty-free meal period because Defendants maintain a policy, practice, and/or procedure whereby Defendants require Plaintiff and similarly situated employees to go through security checks and/or bag checks after clocking out for meal periods.

29.     Defendants also regularly failed to pay Plaintiff and similarly situated employees one hour of pay at their regular rate of pay for each workday Plaintiff and similarly situated employees did not receive all legally compliant meal periods.

///

EXHIBIT A

30.     This practice resulted in Plaintiff and similarly situated employees not receiving wages to compensate them for workdays during which Defendants did not provide them with legally compliant meal periods in compliance with California law.

31.     **Failure to pay hourly employees wages to compensate them for workdays Defendants failed to provide required rest periods:** California law requires an employer to provide an employee a rest period of ten (10) net minutes for every four hours worked, "which insofar as practicable shall be in the middle of each work period." Cal. Lab. Code §226.7; Wage Order 4. Thus, employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts between six and ten hours in length, 30 minutes for shifts between 10 and 14 hours in length, and so on. *See Brinker*, *supra*. If the employer fails to provide a required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday the employer did not provide all legally required rest periods. *Id.*

32.     During the four years prior to the filing of the complaint, Plaintiff and similarly situated employees regularly worked shifts of more than 3.5 hours. Nevertheless, Plaintiff and similarly situated employees were not given an uninterrupted 10-minute rest period for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, or 30 minutes for shifts of more than 10 hours up to 14 hours because Defendants' policy required Plaintiff and similarly situated employees to go through security checks and/or bag checks during their rest breaks.

33.     Defendants also regularly failed to pay employees one hour of pay at their regular rate of pay for each workday Plaintiff and similarly situated employees did not receive all timely and legally compliant rest periods.

34.     This practice resulted in Plaintiff and similarly situated employees not receiving wages to compensate them for workdays which Defendants did not provide them with rest periods in compliance with California law.

35.     **Pay Stub Violations:** California Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the

EXHIBIT A

employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

36.     Defendants failed to provide accurate wage and hour statements to Plaintiff and similarly situated employees who were subject to Defendants' control for uncompensated time and who did not receive the wages they earned (including minimum wages, overtime wages, as well as failure to pay premium wages for missed meal and rest periods).

37.     **Failure to Pay California Employees All Wages Due at Time of Termination/Resignation**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (California Labor Code section 201) or within 72 hours of resignation (California Labor Code section 202).

38.     Because Defendants failed to pay Plaintiff and similarly situated employees all their earned wages (including minimum wages, overtime wages, as well as unpaid meal and rest period premium wages), Defendants failed to pay those employees timely after each employee's termination and/or resignation.

## V.     CLASS DEFINITIONS AND CLASS ALLEGATIONS

39.     Plaintiff bring this action on behalf of himself, on behalf of all others similarly situated, and on behalf of the General Public, and as a member of a Class defined as follows:

A.     **Minimum Wage Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who were not paid at least at minimum wage for all time they were subject to Defendants' control.

EXHIBIT A

B.     **Overtime Class:** All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked more than eight in a day to whom Defendants did not pay overtime wages.

C.     **Meal Period Class:** All current and former non-exempt, hourly employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked shifts greater than 5 hours in a workday and did not receive wages to compensate them for missed meal periods, late meal periods, and/or short meal periods.

D.     **Rest Period Class:** All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked at least three and one-half (3.5) or more hours in day who did not receive required rest periods of ten net minutes rest time for every four hours worked between three and one-half and six hours, six and ten hours, or ten and fourteen hours.

E.     **Wage Statement Class:** All current and former hourly non-exempt employees employed by Defendants in California at any time within the one year prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.

F.     **Waiting Time Class:** All current and former hourly non-exempt employees employed by Defendants in California at any time within the three years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who did not receive payment of all unpaid wages upon separation of employment within the statutory time period.

G.     **California Class:** All aforementioned classes are here collectively referred to as the "California Class."

40.     There is a well-defined community of interest in the litigation and the classes are ascertainable:

A.     **Numerosity:** While the exact number of class members in each class is

EXHIBIT A

unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

**B.    Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i.    Whether Defendants violated California Labor Code sections 1194 and 1197 by not paying employees' wages at a minimum wage rate for all time that the Minimum Wage Class Members were subject to Defendants' control but were not paid;

ii.    Whether Defendants violated California Labor Code sections 510 and 1194 by not paying the Overtime Class for workdays worked in excess of eight hours as a result of not paying the Class Members for all hours worked in a workday;

iii.    Whether Defendants violated California Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing Meal Period Class Members without providing all their required meal periods or paying meal period premium wages;

iv.    Whether Defendants violated the Wage Order and California Labor Code section 226.7 and the applicable Wage Order by employing Rest Period Class Members without providing all their required rest periods or paying rest period premium wages;

v.    Whether Defendants failed to provide the Wage Statement Class Members with accurate itemized statement at the time they received their itemized statements;

vi.    Whether Defendants failed to provide the Waiting Time Class Members with all of their earned wages upon separation of employment within the statutory time period;

vii.    Whether Defendants committed unlawful business acts or practice within the meaning of Business and Professions Code section 17200 *et seq.*;

viii.    Whether Class Members are entitled to unpaid wages, penalties and other relief pursuant to their claims;

ix.    Whether, as a consequence of Defendant's unlawful conduct, the Class

1  Members are entitled to restitution, and/or equitable relief; and

2          x.      Whether Defendant's affirmative defenses, if any, raise any common

3  issues of law or fact as to Plaintiff and as to the Class Members as a whole.

4          C.      **Typicality**: Plaintiff's claims are typical of the claims of the class members in

5  each of the classes. Plaintiff and the members of the Minimum Wage Class sustained damages arising

6  out of Defendant's failure to pay wages at least at minimum wage for all time the employees were

7  subject to Defendant's control.   Plaintiff and the members of the Overtime Wage Class sustained

8  damages arising out of Defendant's failure to pay overtime wages for overtime hours worked.

9  Plaintiff and the members of the Meal Period Class sustained damages arising out of Defendant's

10  failure to provide employees all legally required meal periods and failure to pay meal period premium

11  wages as compensation. Plaintiff and the members of the Rest Period Class sustained damages arising

12  out of Defendants' failure to provide employees all legally required rest periods and failure to pay

13  rest period premium wages as compensation. Plaintiff and the members of the Wage Statement Class

14  sustained damages arising out of Defendants' failure to furnish them with accurate itemized wage

15  statements in compliance with California Labor Code section 226. Plaintiff and the members of the

16  Waiting Time Class sustained damages arising out of Defendants' failure to provide all unpaid yet

17  earned wages due upon separation of employment within the statutory time limit.

18          D.      **Adequacy of Representation**: Plaintiff will fairly and adequately protect the

19  interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the

20  other class members.

21          E.      **Superiority**:  A class action is superior to other available means for the fair

22  and efficient adjudication of this controversy. Because individual joinder of all members of each class

23  is impractical, class action treatment will permit a large number of similarly situated persons to

24  prosecute their common claims in a single forum simultaneously, efficiently, and without the

25  unnecessary duplication of effort and expense that numerous individual actions would engender. The

26  expenses and burdens of individual litigation would make it difficult or impossible for individual

27  members of each class to redress the wrongs done to them, while important public interests will be

28  served by addressing the matter as a class action. The cost to and burden on the court system of

**EXHIBIT A**

adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

F.     **Public Policy Consideration:** Employers throughout the state violate wage and hour laws. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation. Former employees fear bringing actions because they perceive their former employers can blacklist them in their future endeavors with negative references and by other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for vindication of their rights.

## I.     FIRST CAUSE OF ACTION

**FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM**

**WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

**(As Against all Defendants and DOE Defendants by the Minimum Wage Class)**

41.     Plaintiff hereby incorporates the paragraphs above, as if fully set herein by reference.

42.     At all times relevant to this Complaint, Plaintiff and the members of the Minimum Wage Class were hourly non-exempt employees of Defendant.

43.     Pursuant to Labor Code sections 1194, 1197, and Wage Orders, Plaintiff and the Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

44.     Defendants' payroll policies and procedures required Plaintiff and members of the Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to Defendants' control.

45.     Specifically, Plaintiff maintains that he and other members of the Minimum Wage Class were required to go through security checks and/or bag checks after clocking out for meal periods, during rest periods, and at the end of their shift without being paid for that time.

46.     As a result of Defendants' unlawful conduct, Plaintiff and members of the of the Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they

**EXHIBIT A**

were not paid wages at a minimum wage rate for all hours worked.

47.     Pursuant to California Labor Code Sections 1194 and 1194.2, Plaintiff and the members of the Minimum Wage Class members are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys' fees and costs.

## II.     SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES, IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 510, 1194 AND 1198

**(As Against all Defendants and DOE Defendants by the Overtime Class)**

48.     Plaintiff hereby incorporates the paragraphs above, as if fully set herein by reference.

49.     At times relevant to this Complaint, Plaintiff and the members of the Overtime Class were hourly non-exempt employees of Defendants, covered by California Labor Code sections 510 and 1194 and the Wage Order.

50.     Pursuant to California Labor Code sections 510 and 1194 and the Wage Order, hourly non-exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of eight hours in a workday and/or 40 hours in a workweek.

51.     California Labor Code section 510, subdivision (a), states in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

52.     Further, California Labor Code section 1198 provides

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

EXHIBIT A

53.     Despite that California law requires employers to pay employees a higher rate of pay for all hours worked more than eight hours in a workday, Defendants failed to pay Plaintiff and members of the Overtime Class overtime wages due them for their daily overtime hours worked.

54.     Specifically, Plaintiff maintains that he and members of the Overtime Class were required to go through security checks and/or bag checks after clocking out for meal periods, during rest periods, and at the end of their shift without being paid for that time.

55.     The foregoing resulted in time during each workday which Plaintiff and members of the Overtime Class were under control of Defendants but were not compensated at their overtime rate of pay when they worked more than eight hours in a day or 40 hours in a week.

56.     Pursuant to California Labor Code section 1194, Plaintiff and the Overtime Class members are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest and attorneys' fees and costs.

57.     Pursuant to California Labor Code section 1194, Plaintiff and the members of the Overtime Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest and attorneys' fees and costs.

### III.     THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF
### CALIFORNIA LABOR CODE SECTIONS 512 AND 226.7 AND THE WAGE ORDER

#### (As Against all Defendants and DOE Defendants by the Meal Period Class)

58.     Plaintiff hereby incorporate the paragraphs above, as if fully set herein by reference.

59.     At all times relevant to this Complaint, Plaintiff and the members of the Meal Period Class were non exempt employees of Defendants in California and covered by California Labor Code sections 226.7, 512, and the Wage Orders.

60.     California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5-hour work period. (Lab. Code §512; Wage Order 4, subd. 11.) An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the 10th hour of work. (Id.) If an employer fails to provide an employee an

EXHIBIT A

uninterrupted, timely meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (Id.)

61.     During the four years prior to the filing of the complaint, Plaintiff and members of the Meal Period Class regularly worked shifts of more than 5 hours in length. Nevertheless, Plaintiff and members of the Meal Period Class were not given a duty-free meal period because Defendants maintain a policy, practice, and/or procedure whereby Defendants require Plaintiff and members of the Meal Period Class  to go through security checks and/or bag checks after clocking out for meal periods.

62.     Defendants also regularly failed to pay Plaintiff and members of the Meal Period Class one hour of pay at their regular rate of pay for each workday they did not receive all legally compliant meal periods.

63.     This practice resulted in Plaintiff and members of the Meal Period Class not receiving wages to compensate them for workdays which Defendants did not provide them with legally compliant meal periods in compliance with California law.

64.     Because Defendants failed to provide proper meal periods, they are liable to Plaintiff and the Meal Period Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal period was not provided, pursuant to California Labor Code sections 512 and 226.7 and the Wage Order.

65.     Plaintiff, on behalf of himself and the Meal Period Class, seeks damages and all other relief allowable including a meal period premium wage for each workday Defendants failed to provide all required 30-minute uninterrupted meal periods, plus pre-judgment interest.

## IV.     FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CALIFORNIA

## LABOR CODE SECTION 226.7 AND THE WAGE ORDER

### (As Against all Defendants and DOE Defendants by the Rest Period Class)

66.     Plaintiff hereby incorporates by reference the above, as if fully set herein.

67.     At all relevant times, Plaintiff and the other members of the Rest Period Class were

EXHIBIT A

non-exempt, hourly employees of Defendants covered by Labor Code Section 226.7 and the Wage Order.

68.     Pursuant to Labor Code Section 226.7 and the Wage Order, Plaintiff and the other members of the Rest Period Class were entitled to receive rest periods of 10-net minutes for every four hours, or major fraction thereof, worked.  If Plaintiff and the Rest Period Class did not receive rest periods for every four hours, or major fraction thereof, worked in a day, Defendants were required to pay them one hour of pay at the employee's regular rate of pay for each workday that the rest period is not provided.

69.     During the four years prior to the filing of the complaint, Plaintiff and members of the Rest Period Class regularly worked shifts of more than 3.5 hours. Nevertheless, Plaintiff and members of the Rest Period Class were not given an uninterrupted 10-minute rest period for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, or 30 minutes for shifts of more than 10 hours up to 14 hours because Defendants' policy required Plaintiff and members of the Rest Period Class to go through bag checks and/or security checks during their rest periods.

70.     Defendants also regularly failed to pay Plaintiff and members of the Rest Period Class one hour of pay at their regular rate of pay for each workday Plaintiff and members of the Rest Period Class did not receive all timely and legally compliant rest periods.

71.     This practice resulted in Members of the Rest Period Class not receiving wages to compensate them for workdays which Defendants did not provide them with compliant rest periods in compliance with California law.

72.     Because Defendants failed to provide proper rest periods, they are liable to Plaintiff and the Rest Period Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest period was not provided, pursuant to California Labor Code section 226.7 and the Wage Order.

73.     Plaintiff, on behalf of himself and the Rest Period Class, seeks damages and all other relief allowable including rest period wages for each workday the employee was not provided with all required rest periods of ten net minutes; and prejudgment interest.

## V.    FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS, IN

### VIOLATION OF LABOR CODE SECTION 226

**(As Against all Defendants and DOE Defendants by the Wage Statement Class)**

74.    Plaintiff hereby incorporates by reference the paragraphs above, as if fully set herein by reference.

75.    At all times relevant to this Complaint, Plaintiff and the other members of the Wage Statement Class were hourly employees of Defendants, covered by California Labor Code section 226.

76.    Pursuant to California Labor Code section 226, subdivision (a), Plaintiff and the other members of the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

77.    As a result of the aforementioned conduct (failure to pay wages for all hours worked, failure to pay overtime, and failure to pay meal and rest period premiums), Defendants failed to provide accurate and complete wage statements to Plaintiff and others similarly situated in violation of Labor Code Section 226(a) ) because they did not reflect all of the employees' earnings.

78.    Defendants' failure to provide Plaintiff and members of the Wage Statement Class with accurate wage statements and maintain accurate copies of wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and members of the Wage Statement Class

EXHIBIT A

1    accurate wage statements and maintain but intentionally provided wage statements that Defendants

2    knew were not accurate.

3        79.    As a result of Defendants' conduct, Plaintiff and members of the Wage Statement Class

4    have suffered injury. The absence of accurate information on their wage statements has prevented

5    earlier challenges to Defendants unlawful pay practices, required discovery and mathematical

6    computations to determine the amount of wages owed, caused difficulty and expense in attempting

7    to reconstruct time and pay records, and/or led to the submission of inaccurate information about

8    wages and amounts deducted from wages to state and federal government agencies.

9        80.    Pursuant to Labor Code Section 226(e), Plaintiff and members of the Wage Statement

10    Class are entitled to recover fifty (50) dollars for the initial pay period within the applicable limitations

11    period in which a violation of Labor Code Section 226 occurred and one hundred dollars for each

12    violation of Labor Code Section 226 in a subsequent pay period, not to exceed an aggregate penalty

13    of four thousand ($4,000) dollars per employee.

14        81.    Pursuant to Labor Code Section 226, Plaintiff and members of the Wage Statement

15    Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e) and

16    reasonable attorney's fees.

17        82.    Pursuant to Labor Code Sections 218 and 226(e), Plaintiff and the members of the

18    Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code

19    Section 226(e), reasonable attorney's fees and costs of suit.

20                    **VI.    SIXTH CAUSE OF ACTION**

21   **FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT, IN**

22           **VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

23       **(As Against all Defendants and DOE Defendants by the Waiting Time Class)**

24        83.    Plaintiff hereby incorporates by reference the paragraphs above, as if fully set herein.

25        84.    At all relevant times, Plaintiff and the members of the Waiting Time Class were

26    employees of Defendants covered by Labor Code Sections 201 or 202.

27        85.    Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Waiting

28    Time Class were entitled upon separation of employment to timely payment of all wages earned and

unpaid prior to separation of employment.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

86.     Defendants failed to pay Plaintiff and members of the Waiting Time Class all wages earned and unpaid prior to separation in accordance with Labor Code Sections 201 and/or 202. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice which includes and is not limited to failing to pay at least minimum wage for all time worked, failing to pay overtime wages of all overtime hours worked, and failing to pay premium wages for all non-compliant meal and rest periods.

87.     Defendants' failure to pay Plaintiff and members of the Waiting Time Class all wages earned prior to separation timely in accordance with Labor Code Sections 201 and/or 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation in accordance with Labor Code Sections 201 and/or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 and/or 202. When Defendants failed to pay hourly workers timely upon separation all wages earned prior to separation, Defendants knew what they were doing and intended to do what they did.

88.     Pursuant to Labor Code Sections 201 or 202, Plaintiff and the members of the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants did not pay them.

89.     Pursuant to Labor Code Section 203, Plaintiff and the members of the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation of employment until paid, up to a maximum of 30 days.

90.     As a result of Defendants' conduct, Plaintiff and the members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation of employment.

EXHIBIT A

91.     As a result of Defendants' conduct, Plaintiff and the members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code Section 203.

92.     Pursuant to Labor Code Sections 201, 202, and 203, Plaintiff and members of the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Section 203, interest thereon, reasonable attorney's fees and costs of suit.

## VII.     SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION

### (Against All Defendants and Doe Defendants by the California Class)

93.     Plaintiff hereby incorporates by reference all paragraphs above, as if fully set herein by reference.

94.     The unlawful conduct of Defendants alleged herein constitute unfair competition within the meaning of California Business and Professions Code Section 17200. This unfair conduct includes Defendants' use of policies and procedures which resulted in: failure to pay employees at least at the minimum wage rate for all hours which they worked; failure to pay overtime wages for overtime hours worked; failure to provide legally complaint meal periods and/or pay meal period premium wages; failure to provide legally complaint rest periods and/or pay rest period premium wages; and failure to timely pay employee all earned and unpaid wages due upon separation of employment.

95.     Due to their unfair and unlawful business practices in violation of the California Labor Code, as outline above, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations: to pay employees at least at the minimum wage rate for all hours which they worked; to pay overtime wages for overtime hours worked; to provide legally complaint meal periods and/or pay meal period premium wages; to provide legally complaint rest periods and/or pay rest period premium wages; to provide accurate wage statements; and to timely pay employee all earned and unpaid wages due upon separation of employment..

96.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and members

EXHIBIT A

1    of the Minimum Wage Class, Overtime Class, Meal Period Class, Rest Period Class, Wage Statement

2    Class, and/or Waiting Time Class have suffered injury in fact and lost money or property, as described

3    in more detail above.

4         97.     Pursuant to California Business and Professions Code Section 17203, Plaintiff and

5    members of the Minimum Wage Class, Overtime Class, Meal Period Class, Rest Period Class, Wage

6    Statement Class, and/or Waiting Time Class are entitled to restitution of all wages and other monies

7    rightfully belonging to them that Defendants failed to pay and wrongfully retained by means of their

8    unlawful and unfair business practices.

9         98.     Plaintiff also seeks an injunction against Defendants on behalf of the California Class

10    enjoining them, and any and all persons acting in concert with them, from engaging in each of the

11    unlawful practices, policies and patterns set forth herein.

12         99.     Plaintiff also seeks attorneys' fees and costs of suit, including but not limited to that

13    recoverable under California Code of Civil Procedure Section 1021.5.

14                           **PRAYER FOR RELIEF**

15       **WHEREFORE, PLAINTIFF ON HIS OWN BEHALF AND ON BEHALF OF THOSE**

16    **SIMILARLY-SITUATED, PRAYS AS FOLLOWS:**

17       **ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH**

18    **CAUSES OF ACTION:**

19         1.     That the Court determine that this action may be maintained as a class action (for the

20    entire California Class and/or any and all of the specified sub-classes) pursuant to California Code of

21    Civil Procedure section 382 and any other applicable law;

22         2.     That the named Plaintiff be designated as class representative for the California Class

23    (and all sub-classes thereof);

24         3.     A declaratory judgment that the practices complained herein are unlawful; and,

25         4.     An injunction against Defendants enjoining them, and any and all persons acting in

26    concert with them, from engaging in each of the unlawful practices, policies and patterns set forth

27    herein.

28    ///

EXHIBIT A

## ON THE FIRST CAUSE OF ACTION:

1.    That Defendants be found to have violated the minimum wage provisions of the California Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

2.    For damages, according to proof, including but not necessarily limited to unpaid wages;

3.    For any and all legally applicable penalties;

4.    For liquidated damages pursuant to California Labor Code Section 1194.2;

5.    For pre-judgment interest, including but not limited to that recoverable under California Labor Code Section 1194, and post-judgment interest;

6.    For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code Section 1194;

7.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE SECOND CAUSE OF ACTION:

1.    That Defendants be found to have violated the overtime provisions of the California Labor Code and the Wage Order as to Plaintiff and the Overtime Class;

2.    For damages, according to proof, including but not necessarily limited to unpaid wages;

3.    For any and all legally applicable penalties;

4.    For pre-judgment interest, including but not limited to that recoverable under California Labor Code Section 1194, and post-judgment interest;

5.    For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code Section 1194; and,

6.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE THIRD CAUSE OF ACTION:

1.    That the Defendants be found to have violated the meal period provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff, the Meal Period Class;

EXHIBIT A

2.      For damages, according to proof, including unpaid wages;

3.      For any and all legally applicable penalties;

4.      For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and

5.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE FOURTH CAUSE OF ACTION:

1.      That the Defendants be found to have violated the rest period provisions of the Labor Code and the IWC Wages Orders as to Plaintiff and the Rest Period Class;

2.      For damages, according to proof, including unpaid wages;

3.      For any and all legally applicable penalties;

4.      For pre-judgment interest, including but not limited to that recoverable under Labor Code Section 218.6, and post-judgment interest; and

5.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE FIFTH CAUSE OF ACTION:

1.      That the Defendants be found to have violated the provisions of the Labor Code regarding proper itemized paystubs as to Plaintiff and the Wage Statement Class;

2.      For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code Section 226(e) and any other legally applicable damages or penalties;

3.      For pre-judgment interest and post-judgment interest;

4.      For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code Section 226(e); and

5.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE SIXTH CAUSE OF ACTION:

1.      That the Defendants be found to have violated the provisions of the Labor Code

EXHIBIT A

1    regarding payment of wages due upon resignation or termination as to Plaintiff and the Waiting Time

2    Class;

3          2.      For damages and/or penalties, according to proof, including damages and/or statutory

4    penalties under Labor Code Section 203 and any other legally applicable damages or penalties;

5          3.      For pre-judgment interest, including under Labor Code Section 218.6, and post-

6    judgment interest; and

7          4.      For such and other further relief, in law and/or equity, as the Court deems just or

8    appropriate.

9                            **ON THE SEVENTH CAUSE OF ACTION:**

10         1.      That the Defendants be found to have violated Business and Professions Code Section

11   17200 for the conduct alleged herein as to Plaintiff and all Classes;

12         2.      A declaratory judgment that the practices complained herein are unlawful;

13         3.      An injunction against Defendants enjoining them, and any and all persons acting in

14   concert with them, from engaging in each of the unlawful practices, policies and patterns set forth

15   herein;

16         4.      For restitution to the full extent permitted by law; and

17         5.      For such and other further relief, in law and/or equity, as the Court deems just or

18   appropriate.

19

20   Dated: March 13, 2020              Respectfully submitted,
                                        **LAVI & EBRAHIMIAN, LLP**
21
22                                      By: _____
                                            Joseph Lavi, Esq.
23                                          Vincent C. Granberry, Esq.
                                            Anwar D. Burton, Esq.
24
25                                          Attorneys for PLAINTIFF, KENNETH
                                            TAYLOR and Other Class Members
26
27
28

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
26

**EXHIBIT A**

1

## DEMAND FOR JURY TRIAL

2      PLAINTIFF KENNETH TAYLOR hereby demands a trial by jury for himself and the

3   California Class on all claims so triable.

4

5   Dated:  March 13, 2020                      Respectfully submitted,

6                                              **LAVI & EBRAHIMIAN, LLP**

7                                       By: _____
                                             Joseph Lavi, Esq.
8                                            Vincent C. Granberry, Esq.
                                             Anwar D. Burton, Esq.
9

10                                           Attorneys for PLAINTIFF, KENNETH
                                             TAYLOR and Other Class Members
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Joseph Lavi, Esq. (SBN 209776); James Yoo, Esq. (SBN 310680)
LAVI & EBRAHIMIAN, LLP
8889 West Olympic Boulevard, Suite 200
Beverly Hills, CA, 90211
TELEPHONE NO.: (310) 432-0000   FAX NO.: (310) 432-0001
ATTORNEY FOR *(Name):* Kenneth Taylor, and others similarly situated

**FOR COURT USE ONLY**

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**MAR 16 2020**

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME:
Taylor vs. Michael Kors, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | **20STCV10276** |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 7: LC 201-203;226.7;510;512;1194;1194.2;1197; B&P 17200
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 13, 2020
Anwar D. Burton, Esq.
_____
(TYPE OR PRINT NAME)

▶ *Anwar Burton*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

**EXHIBIT A**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. . A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
   Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
         Wrongful Death
   Product Liability *(not asbestos or
      toxic/environmental)* (24)
   Medical Malpractice (45)
      Medical Malpractice–
         Physicians & Surgeons
      Other Professional Health Care
         Malpractice
   Other PI/PD/WD (23)
      Premises Liability (e.g., slip
         and fall)
      Intentional Bodily Injury/PD/WD
         (e.g., assault, vandalism)
      Intentional Infliction of
         Emotional Distress
      Negligent Infliction of
         Emotional Distress
      Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
   Business Tort/Unfair Business
      Practice (07)
   Civil Rights (e.g., discrimination,
      false arrest) *(not civil
      harassment)* (08)
   Defamation (e.g., slander, libel)
      (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
         *(not medical or legal)*
   Other Non-PI/PD/WD Tort (35)
**Employment**
   Wrongful Termination (36)
   Other Employment (15)

**Contract**
   Breach of Contract/Warranty (06)
      Breach of Rental/Lease
         Contract *(not unlawful detainer
            or wrongful eviction)*
      Contract/Warranty Breach–Seller
         Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/
         Warranty
      Other Breach of Contract/Warranty
   Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections
         Case
   Insurance Coverage *(not provisionally
      complex)* (18)
      Auto Subrogation
      Other Coverage
   Other Contract (37)
      Contractual Fraud
      Other Contract Dispute
**Real Property**
   Eminent Domain/Inverse
      Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent
         domain, landlord/tenant, or
         foreclosure)*
**Unlawful Detainer**
   Commercial (31)
   Residential (32)
   Drugs (38) *(if the case involves illegal
      drugs, check this item; otherwise,
      report as Commercial or Residential)*
**Judicial Review**
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court
         Case Matter
      Writ–Other Limited Court Case
         Review
   Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor
         Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Environmental/Toxic Tort (30)
   Insurance Coverage Claims
      *(arising from provisionally complex
      case type listed above)* (41)
**Enforcement of Judgment**
   Enforcement of Judgment (20)
      Abstract of Judgment (Out of
         County)
      Confession of Judgment *(non-
         domestic relations)*
      Sister State Judgment
      Administrative Agency Award
         *(not unpaid taxes)*
      Petition/Certification of Entry of
         Judgment on Unpaid Taxes
      Other Enforcement of Judgment
         Case
**Miscellaneous Civil Complaint**
   RICO (27)
   Other Complaint *(not specified
      above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-
         harassment)*
      Mechanics Lien
      Other Commercial Complaint
         Case *(non-tort/non-complex)*
      Other Civil Complaint
         *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
   Partnership and Corporate
      Governance (21)
   Other Petition *(not specified
      above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
         Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late
         Claim
      Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT A

| SHORT TITLE: Taylor vs. Michael Kors, Inc., et al. | CASE NUMBER 20STCV10276 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**BY FAX**

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above. |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

EXHIBIT A

| SHORT TITLE: Taylor vs. Michael Kors, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**EXHIBIT A**

| SHORT TITLE: Taylor vs. Michael Kors, Inc., et al. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

EXHIBIT A

| SHORT TITLE: Taylor vs. Michael Kors, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☒ 1. ☒ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 3777 Workman Mill Rd. |
|---|---|

| CITY: Whittier | STATE: CA | ZIP CODE: 90601 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: March 20, 2020

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT A

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**03/16/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ I. Lovo _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV10276 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | William F. Highberger | 10 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/16/2020
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By I. Lovo _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
EXHIBIT A

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
**EXHIBIT A**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11

**EXHIBIT A**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**EXHIBIT A**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  | i |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   <div align="center">(INSERT DATE)                                                    (INSERT DATE)</div>
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

**EXHIBIT A**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

EXHIBIT A

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

EXHIBIT A

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:

    ☐   Request for Informal Discovery Conference
    ☐   Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4.  **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

**EXHIBIT A**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 1 of 2

**EXHIBIT A**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

> _____
(TYPE OR PRINT NAME)        (ATTORNEY FOR PLAINTIFF)

Date: _____

> _____
(TYPE OR PRINT NAME)        (ATTORNEY FOR DEFENDANT)

Date: _____

> _____
(TYPE OR PRINT NAME)        (ATTORNEY FOR DEFENDANT)

Date: _____

> _____
(TYPE OR PRINT NAME)        (ATTORNEY FOR DEFENDANT)

Date: _____

> _____
(TYPE OR PRINT NAME)        (ATTORNEY FOR _____ )

Date: _____

> _____
(TYPE OR PRINT NAME)        (ATTORNEY FOR _____ )

Date: _____

> _____
(TYPE OR PRINT NAME)        (ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

EXHIBIT A

 Superior Court of California, County of Los Angeles

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

EXHIBIT A

## How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

- **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
   - o  Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/.
- • Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
   - o  Free, day- of- trial mediations at the courthouse. No appointment needed.
   - o  Free or low-cost mediations before the day of trial.
   - o  For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
      http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

**Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

EXHIBIT A

1   Joseph Lavi, Esq. (SBN 209776)
    E-Mail: jlavi@lelawfirm.com
2   Vincent C. Granberry, Esq. (SBN 276483)
    E-Mail: vgranberry@lelawfirm.com
3   Anwar D. Burton, Esq. (SBN 253504)
    E-Mail: aburton@lelawfirm.com
4   *LAVI & EBRAHIMIAN, LLP*
    8889 W. Olympic Blvd., Suite 200
5   Beverly Hills, California 90211
    Telephone: (310) 432-0000
6   Facsimile: (310) 432-0001

7   Sahag Majarian II, Esq. (SBN 146621)
    *LAW OFFICE OF SAHAG MAJARIAN II*
8   E-Mail: sahagii@aol.com
    18250 Ventura Boulevard
9   Tarzana, California 91356

10  Attorneys for PLAINTIFF, KENNETH TAYLOR,
    on behalf of himself and others similarly situated.

11          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12      **FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE**

13

14  KENNETH TAYLOR, on behalf of himself    Case No.: 20STCV10276
    and others similarly situated,

15                                          [Assigned for All Purposes to the Hon. William
        PLAINTIFF,                          F. Highberger, Dept. 10]
16
    vs.
17                                          **CLASS ACTION**
    MICHAEL KORS, INC.; MICHAEL KORS
18  (USA), INC.; MICHAEL KORS STORES        **PLAINTIFF    KENNETH    TAYLOR'S**
    (CALIFORNIA), INC.; MICHAEL KORS        **NOTICE OF COURT ORDER ON NEWLY**
19  RETAIL, INC.; ADECCO USA, INC.; and     **FILED CLASS ACTION AND NOTICE OF**
    DOES 1 to 100, Inclusive,               **INITIAL STATUS CONFERENCE ORDER**
20
        DEFENDANTS.
21

22          **TO THIS HONORABLE COURT, ALL DEFENDANTS, AND THEIR RESPECTIVE**

23  **ATTORNEYS OF RECORD:**

24          PLEASE TAKE NOTICE that the Court has issued a Court Order regarding Newly Filed

25  Class Action. A true and correct copy of the Court's Order is attached as **Exhibit 1**.

26          By this Order, the Court stays the case, except for service of the Summons and Complaint.

27  The stay continues at least until the Initial Status Conference. Initial Status Conference is set for

28  August 11, 2020, at 1:30 p.m. in Department 10 of the Los Angeles Superior Court, Spring Street

    PLAINTIFF KENNETH TAYLOR'S NOTICE OF COURT ORDER ON NEWLY FILED CLASS ACTION
                AND NOTICE OF INITIAL STATUS CONFERENCE ORDER
                                  1

                              EXHIBIT A

Courthouse, located at 312 North Spring Street, Los Angeles, California 90012. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date.

PLEASE TAKE FURTHER NOTICE that the Court has issued an Initial Status Conference Order. A true and correct copy of the Court's Initial Status Conference Order is attached as **Exhibit 2**.

By this Order, the Court restates that the case is set for an Initial Status Conference on August 11, 2020, at 1:30 p.m. in Department 10 of the Los Angeles Superior Court, Spring Street Courthouse, located at 312 North Spring Street, Los Angeles, California 90012. In addition, the parties are required to file a Joint Initial Status Conference Response Statement five court days before the Initial Status Conference.

Dated:  May 1, 2020

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**


By: *Anwar D. Burton*
   Joseph Lavi, Esq.
   Vincent C. Granberry, Esq.
   Anwar D. Burton, Esq.

   Attorneys for PLAINTIFF
   KENNETH TAYLOR, on behalf of himself
   and Others Similarly Situated.

EXHIBIT A

# "EXHIBIT 1"

EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

### Civil Division

Central District, Spring Street Courthouse, Department 10

**20STCV10276**                                                                                      April 9, 2020
**KENNETH TAYLOR vs MICHAEL KORS, INC., et al.**                                       11:13 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: M. Mata                              ERM: None
Courtroom Assistant: None                             Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 08/11/2020 at 01:30 PM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms: http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**20STCV10276**                                               April 9, 2020
**KENNETH TAYLOR vs MICHAEL KORS, INC., et al.**              11:13 AM

Judge: Honorable William F. Highberger        CSR: None
Judicial Assistant: M. Mata                    ERM: None
Courtroom Assistant: None                      Deputy Sheriff: None

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

Certificate of Mailing is attached.

Minute Order                                                 Page 2 of 2

EXHIBIT A

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp. |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/09/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Mata _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Kenneth Taylor | |
| DEFENDANT/RESPONDENT:<br>Michael Kors, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV10276 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order) of 04/09/2020, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Joseph  Lavi
LAVI & EBRAHIMIAN, LLP
8889 W Olympic Blvd
Suite 200
Beverly Hills, CA  90211

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 04/27/2020

By:  M. Mata
      Deputy Clerk

**CERTIFICATE OF MAILING**

**EXHIBIT A**

# "Exhibit 2"

EXHIBIT A



1
2       CONFORMED COPY
        ORIGINAL FILED
        Superior Court of California
        County of Los Angeles

3       APR 09 2020

4       Sherri R. Carter, Executive Officer/Clerk
        By Cedric Caterio, Deputy

5
6
7                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                          COUNTY OF LOS ANGELES

9                             CENTRAL DISTRICT

10   KENNETH TAYLOR                        Case No.: 20STCV10276

11              Plaintiff,                 INITIAL STATUS CONFERENCE ORDER
                                           (COMPLEX LITIGATION PROGRAM)
12
        vs.                                Case Assigned for All Purposes to
13                                         Judge William F. Highberger

14   MICHAEL KORS, INC.
                                           Department:  10
15              Defendant,                 Date: August 11, 2020
                                           Time: 1:30 p.m.
16

17

18

19          This case has been assigned for all purposes to Judge William F. Highberger in the

20   Complex Litigation Program.  An Initial Status Conference is set for August 11, 2020 at 1:30 p.m.

21   in Department 10 located in the Los Angeles Superior Court at the United States Court House on

22   312 North Spring Street, Los Angeles, CA 90012.   Counsel for all parties are ordered to attend.

23          The court orders counsel to prepare for the Initial Status Conference by identifying and

24   discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

25   initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

26   agree, as much as possible, on a case management plan.  To this end, counsel must file a Joint

27

28

                    INITIAL STATUS CONFERENCE ORDER (CLASS ACTION)

                                    EXHIBIT A

Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference.  The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the use the Judicial Council Form CM-110 (Case Management Statement).

     **1.  PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

     **2.  POTENTIAL ADDITIONAL PARTIES:**  Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added.  Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

     **3.  IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

     **4.  ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain.  No prejudice will attach to these responses.

     **5.  ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

     **6.  OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the

-2-

EXHIBIT A

docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan,

-3-

**EXHIBIT A**

summarize each side's views on discovery.   The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**12.  INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**13.  ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14.  TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15.  ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service.

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor.  If parties cannot agree, the court will select the vendor at the Initial Status Conference.  Electronic

---

[1] See California Rule of Court, Rule 3.768.

-4-

EXHIBIT A

service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement–** Plaintiff(s) must address the issue of any fee splitting agreement  in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by Mark v. Spencer (2008) 166 Cal.App.4th 219.

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, *__these proceedings are stayed in their entirety__*. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the

---

[2] California Rule of Court, Rule 3.770(a)

-5-

**EXHIBIT A**

1  orderly management of these cases.  This stay does not preclude the parties from informally

2  exchanging documents that may assist in their initial evaluation of the issues presented in this

3  case, however it stays all outstanding discovery requests.

4      Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along

5  with a copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class

6
   Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within
7
   five (5) days of service of this order. If any defendant has not been served in this action, service is
8

9  to be completed within twenty (20) days of the date of this order.

10     If all parties have been served, have conducted the required meet and confer, and are ready

11  to fully participate in the status conference prior to the assigned date, counsel may contact the

12  clerk of Department 10 and request an earlier date for the Initial Status Conference.

13

14     Dated:

15                                   WILLIAM F. HIGHBERGER
16

17     _____
                                    Judge William F. Highberger
18

19

20

21

22

23

24

25

26

27

28
                                    -6-

**EXHIBIT A**

| TAYLOR, K. v. MICHAEL KORS, INC. | CASE NO. 20STCV10276 |
|---|---|

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On May 1, 2020, I served the foregoing documents, described as:

1.   **"PLAINTIFF KENNETH TAYLOR'S NOTICE OF COURT ORDER ON NEWLY FILED CLASS ACTION AND NOTICE OF INITIAL STATUS CONFERENCE ORDER"**

on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| Defendant: | Defendant: |
|---|---|
| **MICHAEL KORS, INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 | **MICHAEL KORS, (USA) INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 |
| Defendant: | Defendant: |
| **MICHAEL KORS STORES (CALIFORNIA), INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 | **MICHAEL KORS RETAIL, INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 |
| Defendant:<br><br>**ADECCO USA, INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 | |

☒   **(BY MAIL)** As follows:

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐   **(BY ELECTRONIC MAIL)** I sent such document via facsimile mail to the number(s) noted above.

PROOF OF SERVICE
1

**EXHIBIT A**

☒    (STATE) I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed May 1, 2020, at Beverly Hills, California.

_____

J. César Flores

**EXHIBIT A**

# EXHIBIT B

 **CT Corporation**

**Service of Process Transmittal**
05/04/2020
CT Log Number 537625040

| | |
|---|---|
| **TO:** | Jennifer Rodriguez, Counsel, Labor and Employment<br>Michael Kors<br>11 West 42nd Street, 29th Floor<br>New York, NY 10036 |
| **RE:** | **Process Served in California** |
| **FOR:** | MICHAEL KORS STORES (CALIFORNIA) INC.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KENNETH TAYLOR, on behalf of himself and others similarly situated, Pltf. vs. MICHAEL KORS, INC., et al., Dfts. // To: MICHAEL KORS STORES (CALIFORNIA), INC. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV10276 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/04/2020 at 13:09 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780121532175<br><br>Image SOP<br><br>Email Notification,  Krista McDonough  krista.mcdonough@michaelkors.com<br><br>Email Notification,  Jennifer Rodriguez  jennifer.rodriguez@michaelkors.com<br><br>Email Notification,  NA'ASIA COBB  naasia.cobb@capriholdings.com<br><br>Email Notification,  NATALIE NEWMAN  natalie.newman@capriholdings.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Page 1 of  1 / TG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT B

4-4-20 18:57p

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MICHAEL KORS, INC.; MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.;

MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KENNETH TAYLOR, on behalf of himself and others similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 16 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Los Angeles Superior Court - Central District
*(El nombre y dirección de la corte es):* 111 N. Hill St.
Los Angeles, CA 90012

CASE NUMBER
*(Número del Caso):* 20STCV10276

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776); Anwar D. Burton, Esq. (SBN 253504)
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd. Suite 200; Beverly Hills, California 90211; Tel.: (310) 432-0000 Fax: (310) 432-0001

DATE: MAR 16 2020      SHERRI R. CARTER      Clerk, by  Isaac Lovo  , Deputy
*(Fecha)*      *(Secretario)*      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* MICHAEL KORS STORES (CALIFORNIA), INC.

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☑ other *(specify):* FORM UNKNOWN
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 1 6 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MICHAEL KORS, INC.; MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.;

MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 to 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KENNETH TAYLOR, on behalf of himself and others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Los Angeles Superior Court - Central District *(El nombre y dirección de la corte es):* 111 N. Hill St. Los Angeles, CA 90012 | CASE NUMBER *(Número del Caso):* **20STCV10276** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776); Anwar D. Burton, Esq. (SBN 253504)
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd. Suite 200; Beverly Hills, California 90211; Tel.: (310) 432-0000 Fax: (310) 432-0001

| DATE: *(Fecha)* | MAR 1 6 2020 | SHERRI R. CARTER | Clerk, by *(Secretario)* I. Sarc Lav | , Deputy *(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

EXHIBIT B

Joseph Lavi, Esq. (State Bar No. 209776)
E-Mail: jlavi@lelawfirm.com
Vincent C. Granberry, Esq. (State Bar No. 276483)
E-Mail: vgranberry@lelawfirm.com
Anwar D. Burton, Esq. (State Bar No. 253504)
E-Mail: aburton@lelawfirm.com
*LAVI & EBRAHIMIAN, LLP*
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Sahag Majarian II, Esq. (State Bar No. 146621)
**LAW OFFICE OF SAHAG MAJARIAN II**
E-Mail: sahagii@aol.com
18250 Ventura Boulevard
Tarzana, California 91356

Attorneys for PLAINTIFF, KENNETH TAYLOR,
on behalf of himself and others similarly situated.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 1 6 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By: Isaac Lovo, Deputy

**BY FAX**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

**20STCV10276**

KENNETH TAYLOR, on behalf of himself and others similarly situated,

    PLAINTIFF,

vs.

MICHAEL KORS, INC.; MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.; MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 to 100, Inclusive,

    DEFENDANTS.

Case No.:

**CLASS ACTION**

**PLAINTIFF KENNETH TAYLOR'S COMPLAINT FOR DAMAGES AND RESTITUTION AND FOR:**

1.   **FAILURE TO PAY WAGES FOR ALL TIME WORKED AT MINIMUM WAGE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

2.   **FAILURE TO PAY PROPER OVERTIME WAGES FOR DAILY OVERTIME HOURS WORKED AND ALL HOURS WORKED IN VIOLATION OF LABOR CODE SECTIONS 510, 1194, AND 1198**

3.   **FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7**

4.   **FAILURE TO AUTHORIZE OR PERMIT REST PERIODS IN**

PLAINTIFF'S COMPLAINT FOR DAMAGES
1

EXHIBIT B

VIOLATION OF LABOR CODE
SECTION 226.7

5.   FAILURE TO PROVIDE
COMPLETE AND ACCURATE
WAGE STATEMENTS IN
VIOLATION OF LABOR CODE
SECTION 226

6.   FAILURE TO TIMELY PAY ALL
EARNED WAGES AND FINAL
PAYCHECKS DUE AT TIME OF
SEPARATION OF EMPLOYMENT
IN VIOLATION OF LABOR CODE
SECTIONS 201, 202, AND 203

7.   UNFAIR BUSINESS PRACTICES,
IN VIOLATION OF BUSINESS
AND PROFESSIONS CODE
SECTION 17200, et seq.

DEMAND FOR JURY TRIAL

   **COMES NOW** Plaintiff KENNETH TAYLOR ("Plaintiff"), who alleges and complains against Defendant MICHAEL KORS, INC.; MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.; MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 to 100, Inclusive, (collectively "Defendants") as follows:

I.   **INTRODUCTION**

   1.   This is a class action lawsuit seeking unpaid wages and interest thereon due to Defendants' failure to pay for all hours worked at minimum wage and overtime hours worked at the overtime rate of pay; failure to authorize or permit legally compliant meal periods; failure to authorize or permit legally compliant rest periods; statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; injunctive relief and other equitable relief; reasonable attorney's fees pursuant to California Labor Code sections 226(e) and 1194; costs; and interest brought on behalf of Plaintiff and others similarly situated.

II.   **JURISDICTION AND VENUE**

   2.   This Court has jurisdiction over Plaintiff's and the Class Members' claims Defendants' failure to pay for all hours worked at minimum wage and overtime hours worked at the overtime rate

EXHIBIT B

of pay; failure to authorize or permit legally compliant meal periods; failure to authorize or permit legally compliant rest periods; statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; and claims for restitution under Business & Professions Code section 17200 *et seq.* because Defendants employed putative class members, non-exempt operations employees, in locations throughout California including but not limited to Los Angeles County, where the alleged injuries occurred at 3777 Workman Mill Rd., Whittier, CA 90601.

**III.    PARTIES**

3.      Plaintiff brings this action on behalf of himself and other members of the general public similarly-situated. The named Plaintiff and the class of persons on whose behalf this action is filed are current, former and/or future employees of Defendants who work as hourly non-exempt employees.

4.      Defendants employed Plaintiff as an hourly, non-exempt employee until in or around June 12, 2019.

5.      Plaintiff is informed and believes and, on that basis, alleges that Defendants employed Plaintiff and other hourly, non-exempt employees throughout the State of California and therefore its conduct forms a significant basis of the claims asserted in this matter.

6.      Plaintiff is informed and believes and thereon alleges that Defendant MICHAEL KORS, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 1 - 10 are, and at all times relevant hereto were persons acting on behalf of Defendant MICHAEL KORS, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant MICHAEL KORS, INC. operates in Los Angeles County and employed Plaintiff and other putative class members in Los Angeles County at its business located at 3777 Workman Mill Rd., Whittier, CA 90601. Defendant MICHAEL KORS, INC. is identified on Plaintiff's and putative class members' earnings statements.

7.      Plaintiff is informed and believes and thereon alleges that Defendant MICHAEL KORS (USA), INC. is authorized to do business within the State of California and is doing business

**EXHIBIT B**

in the State of California and/or that Defendants DOES 11 - 20 are, and at all times relevant hereto were persons acting on behalf of Defendant MICHAEL KORS (USA), INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant MICHAEL KORS (USA), INC. operates in Los Angeles County and employed Plaintiff and other putative class members in Los Angeles County at its business located at 3777 Workman Mill Rd., Whittier, CA 90601.

8.      Plaintiff is informed and believes and thereon alleges that Defendant MICHAEL KORS STORES (CALIFORNIA), INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 21 - 30 are, and at all times relevant hereto were persons acting on behalf of Defendant MICHAEL KORS STORES (CALIFORNIA), INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant MICHAEL KORS STORES (CALIFORNIA), INC. operates in Los Angeles County and employed Plaintiff and other putative class members in Los Angeles County at its business located at 3777 Workman Mill Rd., Whittier, CA 90601.

9.      Plaintiff is informed and believes and thereon alleges that Defendant MICHAEL KORS RETAIL, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 31 - 40 are, and at all times relevant hereto were persons acting on behalf of Defendant MICHAEL KORS RETAIL, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant MICHAEL KORS RETAIL, INC. operates in Los Angeles County and employed Plaintiff and other putative class members in Los Angeles County at its business located at 3777 Workman Mill Rd., Whittier, CA 90601. Defendant MICHAEL KORS RETAIL, INC. is identified on Plaintiff's and putative class members' earnings statements.

10.      Plaintiff is informed and believes and thereon alleges that Defendant ADECCO USA, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 41 - 50 are, and at all times relevant hereto were persons acting on behalf of Defendant ADECCO USA, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant ADECCO USA, INC. operates

EXHIBIT B

in Los Angeles County and employed Plaintiff and other putative class members in Los Angeles County at its business located at 3777 Workman Mill Rd., Whittier, CA 90601. Defendant ADECCO USA, INC. is identified on Plaintiff's and putative class members' earnings statements.

11. Plaintiff are informed and believes and thereon alleges that Defendants DOES 51 - 100 are individuals unknown to Plaintiff. Each of the individual Defendants is sued individually in his or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent contractor and/or employee of each Defendant and participated in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies.

12. Plaintiff are unaware of the true names of Defendants DOES 1 through 100. Plaintiff sue said Defendants by said fictitious names and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff are informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this complaint.

13. Plaintiff is informed, believes, and thereon alleges that at all relevant times, each defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff are further informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants. As used in this complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes MICHAEL KORS, INC.; MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.; MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 to 100, inclusive.

14. At all times mentioned herein, each Defendant was the co-conspirator, agent, servant,

EXHIBIT B

employee, and/or joint venturer of each of the other defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

15.     Plaintiff make the allegations in this complaint without any admission that, as to any particular allegation, Plaintiff bear the burden of pleading, proving, or persuading and Plaintiff reserve all of Plaintiff' rights to plead in the alternative.

## IV.     DESCRIPTION OF ILLEGAL PAY PRACTICES

16.     Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order ("Wage Order"), codified at California Code of Regulations title 8, section 11040, Defendants are employers of Plaintiff within the meaning of the applicable Wage Order and applicable California Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the California Labor Code.

17.     **Failure to pay wages for all hours worked at the legal minimum wage**: Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

18.     California Labor Code sections 1194 and 1197 require an employer to compensate employees for all "hours worked" at least at a minimum wage rate of pay as established by the Industrial Welfare Commission ("IWC") and the Wage Orders.

19.     Plaintiff and similarly situated employees worked more minutes per shift than Defendants credited them with having worked.  Specifically, Plaintiff maintains that he and other similarly situated employees were required to go through security checks and/or bag checks after clocking out for meal periods, during rest periods, and at the end of their shift without being paid for that time.

20.     Defendants' policy, practice, and/or procedure resulted in time each day in which

EXHIBIT B

1   Plaintiff and similarly situated employees are subject to the control of employers' without being

2   compensated for that time.

3       21.    Despite the fact that California law requires employers to pay employees for all hours

4   worked at least at a minimum wage rate, Defendants required Plaintiff and similarly situated

5   employees to work off-the-clock as described above, resulting in Plaintiff and similarly situated

6   employees working time each day for which they were not compensated any wages, in violation of

7   California Labor Code sections 1194, 1197, and the Wage Orders.

8       22.    **Failure to pay wages for all hours worked in excess of eight hours per day at the**

9   **employees' overtime rate of pay:** As described above, Defendants' policies, practices, and

10  procedures resulted in time each workday where Plaintiff and similarly situated employees were

11  under the control of Defendants but were not compensated for that time.

12      23.    California Labor Code sections 510 and 1194 require an employer to compensate

13  employees a higher rate of pay for hours worked in excess of eight hours in a workday:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

19  (Cal. Lab. Code §510.)

20      24.    Despite that California law requires employers to pay employees a higher rate of pay

21  for all hours worked more than 8 hours in a workday and 40 hours in a workweek, Defendants failed

22  to pay Plaintiff and similarly situated employees overtime wages due them for their daily overtime

23  hours worked.

24      25.    Plaintiff and similarly situated employees worked more minutes per shift than

25  Defendants credited them with having worked. Specifically, Plaintiff maintains that he and other

26  similarly situated employees were required to go through security checks and/or bag checks after

27  clocking out for meal periods, during rest periods and at the end of their shift without being paid for

28  that time.

**EXHIBIT B**

26.     The foregoing resulted in time during each workday which Plaintiff and similarly situated employees were under control of Defendants, but were not compensated at their overtime rate of pay when they worked more than eight hours in a day or 40 hours in a week, in violation of Labor Code sections 510, 1194, and the Wage Order.

27.     **Failure to pay hourly employees wages to compensate them for workdays Defendants failed to provide required meal periods:** California law requires an employer to authorize or permit an employee an uninterrupted meal period of no less than 30-minutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities prior to the employee's sixth hour of work. Cal. Lab. Code §§ 226.7, 512; Wage Order 4-2001, 11; *Brinker Rest. Corp. v. Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second such meal period of not less than 30 minutes prior to the start of the eleventh hour of work. *Id.* If the employee is not relieved of all duty during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when: (1) the nature of the work prevents an employee from being relieved of all duty; and (2) the parties have a written agreement agreeing to on duty meal periods. If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of pay for each workday that a legally required meal period was not timely provided or was not duty-free. *Id.*

28.     During the four years prior to the filing of the complaint, Plaintiff and similarly situated employees regularly worked shifts of more than 5 hours in length. Nevertheless, Plaintiff and similarly situated employees were not given a duty-free meal period because Defendants maintain a policy, practice, and/or procedure whereby Defendants require Plaintiff and similarly situated employees to go through security checks and/or bag checks after clocking out for meal periods.

29.     Defendants also regularly failed to pay Plaintiff and similarly situated employees one hour of pay at their regular rate of pay for each workday Plaintiff and similarly situated employees did not receive all legally compliant meal periods.

///

EXHIBIT B

30.     This practice resulted in Plaintiff and similarly situated employees not receiving wages to compensate them for workdays during which Defendants did not provide them with legally compliant meal periods in compliance with California law.

31.     **Failure to pay hourly employees wages to compensate them for workdays Defendants failed to provide required rest periods:** California law requires an employer to provide an employee a rest period of ten (10) net minutes for every four hours worked, "which insofar as practicable shall be in the middle of each work period." Cal. Lab. Code §226.7; Wage Order 4. Thus, employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts between six and ten hours in length, 30 minutes for shifts between 10 and 14 hours in length, and so on. *See Brinker, supra.* If the employer fails to provide a required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday the employer did not provide all legally required rest periods. *Id.*

32.     During the four years prior to the filing of the complaint, Plaintiff and similarly situated employees regularly worked shifts of more than 3.5 hours. Nevertheless, Plaintiff and similarly situated employees were not given an uninterrupted 10-minute rest period for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, or 30 minutes for shifts of more than 10 hours up to 14 hours because Defendants' policy required Plaintiff and similarly situated employees to go through security checks and/or bag checks during their rest breaks.

33.     Defendants also regularly failed to pay employees one hour of pay at their regular rate of pay for each workday Plaintiff and similarly situated employees did not receive all timely and legally compliant rest periods.

34.     This practice resulted in Plaintiff and similarly situated employees not receiving wages to compensate them for workdays which Defendants did not provide them with rest periods in compliance with California law.

35.     **Pay Stub Violations:** California Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the

**EXHIBIT B**

employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

36.     Defendants failed to provide accurate wage and hour statements to Plaintiff and similarly situated employees who were subject to Defendants' control for uncompensated time and who did not receive the wages they earned (including minimum wages, overtime wages, as well as failure to pay premium wages for missed meal and rest periods).

37.     **Failure to Pay California Employees All Wages Due at Time of Termination/Resignation**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (California Labor Code section 201) or within 72 hours of resignation (California Labor Code section 202).

38.     Because Defendants failed to pay Plaintiff and similarly situated employees all their earned wages (including minimum wages, overtime wages, as well as unpaid meal and rest period premium wages), Defendants failed to pay those employees timely after each employee's termination and/or resignation.

## V.     CLASS DEFINITIONS AND CLASS ALLEGATIONS

39.     Plaintiff bring this action on behalf of himself, on behalf of all others similarly situated, and on behalf of the General Public, and as a member of a Class defined as follows:

A.     **Minimum Wage Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who were not paid at least at minimum wage for all time they were subject to Defendants' control.

EXHIBIT B

B.      **Overtime Class:** All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked more than eight in a day to whom Defendants did not pay overtime wages.

C.      **Meal Period Class:** All current and former non-exempt, hourly employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked shifts greater than 5 hours in a workday and did not receive wages to compensate them for missed meal periods, late meal periods, and/or short meal periods.

D.      **Rest Period Class:** All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked at least three and one-half (3.5) or more hours in day who did not receive required rest periods of ten net minutes rest time for every four hours worked between three and one-half and six hours, six and ten hours, or ten and fourteen hours.

E.      **Wage Statement Class:** All current and former hourly non-exempt employees employed by Defendants in California at any time within the one year prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.

F.      **Waiting Time Class:** All current and former hourly non-exempt employees employed by Defendants in California at any time within the three years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who did not receive payment of all unpaid wages upon separation of employment within the statutory time period.

G.      **California Class:** All aforementioned classes are here collectively referred to as the "California Class."

40.     There is a well-defined community of interest in the litigation and the classes are ascertainable:

A.      **Numerosity:** While the exact number of class members in each class is

EXHIBIT B

unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

        B.    **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

        i.    Whether Defendants violated California Labor Code sections 1194 and 1197 by not paying employees' wages at a minimum wage rate for all time that the Minimum Wage Class Members were subject to Defendants' control but were not paid;

        ii.    Whether Defendants violated California Labor Code sections 510 and 1194 by not paying the Overtime Class for workdays worked in excess of eight hours as a result of not paying the Class Members for all hours worked in a workday;

        iii.    Whether Defendants violated California Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing Meal Period Class Members without providing all their required meal periods or paying meal period premium wages;

        iv.    Whether Defendants violated the Wage Order and California Labor Code section 226.7 and the applicable Wage Order by employing Rest Period Class Members without providing all their required rest periods or paying rest period premium wages;

        v.    Whether Defendants failed to provide the Wage Statement Class Members with accurate itemized statement at the time they received their itemized statements;

        vi.    Whether Defendants failed to provide the Waiting Time Class Members with all of their earned wages upon separation of employment within the statutory time period;

        vii.    Whether Defendants committed unlawful business acts or practice within the meaning of Business and Professions Code section 17200 *et seq.*;

        viii.    Whether Class Members are entitled to unpaid wages, penalties and other relief pursuant to their claims;

        ix.    Whether, as a consequence of Defendant's unlawful conduct, the Class

EXHIBIT B

1    Members are entitled to restitution, and/or equitable relief; and

2              x.     Whether Defendant's affirmative defenses, if any, raise any common

3    issues of law or fact as to Plaintiff and as to the Class Members as a whole.

4              C.     **Typicality**: Plaintiff's claims are typical of the claims of the class members in

5    each of the classes.  Plaintiff and the members of the Minimum Wage Class sustained damages arising

6    out of Defendant's failure to pay wages at least at minimum wage for all time the employees were

7    subject to Defendant's control.   Plaintiff and the members of the Overtime Wage Class sustained

8    damages arising out of Defendant's failure to pay overtime wages for overtime hours worked.

9    Plaintiff and the members of the Meal Period Class sustained damages arising out of Defendant's

10   failure to provide employees all legally required meal periods and failure to pay meal period premium

11   wages as compensation.  Plaintiff and the members of the Rest Period Class sustained damages arising

12   out of Defendants' failure to provide employees all legally required rest periods and failure to pay

13   rest period premium wages as compensation. Plaintiff and the members of the Wage Statement Class

14   sustained damages arising out of Defendants' failure to furnish them with accurate itemized wage

15   statements in compliance with California Labor Code section 226.  Plaintiff and the members of the

16   Waiting Time Class sustained damages arising out of Defendants' failure to provide all unpaid yet

17   earned wages due upon separation of employment within the statutory time limit.

18             D.     **Adequacy of Representation**: Plaintiff will fairly and adequately protect the

19   interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the

20   other class members.

21             E.     **Superiority**:  A class action is superior to other available means for the fair

22   and efficient adjudication of this controversy. Because individual joinder of all members of each class

23   is impractical, class action treatment will permit a large number of similarly situated persons to

24   prosecute their common claims in a single forum simultaneously, efficiently, and without the

25   unnecessary duplication of effort and expense that numerous individual actions would engender. The

26   expenses and burdens of individual litigation would make it difficult or impossible for individual

27   members of each class to redress the wrongs done to them, while important public interests will be

28   served by addressing the matter as a class action. The cost to and burden on the court system of

**EXHIBIT B**

adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.

        F.     **Public Policy Consideration:** Employers throughout the state violate wage and hour laws. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees fear bringing actions because they perceive their former employers can blacklist them in their future endeavors with negative references and by other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for vindication of their rights.

<h2 style="text-align:center">I.    <u>FIRST CAUSE OF ACTION</u></h2>

**FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

**(As Against all Defendants and DOE Defendants by the Minimum Wage Class)**

41.    Plaintiff hereby incorporates the paragraphs above, as if fully set herein by reference.

42.    At all times relevant to this Complaint, Plaintiff and the members of the Minimum Wage Class were hourly non-exempt employees of Defendant.

43.    Pursuant to Labor Code sections 1194, 1197, and Wage Orders, Plaintiff and the Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

44.    Defendants' payroll policies and procedures required Plaintiff and members of the Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to Defendants' control.

45.    Specifically, Plaintiff maintains that he and other members of the Minimum Wage Class were required to go through security checks and/or bag checks after clocking out for meal periods, during rest periods, and at the end of their shift without being paid for that time.

46.    As a result of Defendants' unlawful conduct, Plaintiff and members of the of the Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they

were not paid wages at a minimum wage rate for all hours worked.

47.     Pursuant to California Labor Code Sections 1194 and 1194.2, Plaintiff and the members of the Minimum Wage Class members are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys' fees and costs.

## II.    SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES, IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 510, 1194 AND 1198

**(As Against all Defendants and DOE Defendants by the Overtime Class)**

48.     Plaintiff hereby incorporates the paragraphs above, as if fully set herein by reference.

49.     At times relevant to this Complaint, Plaintiff and the members of the Overtime Class were hourly non-exempt employees of Defendants, covered by California Labor Code sections 510 and 1194 and the Wage Order.

50.     Pursuant to California Labor Code sections 510 and 1194 and the Wage Order, hourly non-exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of eight hours in a workday and/or 40 hours in a workweek.

51.     California Labor Code section 510, subdivision (a), states in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

52.     Further, California Labor Code section 1198 provides

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

EXHIBIT B

53.     Despite that California law requires employers to pay employees a higher rate of pay for all hours worked more than eight hours in a workday, Defendants failed to pay Plaintiff and members of the Overtime Class overtime wages due them for their daily overtime hours worked.

54.     Specifically, Plaintiff maintains that he and members of the Overtime Class were required to go through security checks and/or bag checks after clocking out for meal periods, during rest periods, and at the end of their shift without being paid for that time.

55.     The foregoing resulted in time during each workday which Plaintiff and members of the Overtime Class were under control of Defendants but were not compensated at their overtime rate of pay when they worked more than eight hours in a day or 40 hours in a week.

56.     Pursuant to California Labor Code section 1194, Plaintiff and the Overtime Class members are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest and attorneys' fees and costs.

57.     Pursuant to California Labor Code section 1194, Plaintiff and the members of the Overtime Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest and attorneys' fees and costs.

### III.     THIRD CAUSE OF ACTION

**FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF**

**CALIFORNIA LABOR CODE SECTIONS 512 AND 226.7 AND THE WAGE ORDER**

**(As Against all Defendants and DOE Defendants by the Meal Period Class)**

58.     Plaintiff hereby incorporate the paragraphs above, as if fully set herein by reference.

59.     At all times relevant to this Complaint, Plaintiff and the members of the Meal Period Class were non-exempt employees of Defendants in California and covered by California Labor Code sections 226.7, 512, and the Wage Orders.

60.     California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5-hour work period. (Lab. Code §512; Wage Order 4, subd. 11.) An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the 10th hour of work. (Id.) If an employer fails to provide an employee an

**EXHIBIT B**

uninterrupted, timely meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (Id.)

61.     During the four years prior to the filing of the complaint, Plaintiff and members of the Meal Period Class regularly worked shifts of more than 5 hours in length. Nevertheless, Plaintiff and members of the Meal Period Class were not given a duty-free meal period because Defendants maintain a policy, practice, and/or procedure whereby Defendants require Plaintiff and members of the Meal Period Class  to go through security checks and/or bag checks after clocking out for meal periods.

62.     Defendants also regularly failed to pay Plaintiff and members of the Meal Period Class one hour of pay at their regular rate of pay for each workday they did not receive all legally compliant meal periods.

63.     This practice resulted in Plaintiff and members of the Meal Period Class not receiving wages to compensate them for workdays which Defendants did not provide them with legally compliant meal periods in compliance with California law.

64.     Because Defendants failed to provide proper meal periods, they are liable to Plaintiff and the Meal Period Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal period was not provided, pursuant to California Labor Code sections 512 and 226.7 and the Wage Order.

65.     Plaintiff, on behalf of himself and the Meal Period Class, seeks damages and all other relief allowable including a meal period premium wage for each workday Defendants failed to provide all required 30-minute uninterrupted meal periods, plus pre-judgment interest.

### IV.     FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CALIFORNIA

### LABOR CODE SECTION 226.7 AND THE WAGE ORDER

**(As Against all Defendants and DOE Defendants by the Rest Period Class)**

66.     Plaintiff hereby incorporates by reference the above, as if fully set herein.

67.     At all relevant times, Plaintiff and the other members of the Rest Period Class were

**EXHIBIT B**

non-exempt, hourly employees of Defendants covered by Labor Code Section 226.7 and the Wage Order.

68.    Pursuant to Labor Code Section 226.7 and the Wage Order, Plaintiff and the other members of the Rest Period Class were entitled to receive rest periods of 10-net minutes for every four hours, or major fraction thereof, worked.  If Plaintiff and the Rest Period Class did not receive rest periods for every four hours, or major fraction thereof, worked in a day, Defendants were required to pay them one hour of pay at the employee's regular rate of pay for each workday that the rest period is not provided.

69.    During the four years prior to the filing of the complaint, Plaintiff and members of the Rest Period Class regularly worked shifts of more than 3.5 hours. Nevertheless, Plaintiff and members of the Rest Period Class were not given an uninterrupted 10-minute rest period for shifts from three and one half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, or 30 minutes for shifts of more than 10 hours up to 14 hours because Defendants' policy required Plaintiff and members of the Rest Period Class to go through bag checks and/or security checks during their rest periods.

70.    Defendants also regularly failed to pay Plaintiff and members of the Rest Period Class one hour of pay at their regular rate of pay for each workday Plaintiff and members of the Rest Period Class did not receive all timely and legally compliant rest periods.

71.    This practice resulted in Members of the Rest Period Class not receiving wages to compensate them for workdays which Defendants did not provide them with compliant rest periods in compliance with California law.

72.    Because Defendants failed to provide proper rest periods, they are liable to Plaintiff and the Rest Period Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest period was not provided, pursuant to California Labor Code section 226.7 and the Wage Order.

73.    Plaintiff, on behalf of himself and the Rest Period Class, seeks damages and all other relief allowable including rest period wages for each workday the employee was not provided with all required rest periods of ten net minutes; and prejudgment interest.

EXHIBIT B

## V.   FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS, IN

### VIOLATION OF LABOR CODE SECTION 226

**(As Against all Defendants and DOE Defendants by the Wage Statement Class)**

74.     Plaintiff hereby incorporates by reference the paragraphs above, as if fully set herein by reference.

75.     At all times relevant to this Complaint, Plaintiff and the other members of the Wage Statement Class were hourly employees of Defendants, covered by California Labor Code section 226.

76.     Pursuant to California Labor Code section 226, subdivision (a), Plaintiff and the other members of the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

77.     As a result of the aforementioned conduct (failure to pay wages for all hours worked, failure to pay overtime, and failure to pay meal and rest period premiums), Defendants failed to provide accurate and complete wage statements to Plaintiff and others similarly situated in violation of Labor Code Section 226(a) ) because they did not reflect all of the employees' earnings.

78.     Defendants' failure to provide Plaintiff and members of the Wage Statement Class with accurate wage statements and maintain accurate copies of wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and members of the Wage Statement Class

accurate wage statements and maintain but intentionally provided wage statements that Defendants knew were not accurate.

79.     As a result of Defendants' conduct, Plaintiff and members of the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to Defendants unlawful pay practices, required discovery and mathematical computations to determine the amount of wages owed, caused difficulty and expense in attempting to reconstruct time and pay records, and/or led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

80.     Pursuant to Labor Code Section 226(e), Plaintiff and members of the Wage Statement Class are entitled to recover fifty (50) dollars for the initial pay period within the applicable limitations period in which a violation of Labor Code Section 226 occurred and one hundred dollars for each violation of Labor Code Section 226 in a subsequent pay period, not to exceed an aggregate penalty of four thousand ($4,000) dollars per employee.

81.     Pursuant to Labor Code Section 226, Plaintiff and members of the Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e) and reasonable attorney's fees.

82.     Pursuant to Labor Code Sections 218 and 226(e), Plaintiff and the members of the Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e), reasonable attorney's fees and costs of suit.

## VI.   SIXTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT, IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203

**(As Against all Defendants and DOE Defendants by the Waiting Time Class)**

83.     Plaintiff hereby incorporates by reference the paragraphs above, as if fully set herein.

84.     At all relevant times, Plaintiff and the members of the Waiting Time Class were employees of Defendants covered by Labor Code Sections 201 or 202.

85.     Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Waiting Time Class were entitled upon separation of employment to timely payment of all wages earned and

EXHIBIT B

unpaid prior to separation of employment. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

86.     Defendants failed to pay Plaintiff and members of the Waiting Time Class all wages earned and unpaid prior to separation in accordance with Labor Code Sections 201 and/or 202. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice which includes and is not limited to failing to pay at least minimum wage for all time worked, failing to pay overtime wages of all overtime hours worked, and failing to pay premium wages for all non-compliant meal and rest periods.

87.     Defendants' failure to pay Plaintiff and members of the Waiting Time Class all wages earned prior to separation timely in accordance with Labor Code Sections 201 and/or 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation in accordance with Labor Code Sections 201 and/or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 and/or 202. When Defendants failed to pay hourly workers timely upon separation all wages earned prior to separation, Defendants knew what they were doing and intended to do what they did.

88.     Pursuant to Labor Code Sections 201 or 202, Plaintiff and the members of the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants did not pay them.

89.     Pursuant to Labor Code Section 203, Plaintiff and the members of the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation of employment until paid, up to a maximum of 30 days.

90.     As a result of Defendants' conduct, Plaintiff and the members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation of employment.

**EXHIBIT B**

91.     As a result of Defendants' conduct, Plaintiff and the members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code Section 203.

92.     Pursuant to Labor Code Sections 201, 202, and 203, Plaintiff and members of the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Section 203, interest thereon, reasonable attorney's fees and costs of suit.

## VII.     SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION

### (Against All Defendants and Doe Defendants by the California Class)

93.     Plaintiff hereby incorporates by reference all paragraphs above, as if fully set herein by reference.

94.     The unlawful conduct of Defendants alleged herein constitute unfair competition within the meaning of California Business and Professions Code Section 17200. This unfair conduct includes Defendants' use of policies and procedures which resulted in: failure to pay employees at least at the minimum wage rate for all hours which they worked; failure to pay overtime wages for overtime hours worked; failure to provide legally complaint meal periods and/or pay meal period premium wages; failure to provide legally complaint rest periods and/or pay rest period premium wages; and failure to timely pay employee all earned and unpaid wages due upon separation of employment.

95.     Due to their unfair and unlawful business practices in violation of the California Labor Code, as outline above, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations: to pay employees at least at the minimum wage rate for all hours which they worked; to pay overtime wages for overtime hours worked; to provide legally complaint meal periods and/or pay meal period premium wages; to provide legally complaint rest periods and/or pay rest period premium wages; to provide accurate wage statements; and to timely pay employee all earned and unpaid wages due upon separation of employment..

96.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and members

EXHIBIT B

of the Minimum Wage Class, Overtime Class, Meal Period Class, Rest Period Class, Wage Statement Class, and/or Waiting Time Class have suffered injury in fact and lost money or property, as described in more detail above.

97.     Pursuant to California Business and Professions Code Section 17203, Plaintiff and members of the Minimum Wage Class, Overtime Class, Meal Period Class, Rest Period Class, Wage Statement Class, and/or Waiting Time Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair business practices.

98.     Plaintiff also seeks an injunction against Defendants on behalf of the California Class enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

99.     Plaintiff also seeks attorneys' fees and costs of suit, including but not limited to that recoverable under California Code of Civil Procedure Section 1021.5.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF ON HIS OWN BEHALF AND ON BEHALF OF THOSE SIMILARLY-SITUATED, PRAYS AS FOLLOWS:**

**ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION:**

1.     That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to California Code of Civil Procedure section 382 and any other applicable law;

2.     That the named Plaintiff be designated as class representative for the California Class (and all sub-classes thereof);

3.     A declaratory judgment that the practices complained herein are unlawful; and,

4.     An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

///

EXHIBIT B

## ON THE FIRST CAUSE OF ACTION:

1.    That Defendants be found to have violated the minimum wage provisions of the California Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

2.    For damages, according to proof, including but not necessarily limited to unpaid wages;

3.    For any and all legally applicable penalties;

4.    For liquidated damages pursuant to California Labor Code Section 1194.2;

5.    For pre-judgment interest, including but not limited to that recoverable under California Labor Code Section 1194, and post-judgment interest;

6.    For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code Section 1194;

7.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE SECOND CAUSE OF ACTION:

1.    That Defendants be found to have violated the overtime provisions of the California Labor Code and the Wage Order as to Plaintiff and the Overtime Class;

2.    For damages, according to proof, including but not necessarily limited to unpaid wages;

3.    For any and all legally applicable penalties;

4.    For pre-judgment interest, including but not limited to that recoverable under California Labor Code Section 1194, and post-judgment interest;

5.    For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code Section 1194; and,

6.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE THIRD CAUSE OF ACTION:

1.    That the Defendants be found to have violated the meal period provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff, the Meal Period Class;

EXHIBIT B

2.    For damages, according to proof, including unpaid wages;

3.    For any and all legally applicable penalties;

4.    For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and

5.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE FOURTH CAUSE OF ACTION:

1.    That the Defendants be found to have violated the rest period provisions of the Labor Code and the IWC Wages Orders as to Plaintiff and the Rest Period Class;

2.    For damages, according to proof, including unpaid wages;

3.    For any and all legally applicable penalties;

4.    For pre-judgment interest, including but not limited to that recoverable under Labor Code Section 218.6, and post-judgment interest; and

5.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE FIFTH CAUSE OF ACTION:

1.    That the Defendants be found to have violated the provisions of the Labor Code regarding proper itemized paystubs as to Plaintiff and the Wage Statement Class;

2.    For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code Section 226(e) and any other legally applicable damages or penalties;

3.    For pre-judgment interest and post-judgment interest;

4.    For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code Section 226(e); and

5.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE SIXTH CAUSE OF ACTION:

1.    That the Defendants be found to have violated the provisions of the Labor Code

**EXHIBIT B**

regarding payment of wages due upon resignation or termination as to Plaintiff and the Waiting Time Class;

    2.     For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code Section 203 and any other legally applicable damages or penalties;

    3.     For pre-judgment interest, including under Labor Code Section 218.6, and post-judgment interest; and

    4.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

<div align="center"><strong>ON THE SEVENTH CAUSE OF ACTION:</strong></div>

    1.     That the Defendants be found to have violated Business and Professions Code Section 17200 for the conduct alleged herein as to Plaintiff and all Classes;

    2.     A declaratory judgment that the practices complained herein are unlawful;

    3.     An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    4.     For restitution to the full extent permitted by law; and

    5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: March 13, 2020             Respectfully submitted,

                             **LAVI & EBRAHIMIAN, LLP**

                             By: _____

                                Joseph Lavi, Esq.

                                Vincent C. Granberry, Esq.

                                Anwar D. Burton, Esq.

                                Attorneys for PLAINTIFF, KENNETH TAYLOR and Other Class Members

<div align="center"><strong>EXHIBIT B</strong></div>

## DEMAND FOR JURY TRIAL

PLAINTIFF KENNETH TAYLOR hereby demands a trial by jury for himself and the California Class on all claims so triable.

Dated: March 13, 2020

Respectfully submitted,

**LAVI & EBRAHIMIAN, LLP**

By: _____

Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Anwar D. Burton, Esq.

Attorneys for PLAINTIFF, KENNETH TAYLOR and Other Class Members

**EXHIBIT B**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joseph Lavi, Esq. (SBN 209776); James Yoo, Esq. (SBN 310680)<br>LAVI & EBRAHIMIAN, LLP<br>8889 West Olympic Boulevard, Suite 200<br>Beverly Hills, CA, 90211<br>TELEPHONE NO.: (310) 432-0000  FAX NO.: (310) 432-0001<br>ATTORNEY FOR *(Name):* Kenneth Taylor, and others similarly situated | **CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**MAR 16 2020**<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br><br>By: Isaac Lovo, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME:
Taylor vs. Michael Kors, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 20STCV10276 |
| | | | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 7: LC 201-203;226.7;510;512;1194;1194.2;1197; B&P 17200
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 13, 2020
Anwar D. Burton, Esq.
(TYPE OR PRINT NAME)                    ▶ *Anwar Burton*
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

**EXHIBIT B**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
  Property Damage/Wrongful Death)
  Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
  Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

**EXHIBIT B**

| SHORT TITLE: Taylor vs. Michael Kors, Inc., et al. | CASE NUMBER **20STCV10276** |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**BY FAX**

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** — Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** — Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

EXHIBIT B

| SHORT TITLE: Taylor vs. Michael Kors, Inc., et al. | | CASE NUMBER | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

EXHIBIT B

| SHORT TITLE: Taylor vs. Michael Kors, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

EXHIBIT B

| SHORT TITLE: Taylor vs. Michael Kors, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☒ 1. ☒ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:<br>3777 Workman Mill Rd. | |
|---|---|---|
| CITY:<br>Whittier | STATE:<br>CA | ZIP CODE:<br>90601 |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles (Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _March 20, 2020_

_(signature)_
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT B

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/16/2020 |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ I. Lovo _____ Deputy |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV10276 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | William F. Highberger | 10 | | | | | |

*Given to the Plaintiff/Cross-Complainant/Attorney of Record*       Sherri R. Carter, Executive Officer / Clerk of Court

on 03/16/2020                                                    By I. Lovo _____, Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)                **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06                                **EXHIBIT B**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
**EXHIBIT B**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

**EXHIBIT B**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | |
|---|---|
| COURTHOUSE ADDRESS: | |
| PLAINTIFF: | |
| DEFENDANT: | |

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**EXHIBIT B**

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
              (TYPE OR PRINT NAME)                                   (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢ _____
              (TYPE OR PRINT NAME)                                   (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
              (TYPE OR PRINT NAME)                                   (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
              (TYPE OR PRINT NAME)                                   (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ (ATTORNEY FOR _____ )
              (TYPE OR PRINT NAME)
Date:

_____          ➢ (ATTORNEY FOR _____ )
              (TYPE OR PRINT NAME)
Date:

_____          ➢ (ATTORNEY FOR _____ )
              (TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**EXHIBIT B**

| SHORT TITLE: | CASE NUMBER: |
|---|---|

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

EXHIBIT B

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

**EXHIBIT B**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

**EXHIBIT B**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

> _____
          (TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date: _____

> _____
          (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date: _____

> _____
          (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date: _____

> _____
          (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date: _____

> _____
          (TYPE OR PRINT NAME)                  (ATTORNEY FOR _____)

Date: _____

> _____
          (TYPE OR PRINT NAME)                  (ATTORNEY FOR _____)

Date: _____

> _____
          (TYPE OR PRINT NAME)                  (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
                              JUDICIAL OFFICER

**EXHIBIT B**

 **Superior Court of California, County of Los Angeles**

<div style="border:1px solid black">

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

**EXHIBIT B**

---

### How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List
   Mediation" for mediation at reduced cost or no cost (for selected cases):

   - **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
   - **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
   - **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
     - Only MCLA provides mediation in person, by phone and by videoconference.

   **These organizations cannot accept every case and they may decline cases at their discretion.**
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
     - Free, day- of- trial mediations at the courthouse. No appointment needed.
     - Free or low-cost mediations before the day of trial.
     - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the
       day of trial visit
       http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-
       EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

---

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the
   person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to
   trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more
   information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial
   date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not
   make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating
   a settlement.  For information about the Court's MSC programs for civil cases, visit
   http://www.lacourt.org/division/civil/CI0047.aspx

**Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

**EXHIBIT B**

Joseph Lavi, Esq. (SBN 209776)
E-Mail: jlavi@lelawfirm.com
Vincent C. Granberry, Esq. (SBN 276483)
E-Mail: vgranberry@lelawfirm.com
Anwar D. Burton, Esq. (SBN 253504)
E-Mail: aburton@lelawfirm.com
*LAVI & EBRAHIMIAN, LLP*
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Sahag Majarian II, Esq. (SBN 146621)
*LAW OFFICE OF SAHAG MAJARIAN II*
E-Mail: sahagii@aol.com
18250 Ventura Boulevard
Tarzana, California 91356

Attorneys for PLAINTIFF, KENNETH TAYLOR,
on behalf of himself and others similarly situated.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE

| | |
|---|---|
| KENNETH TAYLOR, on behalf of himself and others similarly situated,<br><br>PLAINTIFF,<br><br>vs.<br><br>MICHAEL KORS, INC.; MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.; MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 to 100, Inclusive,<br><br>DEFENDANTS. | Case No.: 20STCV10276<br><br>[Assigned for All Purposes to the Hon. William F. Highberger, Dept. 10]<br><br>**CLASS ACTION**<br><br>**PLAINTIFF KENNETH TAYLOR'S NOTICE OF COURT ORDER ON NEWLY FILED CLASS ACTION AND NOTICE OF INITIAL STATUS CONFERENCE ORDER** |

**TO THIS HONORABLE COURT, ALL DEFENDANTS, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that the Court has issued a Court Order regarding Newly Filed Class Action. A true and correct copy of the Court's Order is attached as **Exhibit 1**.

By this Order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for August 11, 2020, at 1:30 p.m. in Department 10 of the Los Angeles Superior Court, Spring Street

PLAINTIFF KENNETH TAYLOR'S NOTICE OF COURT ORDER ON NEWLY FILED CLASS ACTION
AND NOTICE OF INITIAL STATUS CONFERENCE ORDER

1

**EXHIBIT B**

Courthouse, located at 312 North Spring Street, Los Angeles, California 90012. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date.

PLEASE TAKE FURTHER NOTICE that the Court has issued an Initial Status Conference Order. A true and correct copy of the Court's Initial Status Conference Order is attached as **Exhibit 2**.

By this Order, the Court restates that the case is set for an Initial Status Conference on August 11, 2020, at 1:30 p.m. in Department 10 of the Los Angeles Superior Court, Spring Street Courthouse, located at 312 North Spring Street, Los Angeles, California 90012. In addition, the parties are required to file a Joint Initial Status Conference Response Statement five court days before the Initial Status Conference.

Dated: May 1, 2020

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**


By: *Anwar D. Burton*

    Joseph Lavi, Esq.
    Vincent C. Granberry, Esq.
    Anwar D. Burton, Esq.

    Attorneys for PLAINTIFF
    KENNETH TAYLOR, on behalf of himself
    and Others Similarly Situated.

PLAINTIFF KENNETH TAYLOR'S NOTICE OF COURT ORDER ON NEWLY FILED CLASS ACTION
AND NOTICE OF INITIAL STATUS CONFERENCE ORDER
2

EXHIBIT B



# "EXHIBIT 1"

EXHIBIT B

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**20STCV10276**                                                        April 9, 2020
**KENNETH TAYLOR vs MICHAEL KORS, INC., et al.**                       11:13 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: M. Mata                      ERM: None
Courtroom Assistant: None                        Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

NATURE OF PROCEEDINGS: Court Order

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 08/11/2020 at 01:30 PM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms: http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

EXHIBIT B

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**20STCV10276**                                                          April 9, 2020
**KENNETH TAYLOR vs MICHAEL KORS, INC., et al.**                          11:13 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: M. Mata                      ERM: None
Courtroom Assistant: None                        Deputy Sheriff: None

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

Certificate of Mailing is attached.

Minute Order                                                     Page 2 of 2

EXHIBIT B

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 04/09/2020 Sherri R. Carter, Executive Officer / Clerk of Court By: M. Mata Deputy |
| PLAINTIFF/PETITIONER: Kenneth Taylor | |
| DEFENDANT/RESPONDENT: Michael Kors, Inc. et al | |

| CERTIFICATE OF MAILING | CASE NUMBER: 20STCV10276 |
|---|---|

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order) of 04/09/2020, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Joseph  Lavi
LAVI & EBRAHIMIAN, LLP
8889 W Olympic Blvd
Suite 200
Beverly Hills, CA  90211

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 04/27/2020

By:  M. Mata
Deputy Clerk

CERTIFICATE OF MAILING

EXHIBIT B



# "Exhibit 2"

EXHIBIT B

1

2

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

3    APR 09 2020

4    Sherri R. Carter, Executive Officer/Clerk
By Cedric Caterio, Deputy

5

6

7    SUPERIOR COURT OF THE STATE OF CALIFORNIA

8    COUNTY OF LOS ANGELES

9    CENTRAL DISTRICT

10   KENNETH TAYLOR                          | Case No.: 20STCV10276

11                Plaintiff,                 | INITIAL STATUS CONFERENCE ORDER
                                             | (COMPLEX LITIGATION PROGRAM)
12
     vs.                                     | Case Assigned for All Purposes to
13                                           | Judge William F. Highberger

14   MICHAEL KORS, INC.
                                             | Department: 10
15                Defendant,                 | Date: August 11, 2020
                                             | Time: 1:30 p.m.
16

17

18

19         This case has been assigned for all purposes to Judge William F. Highberger in the

20   Complex Litigation Program. An Initial Status Conference is set for August 11, 2020 at 1:30 p.m.

21   in Department 10 located in the Los Angeles Superior Court at the United States Court House on

22   312 North Spring Street, Los Angeles, CA 90012.   Counsel for all parties are ordered to attend.

23         The court orders counsel to prepare for the Initial Status Conference by identifying and

24   discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to

25   initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

26   agree, as much as possible, on a case management plan. To this end, counsel must file a Joint

27

28

INITIAL STATUS CONFERENCE ORDER (CLASS ACTION)

EXHIBIT B

Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the use the Judicial Council Form CM-110 (Case Management Statement).

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the

-2-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

**EXHIBIT B**

docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- ■ Motion to Compel Arbitration,
- ■ Early motions in limine,
- ■ Early motions about particular jury instructions and verdict forms,
- ■ Demurrers,
- ■ Motions to strike,
- ■ Motions for judgment on the pleadings, and
- ■ Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan,

**EXHIBIT B**

1  summarize each side's views on discovery. The court generally allows discovery on matters

2  relevant to class certification, which (depending on circumstances) may include factual issues also

3  touching the merits. The court generally does not permit extensive or expensive discovery

4  relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a

5  persuasive showing establishes early need. If any party seeks discovery from absent class

6  members, please estimate how many, and also state the kind of discovery you propose[1].

7

8  **12. INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or

9  reimbursement, and (2) whether there are any insurance coverage issues which might affect

10  settlement.

11  **13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each

12  party's position about it. If pertinent, how can the court help identify the correct neutral and

13  prepare the case for a successful settlement negotiation?

14  **14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for

15  the following:

16

17  ■ The next status conference,

18  ■ A schedule for alternative dispute resolution, if it is relevant,

19  ■ A filing deadline for the motion for class certification, and

20  ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

21  **15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program

22  requires the parties in every new case to use a third-party cloud service.

23

24  Please agree on one and submit the parties' choice when filing the Joint Initial Status

25  Conference Class Action Response Statement. If there is agreement, please identify the vendor. If

26  parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic

27  _____

28  [1] See California Rule of Court, Rule 3.768.

-4-

**EXHIBIT B**

1   service is not the same as electronic filing.  Only traditional methods of filing by physical delivery

2   of original papers or by fax filing are presently acceptable.

3   **Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

4   "A dismissal of an entire class action, or of any party or cause of action in a class action, requires

5   court approval. . . .  Requests for dismissal must be accompanied by a declaration setting forth the

6   facts on which the party relies. The declaration must clearly state whether consideration, direct or

7   indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the

8

9   parties have settled the class action, that too will require judicial approval based on a noticed

10  motion (although it may be possible to shorten time by consent for good cause shown).

11  **Reminder When Seeking Approval of a Settlement–** Plaintiff(s) must address the issue

12  of any fee splitting agreement  in their motion for preliminary approval and demonstrate

13  compliance with California Rule of Court  3.769, and the Rules of Professional Conduct 2-200(a)

14
    as required by Mark v. Spencer (2008) 166 Cal.App.4th 219.
15

16  Pending further order of this Court, and except as otherwise provided in this Initial Status

17  Conference Order, *these proceedings are stayed in their entirety*. This stay precludes the filing of

18  any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court;

19  however, any defendant may file a Notice of Appearance for purposes of identification of counsel

20  and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to

21  any challenge to the jurisdiction of the Court, substantive or procedural challenges to the

22
    Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any
23

24  cross-complaint in this action. This stay is issued to assist the Court and the parties in managing

25  this "complex" case through the development of an orderly schedule for briefing and hearings on

26  procedural and substantive challenges to the complaint and other issues that may assist in the

27  _____

28  [2] California Rule of Court, Rule 3.770(a)

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

**EXHIBIT B**

1    orderly management of these cases.  This stay does not preclude the parties from informally

2    exchanging documents that may assist in their initial evaluation of the issues presented in this

3    case, however it stays all outstanding discovery requests.

4           Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along

5    with a copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class

6    Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within

7
8    five (5) days of service of this order. If any defendant has not been served in this action, service is

9    to be completed within twenty (20) days of the date of this order.

10          If all parties have been served, have conducted the required meet and confer, and are ready

11   to fully participate in the status conference prior to the assigned date, counsel may contact the

12   clerk of Department 10 and request an earlier date for the Initial Status Conference.

13

14          Dated:

15

16                              WILLIAM F. HIGHBERGER

17                              _____

18                              Judge William F. Highberger

19

20

21

22

23

24

25

26

27

28

-6-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

**EXHIBIT B**

| TAYLOR, K. v. MICHAEL KORS, INC. | CASE NO. 20STCV10276 |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On May 1, 2020, I served the foregoing documents, described as:

1. **"PLAINTIFF KENNETH TAYLOR'S NOTICE OF COURT ORDER ON NEWLY FILED CLASS ACTION AND NOTICE OF INITIAL STATUS CONFERENCE ORDER"**

on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| *Defendant:* | *Defendant:* |
|---|---|
| **MICHAEL KORS, INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 | **MICHAEL KORS, (USA) INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 |
| *Defendant:* | *Defendant:* |
| **MICHAEL KORS STORES (CALIFORNIA), INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 | **MICHAEL KORS RETAIL, INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 |
| *Defendant:* | |
| **ADECCO USA, INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 | |

☒ **(BY MAIL) As follows:**

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐ **(BY ELECTRONIC MAIL)** I sent such document via facsimile mail to the number(s) noted above.

**EXHIBIT B**

☒  (STATE) I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed May 1, 2020, at Beverly Hills, California.

_____
J. César Flores

PROOF OF SERVICE
2

EXHIBIT B

# EXHIBIT C

**CT Corporation**

**Service of Process Transmittal**
05/04/2020
CT Log Number 537624995

| | |
|---|---|
| **TO:** | Krista McDonough, Senior Vice President, General Counsel<br>Michael Kors<br>11 West 42nd Street, 29th Floor<br>New York, NY 10036 |
| **RE:** | **Process Served in California** |
| **FOR:** | Michael Kors Retail, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KENNETH TAYLOR, on behalf of himself and others similarly situated, Pltf. vs. MICHAEL KORS, INC., et al., Dfts. // To: MICHAEL KORS RETAIL, INC. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV10276 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/04/2020 at 13:09 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780103765010<br><br>Image SOP<br><br>Email Notification,  Krista McDonough  krista.mcdonough@michaelkors.com<br><br>Email Notification,  NA'ASIA COBB  naasia.cobb@capriholdings.com<br><br>Email Notification,  NATALIE NEWMAN  natalie.newman@capriholdings.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Page 1 of  1 / TG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT C

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MICHAEL KORS, INC.; MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.;

MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KENNETH TAYLOR, on behalf of himself and others similarly situated

**CONFORMED COPY<br>ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**MAR 16 2020**

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: Los Angeles Superior Court - Central District<br>*(El nombre y dirección de la corte es):* 111 N. Hill St.<br>Los Angeles, CA 90012 | CASE NUMBER<br>*(Número del Caso):*<br>**20STCV10276** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776); Anwar D. Burton, Esq. (SBN 253504)
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd. Suite 200; Beverly Hills, California 90211; Tel.: (310) 432-0000 Fax: (310) 432-0001

| DATE:<br>*(Fecha)* **MAR 16 2020** | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* Isaac Lovo | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* MICHAEL KORS RETAIL, INC.

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☑ other *(specify):* FORM UNKNOWN

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**EXHIBIT C**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MICHAEL KORS, INC.; MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.;

MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 to 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KENNETH TAYLOR, on behalf of himself and others similarly situated

| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |
|---|
| **CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**MAR 16 2020**<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br><br>By: Isaac Lovo, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: Los Angeles Superior Court - Central District<br>*(El nombre y dirección de la corte es):*   111 N. Hill St.<br>Los Angeles, CA 90012 | CASE NUMBER<br>*(Número del Caso):*<br>**20STCV10276** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAVI & EBRAHIMIAN, LLP
Joseph Lavi, Esq. (SBN 209776); Anwar D. Burton, Esq. (SBN 253504)
8889 W. Olympic Blvd. Suite 200; Beverly Hills, California 90211; Tel.: (310) 432-0000 Fax: (310) 432-0001

| DATE:<br>*(Fecha)*   **MAR 16 2020** | SHERRI R. CARTER | Clerk, by<br>*(Secretario)*   Isaac Lovo | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**EXHIBIT C**

1   Joseph Lavi, Esq. (State Bar No. 209776)
    E-Mail: jlavi@lelawfirm.com
2   Vincent C. Granberry, Esq. (State Bar No. 276483)
    E-Mail: vgranberry@lelawfirm.com
3   Anwar D. Burton, Esq. (State Bar No. 253504)
    E-Mail: aburton@lelawfirm.com
4   *LAVI & EBRAHIMIAN, LLP*
    8889 W. Olympic Blvd., Suite 200
5   Beverly Hills, California 90211
    Telephone: (310) 432-0000
6   Facsimile: (310) 432-0001

7   Sahag Majarian II, Esq. (State Bar No. 146621)
    **LAW OFFICE OF SAHAG MAJARIAN II**
8   E-Mail: sahagii@aol.com
    18250 Ventura Boulevard
9   Tarzana, California 91356

10  Attorneys for PLAINTIFF, KENNETH TAYLOR,
    on behalf of himself and others similarly situated.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 16 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By: Isaac Lovo, Deputy

**BY FAX**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| 14  KENNETH TAYLOR, on behalf of himself and others similarly situated, | Case No.: **20STCV10276** |
| 16  PLAINTIFF, | **CLASS ACTION** |
| 17  vs. | **PLAINTIFF KENNETH TAYLOR'S COMPLAINT FOR DAMAGES AND RESTITUTION AND FOR:** |
| 18  MICHAEL KORS, INC.; MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.; MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 to 100, Inclusive, | 1.  **FAILURE TO PAY WAGES FOR ALL TIME WORKED AT MINIMUM WAGE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197** |
| 21  DEFENDANTS. | 2.  **FAILURE TO PAY PROPER OVERTIME WAGES FOR DAILY OVERTIME HOURS WORKED AND ALL HOURS WORKED IN VIOLATION OF LABOR CODE SECTIONS 510, 1194, AND 1198** |
| | 3.  **FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7** |
| | 4.  **FAILURE TO AUTHORIZE OR PERMIT REST PERIODS IN** |

**EXHIBIT C**

VIOLATION OF LABOR CODE
SECTION 226.7

5.     **FAILURE TO PROVIDE
COMPLETE AND ACCURATE
WAGE STATEMENTS IN
VIOLATION OF LABOR CODE
SECTION 226**

6.     **FAILURE TO TIMELY PAY ALL
EARNED WAGES AND FINAL
PAYCHECKS DUE AT TIME OF
SEPARATION OF EMPLOYMENT
IN VIOLATION OF LABOR CODE
SECTIONS 201, 202, AND 203**

7.     **UNFAIR BUSINESS PRACTICES,
IN VIOLATION OF BUSINESS
AND PROFESSIONS CODE
SECTION 17200, et seq.**

**DEMAND FOR JURY TRIAL**

**COMES NOW** Plaintiff KENNETH TAYLOR ("Plaintiff"), who alleges and complains against Defendant MICHAEL KORS, INC.; MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.; MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 to 100, Inclusive, (collectively "Defendants") as follows:

I.    **INTRODUCTION**

1.    This is a class action lawsuit seeking unpaid wages and interest thereon due to Defendants' failure to pay for all hours worked at minimum wage and overtime hours worked at the overtime rate of pay; failure to authorize or permit legally compliant meal periods; failure to authorize or permit legally compliant rest periods; statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; injunctive relief and other equitable relief; reasonable attorney's fees pursuant to California Labor Code sections 226(e) and 1194; costs; and interest brought on behalf of Plaintiff and others similarly situated.

II.    **JURISDICTION AND VENUE**

2.    This Court has jurisdiction over Plaintiff's and the Class Members' claims Defendants' failure to pay for all hours worked at minimum wage and overtime hours worked at the overtime rate

**EXHIBIT C**

1   of pay; failure to authorize or permit legally compliant meal periods; failure to authorize or permit

2   legally compliant rest periods; statutory penalties for failure to provide accurate wage statements;

3   waiting time penalties in the form of continuation wages for failure to timely pay employees all wages

4   due upon separation of employment; and claims for restitution under Business & Professions Code

5   section 17200 *et seq.* because Defendants employed putative class members, non-exempt operations

6   employees, in locations throughout California including but not limited to Los Angeles County, where

7   the alleged injuries occurred at 3777 Workman Mill Rd., Whittier, CA 90601.

8   **III.**   **PARTIES**

9      3.   Plaintiff brings this action on behalf of himself and other members of the general

10   public similarly-situated. The named Plaintiff and the class of persons on whose behalf this action is

11   filed are current, former and/or future employees of Defendants who work as hourly non-exempt

12   employees.

13      4.   Defendants employed Plaintiff as an hourly, non-exempt employee until in or around

14   June 12, 2019.

15      5.   Plaintiff is informed and believes and, on that basis, alleges that Defendants employed

16   Plaintiff and other hourly, non-exempt employees throughout the State of California and therefore its

17   conduct forms a significant basis of the claims asserted in this matter.

18      6.   Plaintiff is informed and believes and thereon alleges that Defendant MICHAEL

19   KORS, INC. is authorized to do business within the State of California and is doing business in the

20   State of California and/or that Defendants DOES 1 - 10 are, and at all times relevant hereto were

21   persons acting on behalf of Defendant MICHAEL KORS, INC. in the establishment of, or ratification

22   of, the aforementioned illegal wage and hour practices or policies. Defendant MICHAEL KORS,

23   INC. operates in Los Angeles County and employed Plaintiff and other putative class members in

24   Los Angeles County at its business located at 3777 Workman Mill Rd., Whittier, CA 90601.

25   Defendant MICHAEL KORS, INC. is identified on Plaintiff's and putative class members' earnings

26   statements.

27      7.   Plaintiff is informed and believes and thereon alleges that Defendant MICHAEL

28   KORS (USA), INC. is authorized to do business within the State of California and is doing business

EXHIBIT C

in the State of California and/or that Defendants DOES 11 - 20 are, and at all times relevant hereto were persons acting on behalf of Defendant MICHAEL KORS (USA), INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant MICHAEL KORS (USA), INC. operates in Los Angeles County and employed Plaintiff and other putative class members in Los Angeles County at its business located at 3777 Workman Mill Rd., Whittier, CA 90601.

8.       Plaintiff is informed and believes and thereon alleges that Defendant MICHAEL KORS STORES (CALIFORNIA), INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 21 - 30 are, and at all times relevant hereto were persons acting on behalf of Defendant MICHAEL KORS STORES (CALIFORNIA), INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant MICHAEL KORS STORES (CALIFORNIA), INC. operates in Los Angeles County and employed Plaintiff and other putative class members in Los Angeles County at its business located at 3777 Workman Mill Rd., Whittier, CA 90601.

9.       Plaintiff is informed and believes and thereon alleges that Defendant MICHAEL KORS RETAIL, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 31 - 40 are, and at all times relevant hereto were persons acting on behalf of Defendant MICHAEL KORS RETAIL, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant MICHAEL KORS RETAIL, INC. operates in Los Angeles County and employed Plaintiff and other putative class members in Los Angeles County at its business located at 3777 Workman Mill Rd., Whittier, CA 90601. Defendant MICHAEL KORS RETAIL, INC. is identified on Plaintiff's and putative class members' earnings statements.

10.       Plaintiff is informed and believes and thereon alleges that Defendant ADECCO USA, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 41 - 50 are, and at all times relevant hereto were persons acting on behalf of Defendant ADECCO USA, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant ADECCO USA, INC. operates

EXHIBIT C

in Los Angeles County and employed Plaintiff and other putative class members in Los Angeles County at its business located at 3777 Workman Mill Rd., Whittier, CA 90601. Defendant ADECCO USA, INC. is identified on Plaintiff's and putative class members' earnings statements.

11.     Plaintiff are informed and believes and thereon alleges that Defendants DOES 51 - 100 are individuals unknown to Plaintiff.  Each of the individual Defendants is sued individually in his or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent contractor and/or employee of each Defendant and participated in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies.

12.     Plaintiff are unaware of the true names of Defendants DOES 1 through 100.  Plaintiff sue said Defendants by said fictitious names and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff are informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this complaint.

13.     Plaintiff is informed, believes, and thereon alleges that at all relevant times, each defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff are further informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants. As used in this complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes MICHAEL KORS, INC.; MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.; MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 to 100, inclusive.

14.     At all times mentioned herein, each Defendant was the co-conspirator, agent, servant,

employee, and/or joint venturer of each of the other defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

15. Plaintiff make the allegations in this complaint without any admission that, as to any particular allegation, Plaintiff bear the burden of pleading, proving, or persuading and Plaintiff reserve all of Plaintiff' rights to plead in the alternative.

## IV.   DESCRIPTION OF ILLEGAL PAY PRACTICES

16. Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order ("Wage Order"), codified at California Code of Regulations title 8, section 11040, Defendants are employers of Plaintiff within the meaning of the applicable Wage Order and applicable California Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the California Labor Code.

17. **Failure to pay wages for all hours worked at the legal minimum wage:** Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

18. California Labor Code sections 1194 and 1197 require an employer to compensate employees for all "hours worked" at least at a minimum wage rate of pay as established by the Industrial Welfare Commission ("IWC") and the Wage Orders.

19. Plaintiff and similarly situated employees worked more minutes per shift than Defendants credited them with having worked.  Specifically, Plaintiff maintains that he and other similarly situated employees were required to go through security checks and/or bag checks after clocking out for meal periods, during rest periods, and at the end of their shift without being paid for that time.

20. Defendants' policy, practice, and/or procedure resulted in time each day in which

EXHIBIT C

1    Plaintiff and similarly situated employees are subject to the control of employers' without being

2    compensated for that time.

3        21.     Despite the fact that California law requires employers to pay employees for all hours

4    worked at least at a minimum wage rate, Defendants required Plaintiff and similarly situated

5    employees to work off-the-clock as described above, resulting in Plaintiff and similarly situated

6    employees working time each day for which they were not compensated any wages, in violation of

7    California Labor Code sections 1194, 1197, and the Wage Orders.

8        22.     **Failure to pay wages for all hours worked in excess of eight hours per day at the**

9    **employees' overtime rate of pay**: As described above, Defendants' policies, practices, and

10   procedures resulted in time each workday where Plaintiff and similarly situated employees were

11   under the control of Defendants but were not compensated for that time.

12        23.     California Labor Code sections 510 and 1194 require an employer to compensate

13   employees a higher rate of pay for hours worked in excess of eight hours in a workday:

14        Any work in excess of eight hours in one workday and any work in excess of 40 hours
15        in any one workweek and the first eight hours worked on the seventh day of work in
         any one workweek shall be compensated at the rate of no less than one and one-half
16        times the regular rate of pay for an employee. Any work in excess of 12 hours in one
         day shall be compensated at the rate of no less than twice the regular rate of pay for
17        an employee. In addition, any work in excess of eight hours on any seventh day of a
         workweek shall be compensated at the rate of no less than twice the regular rate of pay
18        of an employee.

19   (Cal. Lab. Code §510.)

20        24.     Despite that California law requires employers to pay employees a higher rate of pay

21   for all hours worked more than 8 hours in a workday and 40 hours in a workweek, Defendants failed

22   to pay Plaintiff and similarly situated employees overtime wages due them for their daily overtime

23   hours worked.

24        25.     Plaintiff and similarly situated employees worked more minutes per shift than

25   Defendants credited them with having worked. Specifically, Plaintiff maintains that he and other

26   similarly situated employees were required to go through security checks and/or bag checks after

27   clocking out for meal periods, during rest periods and at the end of their shift without being paid for

28   that time.

**EXHIBIT C**

26.     The foregoing resulted in time during each workday which Plaintiff and similarly situated employees were under control of Defendants, but were not compensated at their overtime rate of pay when they worked more than eight hours in a day or 40 hours in a week, in violation of Labor Code sections 510, 1194, and the Wage Order.

27.     **Failure to pay hourly employees wages to compensate them for workdays Defendants failed to provide required meal periods:** California law requires an employer to authorize or permit an employee an uninterrupted meal period of no less than 30-minutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities prior to the employee's sixth hour of work.  Cal. Lab. Code §§ 226.7, 512; Wage Order 4-2001, 11; *Brinker Rest. Corp. v. Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second such meal period of not less than 30 minutes prior to the start of the eleventh hour of work. *Id.*  If the employee is not relieved of all duty during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when: (1) the nature of the work prevents an employee from being relieved of all duty; and (2) the parties have a written agreement agreeing to on duty meal periods. If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of pay for each workday that a legally required meal period was not timely provided or was not duty-free. *Id.*

28.     During the four years prior to the filing of the complaint, Plaintiff and similarly situated employees regularly worked shifts of more than 5 hours in length. Nevertheless, Plaintiff and similarly situated employees were not given a duty-free meal period because Defendants maintain a policy, practice, and/or procedure whereby Defendants require Plaintiff and similarly situated employees to go through security checks and/or bag checks after clocking out for meal periods.

29.     Defendants also regularly failed to pay Plaintiff and similarly situated employees one hour of pay at their regular rate of pay for each workday Plaintiff and similarly situated employees did not receive all legally compliant meal periods.

///

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
8

EXHIBIT C

30.     This practice resulted in Plaintiff and similarly situated employees not receiving wages to compensate them for workdays during which Defendants did not provide them with legally compliant meal periods in compliance with California law.

31.     **Failure to pay hourly employees wages to compensate them for workdays Defendants failed to provide required rest periods:** California law requires an employer to provide an employee a rest period of ten (10) net minutes for every four hours worked, "which insofar as practicable shall be in the middle of each work period." Cal. Lab. Code §226.7; Wage Order 4. Thus, employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts between six and ten hours in length, 30 minutes for shifts between 10 and 14 hours in length, and so on. *See Brinker*, *supra*. If the employer fails to provide a required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday the employer did not provide all legally required rest periods. *Id.*

32.     During the four years prior to the filing of the complaint, Plaintiff and similarly situated employees regularly worked shifts of more than 3.5 hours. Nevertheless, Plaintiff and similarly situated employees were not given an uninterrupted 10-minute rest period for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, or 30 minutes for shifts of more than 10 hours up to 14 hours because Defendants' policy required Plaintiff and similarly situated employees to go through security checks and/or bag checks during their rest breaks.

33.     Defendants also regularly failed to pay employees one hour of pay at their regular rate of pay for each workday Plaintiff and similarly situated employees did not receive all timely and legally compliant rest periods.

34.     This practice resulted in Plaintiff and similarly situated employees not receiving wages to compensate them for workdays which Defendants did not provide them with rest periods in compliance with California law.

35.     **Pay Stub Violations:** California Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the

EXHIBIT C

employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

36.     Defendants failed to provide accurate wage and hour statements to Plaintiff and similarly situated employees who were subject to Defendants' control for uncompensated time and who did not receive the wages they earned (including minimum wages, overtime wages, as well as failure to pay premium wages for missed meal and rest periods).

37.     **Failure to Pay California Employees All Wages Due at Time of Termination/Resignation**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (California Labor Code section 201) or within 72 hours of resignation (California Labor Code section 202).

38.     Because Defendants failed to pay Plaintiff and similarly situated employees all their earned wages (including minimum wages, overtime wages, as well as unpaid meal and rest period premium wages), Defendants failed to pay those employees timely after each employee's termination and/or resignation.

## V.     CLASS DEFINITIONS AND CLASS ALLEGATIONS

39.     Plaintiff bring this action on behalf of himself, on behalf of all others similarly situated, and on behalf of the General Public, and as a member of a Class defined as follows:

A.     **Minimum Wage Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who were not paid at least at minimum wage for all time they were subject to Defendants' control.

EXHIBIT C

B.    **Overtime Class:** All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked more than eight in a day to whom Defendants did not pay overtime wages.

C.    **Meal Period Class:** All current and former non-exempt, hourly employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked shifts greater than 5 hours in a workday and did not receive wages to compensate them for missed meal periods, late meal periods, and/or short meal periods.

D.    **Rest Period Class:** All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked at least three and one-half (3.5) or more hours in day who did not receive required rest periods of ten net minutes rest time for every four hours worked between three and one-half and six hours, six and ten hours, or ten and fourteen hours.

E.    **Wage Statement Class:** All current and former hourly non-exempt employees employed by Defendants in California at any time within the one year prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.

F.    **Waiting Time Class:** All current and former hourly non-exempt employees employed by Defendants in California at any time within the three years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who did not receive payment of all unpaid wages upon separation of employment within the statutory time period.

G.    **California Class:** All aforementioned classes are here collectively referred to as the "California Class."

40.    There is a well-defined community of interest in the litigation and the classes are ascertainable:

A.    **Numerosity:** While the exact number of class members in each class is

EXHIBIT C

unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i. Whether Defendants violated California Labor Code sections 1194 and 1197 by not paying employees' wages at a minimum wage rate for all time that the Minimum Wage Class Members were subject to Defendants' control but were not paid;

ii. Whether Defendants violated California Labor Code sections 510 and 1194 by not paying the Overtime Class for workdays worked in excess of eight hours as a result of not paying the Class Members for all hours worked in a workday;

iii. Whether Defendants violated California Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing Meal Period Class Members without providing all their required meal periods or paying meal period premium wages;

iv. Whether Defendants violated the Wage Order and California Labor Code section 226.7 and the applicable Wage Order by employing Rest Period Class Members without providing all their required rest periods or paying rest period premium wages;

v. Whether Defendants failed to provide the Wage Statement Class Members with accurate itemized statement at the time they received their itemized statements;

vi. Whether Defendants failed to provide the Waiting Time Class Members with all of their earned wages upon separation of employment within the statutory time period;

vii. Whether Defendants committed unlawful business acts or practice within the meaning of Business and Professions Code section 17200 *et seq.*;

viii. Whether Class Members are entitled to unpaid wages, penalties and other relief pursuant to their claims;

ix. Whether, as a consequence of Defendant's unlawful conduct, the Class

EXHIBIT C

1    Members are entitled to restitution, and/or equitable relief; and

2            x.     Whether Defendant's affirmative defenses, if any, raise any common

3    issues of law or fact as to Plaintiff and as to the Class Members as a whole.

4           C.     **Typicality**: Plaintiff's claims are typical of the claims of the class members in

5    each of the classes. Plaintiff and the members of the Minimum Wage Class sustained damages arising

6    out of Defendant's failure to pay wages at least at minimum wage for all time the employees were

7    subject to Defendant's control. Plaintiff and the members of the Overtime Wage Class sustained

8    damages arising out of Defendant's failure to pay overtime wages for overtime hours worked.

9    Plaintiff and the members of the Meal Period Class sustained damages arising out of Defendant's

10   failure to provide employees all legally required meal periods and failure to pay meal period premium

11   wages as compensation. Plaintiff and the members of the Rest Period Class sustained damages arising

12   out of Defendants' failure to provide employees all legally required rest periods and failure to pay

13   rest period premium wages as compensation. Plaintiff and the members of the Wage Statement Class

14   sustained damages arising out of Defendants' failure to furnish them with accurate itemized wage

15   statements in compliance with California Labor Code section 226. Plaintiff and the members of the

16   Waiting Time Class sustained damages arising out of Defendants' failure to provide all unpaid yet

17   earned wages due upon separation of employment within the statutory time limit.

18           D.     **Adequacy of Representation**: Plaintiff will fairly and adequately protect the

19   interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the

20   other class members.

21           E.     **Superiority**: A class action is superior to other available means for the fair

22   and efficient adjudication of this controversy. Because individual joinder of all members of each class

23   is impractical, class action treatment will permit a large number of similarly situated persons to

24   prosecute their common claims in a single forum simultaneously, efficiently, and without the

25   unnecessary duplication of effort and expense that numerous individual actions would engender. The

26   expenses and burdens of individual litigation would make it difficult or impossible for individual

27   members of each class to redress the wrongs done to them, while important public interests will be

28   served by addressing the matter as a class action. The cost to and burden on the court system of

**EXHIBIT C**

adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action.   Individualized litigation would also present the potential for inconsistent or contradictory judgments.

        F.    **Public Policy Consideration**: Employers throughout the state violate wage and hour laws. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation.   Former employees fear bringing actions because they perceive their former employers can blacklist them in their future endeavors with negative references and by other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for vindication of their rights.

## I.   FIRST CAUSE OF ACTION

**FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

**(As Against all Defendants and DOE Defendants by the Minimum Wage Class)**

41.    Plaintiff hereby incorporates the paragraphs above, as if fully set herein by reference.

42.    At all times relevant to this Complaint, Plaintiff and the members of the Minimum Wage Class were hourly non-exempt employees of Defendant.

43.    Pursuant to Labor Code sections 1194, 1197, and Wage Orders, Plaintiff and the Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

44.    Defendants' payroll policies and procedures required Plaintiff and members of the Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to Defendants' control.

45.    Specifically, Plaintiff maintains that he and other members of the Minimum Wage Class were required to go through security checks and/or bag checks after clocking out for meal periods, during rest periods, and at the end of their shift without being paid for that time.

46.    As a result of Defendants' unlawful conduct, Plaintiff and members of the of the Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they

EXHIBIT C

1    were not paid wages at a minimum wage rate for all hours worked.

2        47.    Pursuant to California Labor Code Sections 1194 and 1194.2, Plaintiff and the

3    members of the Minimum Wage Class members are entitled to recover unpaid minimum wage,

4    interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys'

5    fees and costs.

6                    II.    **SECOND CAUSE OF ACTION**

7    **FAILURE TO PAY OVERTIME WAGES, IN VIOLATION OF CALIFORNIA LABOR**

8                    **CODE SECTIONS 510, 1194 AND 1198**

9        **(As Against all Defendants and DOE Defendants by the Overtime Class)**

10       48.    Plaintiff hereby incorporates the paragraphs above, as if fully set herein by reference.

11       49.    At times relevant to this Complaint, Plaintiff and the members of the Overtime Class

12   were hourly non-exempt employees of Defendants, covered by California Labor Code sections 510

13   and 1194 and the Wage Order.

14       50.    Pursuant to California Labor Code sections 510 and 1194 and the Wage Order, hourly

15   non-exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of

16   eight hours in a workday and/or 40 hours in a workweek.

17       51.    California Labor Code section 510, subdivision (a), states in relevant part:

18       Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one
19       workday and any work in excess of 40 hours in any one workweek and the first eight
         hours worked on the seventh day of work in any one workweek shall be compensated
20       at the rate of no less than one and one-half times the regular rate of pay for an employee.
         Any work in excess of 12 hours in one day shall be compensated at the rate of no less
21       than twice the regular rate of pay for an employee. In addition, any work in excess of
         eight hours on any seventh day of a workweek shall be compensated at the rate of no
22       less than twice the regular rate of pay of an employee. Nothing in this section requires
         an employer to combine more than one rate of overtime compensation in order to
23       calculate the amount to be paid to an employee for any hour of overtime work.

24       52.    Further, California Labor Code section 1198 provides

25
         The maximum hours of work and the standard conditions of labor fixed by the
26       commission shall be the maximum hours of work and the standard conditions of labor
         for employees. The employment of any employee for longer hours than those fixed by
27       the order or under conditions of labor prohibited by the order is unlawful.

28

                    **PLAINTIFF'S COMPLAINT FOR DAMAGES**
                                        15

                    **EXHIBIT C**

53.     Despite that California law requires employers to pay employees a higher rate of pay for all hours worked more than eight hours in a workday, Defendants failed to pay Plaintiff and members of the Overtime Class overtime wages due them for their daily overtime hours worked.

54.     Specifically, Plaintiff maintains that he and members of the Overtime Class were required to go through security checks and/or bag checks after clocking out for meal periods, during rest periods, and at the end of their shift without being paid for that time.

55.     The foregoing resulted in time during each workday which Plaintiff and members of the Overtime Class were under control of Defendants but were not compensated at their overtime rate of pay when they worked more than eight hours in a day or 40 hours in a week.

56.     Pursuant to California Labor Code section 1194, Plaintiff and the Overtime Class members are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest and attorneys' fees and costs.

57.     Pursuant to California Labor Code section 1194, Plaintiff and the members of the Overtime Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest and attorneys' fees and costs.

### III.     THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF

### CALIFORNIA LABOR CODE SECTIONS 512 AND 226.7 AND THE WAGE ORDER

#### (As Against all Defendants and DOE Defendants by the Meal Period Class)

58.     Plaintiff hereby incorporate the paragraphs above, as if fully set herein by reference.

59.     At all times relevant to this Complaint, Plaintiff and the members of the Meal Period Class were non-exempt employees of Defendants in California and covered by California Labor Code sections 226.7, 512, and the Wage Orders.

60.     California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5-hour work period. (Lab. Code §512; Wage Order 4, subd. 11.) An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the 10th hour of work. (Id.) If an employer fails to provide an employee an

EXHIBIT C

uninterrupted, timely meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (Id.)

61.     During the four years prior to the filing of the complaint, Plaintiff and members of the Meal Period Class regularly worked shifts of more than 5 hours in length. Nevertheless, Plaintiff and members of the Meal Period Class were not given a duty-free meal period because Defendants maintain a policy, practice, and/or procedure whereby Defendants require Plaintiff and members of the Meal Period Class to go through security checks and/or bag checks after clocking out for meal periods.

62.     Defendants also regularly failed to pay Plaintiff and members of the Meal Period Class one hour of pay at their regular rate of pay for each workday they did not receive all legally compliant meal periods.

63.     This practice resulted in Plaintiff and members of the Meal Period Class not receiving wages to compensate them for workdays which Defendants did not provide them with legally compliant meal periods in compliance with California law.

64.     Because Defendants failed to provide proper meal periods, they are liable to Plaintiff and the Meal Period Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal period was not provided, pursuant to California Labor Code sections 512 and 226.7 and the Wage Order.

65.     Plaintiff, on behalf of himself and the Meal Period Class, seeks damages and all other relief allowable including a meal period premium wage for each workday Defendants failed to provide all required 30-minute uninterrupted meal periods, plus pre-judgment interest.

### IV.     FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CALIFORNIA

### LABOR CODE SECTION 226.7 AND THE WAGE ORDER

#### (As Against all Defendants and DOE Defendants by the Rest Period Class)

66.     Plaintiff hereby incorporates by reference the above, as if fully set herein.

67.     At all relevant times, Plaintiff and the other members of the Rest Period Class were

EXHIBIT C

non-exempt, hourly employees of Defendants covered by Labor Code Section 226.7 and the Wage Order.

68.     Pursuant to Labor Code Section 226.7 and the Wage Order, Plaintiff and the other members of the Rest Period Class were entitled to receive rest periods of 10-net minutes for every four hours, or major fraction thereof, worked.  If Plaintiff and the Rest Period Class did not receive rest periods for every four hours, or major fraction thereof, worked in a day, Defendants were required to pay them one hour of pay at the employee's regular rate of pay for each workday that the rest period is not provided.

69.     During the four years prior to the filing of the complaint, Plaintiff and members of the Rest Period Class regularly worked shifts of more than 3.5 hours. Nevertheless, Plaintiff and members of the Rest Period Class were not given an uninterrupted 10-minute rest period for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, or 30 minutes for shifts of more than 10 hours up to 14 hours because Defendants' policy required Plaintiff and members of the Rest Period Class to go through bag checks and/or security checks during their rest periods.

70.     Defendants also regularly failed to pay Plaintiff and members of the Rest Period Class one hour of pay at their regular rate of pay for each workday Plaintiff and members of the Rest Period Class did not receive all timely and legally compliant rest periods.

71.     This practice resulted in Members of the Rest Period Class not receiving wages to compensate them for workdays which Defendants did not provide them with compliant rest periods in compliance with California law.

72.     Because Defendants failed to provide proper rest periods, they are liable to Plaintiff and the Rest Period Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest period was not provided, pursuant to California Labor Code section 226.7 and the Wage Order.

73.     Plaintiff, on behalf of himself and the Rest Period Class, seeks damages and all other relief allowable including rest period wages for each workday the employee was not provided with all required rest periods of ten net minutes; and prejudgment interest.

EXHIBIT C

## V.   FIFTH CAUSE OF ACTION

**FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS, IN VIOLATION OF LABOR CODE SECTION 226**

**(As Against all Defendants and DOE Defendants by the Wage Statement Class)**

74.    Plaintiff hereby incorporates by reference the paragraphs above, as if fully set herein by reference.

75.    At all times relevant to this Complaint, Plaintiff and the other members of the Wage Statement Class were hourly employees of Defendants, covered by California Labor Code section 226.

76.    Pursuant to California Labor Code section 226, subdivision (a), Plaintiff and the other members of the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

77.    As a result of the aforementioned conduct (failure to pay wages for all hours worked, failure to pay overtime, and failure to pay meal and rest period premiums), Defendants failed to provide accurate and complete wage statements to Plaintiff and others similarly situated in violation of Labor Code Section 226(a) ) because they did not reflect all of the employees' earnings.

78.    Defendants' failure to provide Plaintiff and members of the Wage Statement Class with accurate wage statements and maintain accurate copies of wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and members of the Wage Statement Class

EXHIBIT C

1    accurate wage statements and maintain but intentionally provided wage statements that Defendants
2    knew were not accurate.

3        79.    As a result of Defendants' conduct, Plaintiff and members of the Wage Statement Class
4    have suffered injury. The absence of accurate information on their wage statements has prevented
5    earlier challenges to Defendants unlawful pay practices, required discovery and mathematical
6    computations to determine the amount of wages owed, caused difficulty and expense in attempting
7    to reconstruct time and pay records, and/or led to the submission of inaccurate information about
8    wages and amounts deducted from wages to state and federal government agencies.

9        80.    Pursuant to Labor Code Section 226(e), Plaintiff and members of the Wage Statement
10   Class are entitled to recover fifty (50) dollars for the initial pay period within the applicable limitations
11   period in which a violation of Labor Code Section 226 occurred and one hundred dollars for each
12   violation of Labor Code Section 226 in a subsequent pay period, not to exceed an aggregate penalty
13   of four thousand ($4,000) dollars per employee.

14       81.    Pursuant to Labor Code Section 226, Plaintiff and members of the Wage Statement
15   Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e) and
16   reasonable attorney's fees.

17       82.    Pursuant to Labor Code Sections 218 and 226(e), Plaintiff and the members of the
18   Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code
19   Section 226(e), reasonable attorney's fees and costs of suit.

20                        **VI.    SIXTH CAUSE OF ACTION**
21   **FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT, IN**
22               **VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**
23          **(As Against all Defendants and DOE Defendants by the Waiting Time Class)**

24       83.    Plaintiff hereby incorporates by reference the paragraphs above, as if fully set herein.
25       84.    At all relevant times, Plaintiff and the members of the Waiting Time Class were
26   employees of Defendants covered by Labor Code Sections 201 or 202.

27       85.    Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Waiting
28   Time Class were entitled upon separation of employment to timely payment of all wages earned and

**EXHIBIT C**

unpaid prior to separation of employment. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

86.     Defendants failed to pay Plaintiff and members of the Waiting Time Class all wages earned and unpaid prior to separation in accordance with Labor Code Sections 201 and/or 202. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice which includes and is not limited to failing to pay at least minimum wage for all time worked, failing to pay overtime wages of all overtime hours worked, and failing to pay premium wages for all non-compliant meal and rest periods.

87.     Defendants' failure to pay Plaintiff and members of the Waiting Time Class all wages earned prior to separation timely in accordance with Labor Code Sections 201 and/or 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation in accordance with Labor Code Sections 201 and/or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 and/or 202. When Defendants failed to pay hourly workers timely upon separation all wages earned prior to separation, Defendants knew what they were doing and intended to do what they did.

88.     Pursuant to Labor Code Sections 201 or 202, Plaintiff and the members of the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants did not pay them.

89.     Pursuant to Labor Code Section 203, Plaintiff and the members of the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation of employment until paid, up to a maximum of 30 days.

90.     As a result of Defendants' conduct, Plaintiff and the members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation of employment.

EXHIBIT C

91.     As a result of Defendants' conduct, Plaintiff and the members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code Section 203.

92.     Pursuant to Labor Code Sections 201, 202, and 203, Plaintiff and members of the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Section 203, interest thereon, reasonable attorney's fees and costs of suit.

## VII.    SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

#### (Against All Defendants and Doe Defendants by the California Class)

93.     Plaintiff hereby incorporates by reference all paragraphs above, as if fully set herein by reference.

94.     The unlawful conduct of Defendants alleged herein constitute unfair competition within the meaning of California Business and Professions Code Section 17200. This unfair conduct includes Defendants' use of policies and procedures which resulted in: failure to pay employees at least at the minimum wage rate for all hours which they worked; failure to pay overtime wages for overtime hours worked; failure to provide legally complaint meal periods and/or pay meal period premium wages; failure to provide legally complaint rest periods and/or pay rest period premium wages; and failure to timely pay employee all earned and unpaid wages due upon separation of employment.

95.     Due to their unfair and unlawful business practices in violation of the California Labor Code, as outline above, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations: to pay employees at least at the minimum wage rate for all hours which they worked; to pay overtime wages for overtime hours worked; to provide legally complaint meal periods and/or pay meal period premium wages; to provide legally complaint rest periods and/or pay rest period premium wages; to provide accurate wage statements; and to timely pay employee all earned and unpaid wages due upon separation of employment..

96.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and members

EXHIBIT C

of the Minimum Wage Class, Overtime Class, Meal Period Class, Rest Period Class, Wage Statement Class, and/or Waiting Time Class have suffered injury in fact and lost money or property, as described in more detail above.

97.     Pursuant to California Business and Professions Code Section 17203, Plaintiff and members of the Minimum Wage Class, Overtime Class, Meal Period Class, Rest Period Class, Wage Statement Class, and/or Waiting Time Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair business practices.

98.     Plaintiff also seeks an injunction against Defendants on behalf of the California Class enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

99.     Plaintiff also seeks attorneys' fees and costs of suit, including but not limited to that recoverable under California Code of Civil Procedure Section 1021.5.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF ON HIS OWN BEHALF AND ON BEHALF OF THOSE SIMILARLY-SITUATED, PRAYS AS FOLLOWS:**

**ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION:**

1.     That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to California Code of Civil Procedure section 382 and any other applicable law;

2.     That the named Plaintiff be designated as class representative for the California Class (and all sub-classes thereof);

3.     A declaratory judgment that the practices complained herein are unlawful; and,

4.     An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

///

EXHIBIT C

**ON THE FIRST CAUSE OF ACTION:**

1. That Defendants be found to have violated the minimum wage provisions of the California Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

2. For damages, according to proof, including but not necessarily limited to unpaid wages;

3. For any and all legally applicable penalties;

4. For liquidated damages pursuant to California Labor Code Section 1194.2;

5. For pre-judgment interest, including but not limited to that recoverable under California Labor Code Section 1194, and post-judgment interest;

6. For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code Section 1194;

7. For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SECOND CAUSE OF ACTION:**

1. That Defendants be found to have violated the overtime provisions of the California Labor Code and the Wage Order as to Plaintiff and the Overtime Class;

2. For damages, according to proof, including but not necessarily limited to unpaid wages;

3. For any and all legally applicable penalties;

4. For pre-judgment interest, including but not limited to that recoverable under California Labor Code Section 1194, and post-judgment interest;

5. For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code Section 1194; and,

6. For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE THIRD CAUSE OF ACTION:**

1. That the Defendants be found to have violated the meal period provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff, the Meal Period Class;

**EXHIBIT C**

2.   For damages, according to proof, including unpaid wages;

3.   For any and all legally applicable penalties;

4.   For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and

5.   For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FOURTH CAUSE OF ACTION:**

1.   That the Defendants be found to have violated the rest period provisions of the Labor Code and the IWC Wages Orders as to Plaintiff and the Rest Period Class;

2.   For damages, according to proof, including unpaid wages;

3.   For any and all legally applicable penalties;

4.   For pre-judgment interest, including but not limited to that recoverable under Labor Code Section 218.6, and post-judgment interest; and

5.   For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FIFTH CAUSE OF ACTION:**

1.   That the Defendants be found to have violated the provisions of the Labor Code regarding proper itemized paystubs as to Plaintiff and the Wage Statement Class;

2.   For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code Section 226(e) and any other legally applicable damages or penalties;

3.   For pre-judgment interest and post-judgment interest;

4.   For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code Section 226(e); and

5.   For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SIXTH CAUSE OF ACTION:**

1.   That the Defendants be found to have violated the provisions of the Labor Code

**EXHIBIT C**

regarding payment of wages due upon resignation or termination as to Plaintiff and the Waiting Time Class;

    2.    For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code Section 203 and any other legally applicable damages or penalties;

    3.    For pre-judgment interest, including under Labor Code Section 218.6, and post-judgment interest; and

    4.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE SEVENTH CAUSE OF ACTION:

    1.    That the Defendants be found to have violated Business and Professions Code Section 17200 for the conduct alleged herein as to Plaintiff and all Classes;

    2.    A declaratory judgment that the practices complained herein are unlawful;

    3.    An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    4.    For restitution to the full extent permitted by law; and

    5.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: March 13, 2020

Respectfully submitted,

**LAVI & EBRAHIMIAN, LLP**

By: _Anwar Burton_

Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Anwar D. Burton, Esq.

Attorneys for PLAINTIFF, KENNETH TAYLOR and Other Class Members

EXHIBIT C

1

## DEMAND FOR JURY TRIAL

2    PLAINTIFF KENNETH TAYLOR hereby demands a trial by jury for himself and the

3    California Class on all claims so triable.

4

5    Dated: March 13, 2020                    Respectfully submitted,

6                                             LAVI & EBRAHIMIAN, LLP

7                                             By: _____

8                                                 Joseph Lavi, Esq.
                                                  Vincent C. Granberry, Esq.
                                                  Anwar D. Burton, Esq.
9

10                                            Attorneys for PLAINTIFF, KENNETH
                                              TAYLOR and Other Class Members
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joseph Lavi, Esq. (SBN 209776); James Yoo, Esq. (SBN 310680)<br>LAVI & EBRAHIMIAN, LLP<br>8889 West Olympic Boulevard, Suite 200<br>Beverly Hills, CA, 90211<br>TELEPHONE NO.: (310) 432-0000    FAX NO.: (310) 432-0001<br>ATTORNEY FOR *(Name):* Kenneth Taylor, and others similarly situated | **CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**MAR 16 2020**<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br><br>By: Isaac Lovo, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME:
Taylor vs. Michael Kors, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **20STCV10276** |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☑ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☑ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence          f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 7: LC 201-203;226.7;510;512;1194;1194.2;1197; B&P 17200
5. This case ☑ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 13, 2020
Anwar D. Burton, Esq.
_____                    ► *Anwar Burton*
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

**EXHIBIT C**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

## EXHIBIT C

| SHORT TITLE: Taylor vs. Michael Kors, Inc., et al. | CASE NUMBER **20STCV10276** |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**BY FAX**

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**EXHIBIT C**

| SHORT TITLE: | Taylor vs. Michael Kors, Inc., et al. | CASE NUMBER |
|---|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

EXHIBIT C

| SHORT TITLE: Taylor vs. Michael Kors, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

EXHIBIT C

| SHORT TITLE: Taylor vs. Michael Kors, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☒ 1. ☒ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 3777 Workman Mill Rd. |
|---|---|

| CITY: Whittier | STATE: CA | ZIP CODE: 90601 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___March 20, 2020___

___(signature)___

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

EXHIBIT C

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/16/2020 |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: _____ I. Lovo _____ Deputy |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV10276 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | William F. Highberger | 10 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 03/16/2020
   (Date)

By I. Lovo _____ , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**EXHIBIT C**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

## NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE
## EXHIBIT C

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**



**Association of**
**Business Trial Lawyers**



**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association**
**Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

EXHIBIT C

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
         (INSERT DATE)                                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

**EXHIBIT C**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

EXHIBIT C

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date:

➤ (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date:

➤ (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

EXHIBIT C

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

**EXHIBIT C**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

EXHIBIT C

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER

EXHIBIT C

 Superior Court of California, County of Los Angeles

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

     **Mediation may be appropriate when the parties**
     - want to work out a solution but need help from a neutral person.
     - have communication problems or strong emotions that interfere with resolution.
     **Mediation may not be appropriate when the parties**
     - want a public trial and want a judge or jury to decide the outcome.
     - lack equal bargaining power or have a history of physical/emotional abuse.

**EXHIBIT C**

## How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a.  **The Civil Mediation Vendor Resource List**
    If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

    - ADR Services, Inc. Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
    - JAMS, Inc. Senior Case Manager mbinder@jamsadr.com (310) 309-6204
    - Mediation Center of Los Angeles (MCLA) Program Manager info@mediationLA.org (833) 476-9145
        o  Only MCLA provides mediation in person, by phone and by videoconference.

    These organizations cannot accept every case and they may decline cases at their discretion.
    Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
    NOTE: This program does not accept family law, probate, or small claims cases.

b.  **Los Angeles County Dispute Resolution Programs**
    https://wdacs.lacounty.gov/programs/drp/
    - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
        o  Free, day- of- trial mediations at the courthouse. No appointment needed.
        o  Free or low-cost mediations before the day of trial.
        o  For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
           http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c.  **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3.  **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit  http://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

EXHIBIT C

1  Joseph Lavi, Esq. (SBN 209776)
   E-Mail: jlavi@lelawfirm.com
2  Vincent C. Granberry, Esq. (SBN 276483)
   E-Mail: vgranberry@lelawfirm.com
3  Anwar D. Burton, Esq. (SBN 253504)
   E-Mail: aburton@lelawfirm.com
4  *LAVI & EBRAHIMIAN, LLP*
   8889 W. Olympic Blvd., Suite 200
5  Beverly Hills, California 90211
   Telephone: (310) 432-0000
6  Facsimile: (310) 432-0001

7  Sahag Majarian II, Esq. (SBN 146621)
   *LAW OFFICE OF SAHAG MAJARIAN II*
8  E-Mail: sahagii@aol.com
   18250 Ventura Boulevard
9  Tarzana, California 91356

10  Attorneys for PLAINTIFF, KENNETH TAYLOR,
    on behalf of himself and others similarly situated.

11

12  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

    **FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE**
13

14  KENNETH TAYLOR, on behalf of himself        Case No.:  20STCV10276
    and others similarly situated,
15                                              [Assigned for All Purposes to the Hon. William
        PLAINTIFF,                              F. Highberger, Dept. 10]
16
    vs.
17                                              **CLASS ACTION**
    MICHAEL KORS, INC.; MICHAEL KORS
18  (USA), INC.; MICHAEL KORS STORES            **PLAINTIFF     KENNETH     TAYLOR'S**
    (CALIFORNIA), INC.; MICHAEL KORS            **NOTICE OF COURT ORDER ON NEWLY**
19  RETAIL, INC.; ADECCO USA, INC.; and         **FILED CLASS ACTION AND NOTICE OF**
    DOES 1 to 100, Inclusive,                   **INITIAL STATUS CONFERENCE ORDER**
20
        DEFENDANTS.
21

22      **TO THIS HONORABLE COURT, ALL DEFENDANTS, AND THEIR RESPECTIVE**

23  **ATTORNEYS OF RECORD:**

24      PLEASE TAKE NOTICE that the Court has issued a Court Order regarding Newly Filed

25  Class Action. A true and correct copy of the Court's Order is attached as **Exhibit 1**.

26      By this Order, the Court stays the case, except for service of the Summons and Complaint.

27  The stay continues at least until the Initial Status Conference. Initial Status Conference is set for

28  August 11, 2020, at 1:30 p.m. in Department 10 of the Los Angeles Superior Court, Spring Street

---

PLAINTIFF KENNETH TAYLOR'S NOTICE OF COURT ORDER ON NEWLY FILED CLASS ACTION
AND NOTICE OF INITIAL STATUS CONFERENCE ORDER
1

**EXHIBIT C**

Courthouse, located at 312 North Spring Street, Los Angeles, California 90012. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date.

PLEASE TAKE FURTHER NOTICE that the Court has issued an Initial Status Conference Order. A true and correct copy of the Court's Initial Status Conference Order is attached as **Exhibit 2**.

By this Order, the Court restates that the case is set for an Initial Status Conference on August 11, 2020, at 1:30 p.m. in Department 10 of the Los Angeles Superior Court, Spring Street Courthouse, located at 312 North Spring Street, Los Angeles, California 90012. In addition, the parties are required to file a Joint Initial Status Conference Response Statement five court days before the Initial Status Conference.

Dated: May 1, 2020

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**


By: *Anwar D. Burton*
Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Anwar D. Burton, Esq.

Attorneys for PLAINTIFF
KENNETH TAYLOR, on behalf of himself
and Others Similarly Situated.

---

PLAINTIFF KENNETH TAYLOR'S NOTICE OF COURT ORDER ON NEWLY FILED CLASS ACTION
AND NOTICE OF INITIAL STATUS CONFERENCE ORDER
2

EXHIBIT C

# "EXHIBIT 1"

EXHIBIT C

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 10

**20STCV10276**                                                          April 9, 2020
**KENNETH TAYLOR vs MICHAEL KORS, INC., et al.**                         11:13 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: M. Mata                     ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

**APPEARANCES:**

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 08/11/2020 at 01:30 PM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms: http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

---

Minute Order                                                Page 1 of 2

EXHIBIT C

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 10

**20STCV10276**
**KENNETH TAYLOR vs MICHAEL KORS, INC., et al.**

April 9, 2020
11:13 AM

| | |
|---|---|
| Judge: Honorable William F. Highberger | CSR: None |
| Judicial Assistant: M. Mata | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

Certificate of Mailing is attached.

EXHIBIT C

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 04/09/2020 Sherri R. Carter, Executive Officer / Clerk of Court By: _____ M. Mata _____ Deputy |
| PLAINTIFF/PETITIONER: Kenneth Taylor | |
| DEFENDANT/RESPONDENT: Michael Kors, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER: 20STCV10276 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order) of 04/09/2020, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Joseph Lavi
LAVI & EBRAHIMIAN, LLP
8889 W Olympic Blvd
Suite 200
Beverly Hills, CA  90211

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 04/27/2020

By: _M. Mata_____
        Deputy Clerk

**CERTIFICATE OF MAILING**

**EXHIBIT C**

# "Exhibit 2"

EXHIBIT C

1
2

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

3

APR 09 2020

4

Sherri R. Carter, Executive Officer/Clerk
By Cedric Caterio, Deputy

5
6
7

SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

COUNTY OF LOS ANGELES

9

CENTRAL DISTRICT

10

KENNETH TAYLOR

11

Plaintiff,

12

vs.

13
14

MICHAEL KORS, INC.

15

Defendant,

16
17

Case No.: 20STCV10276

INITIAL STATUS CONFERENCE ORDER
(COMPLEX LITIGATION PROGRAM)

Case Assigned for All Purposes to
Judge William F. Highberger

Department: 10
Date: August 11, 2020
Time: 1:30 p.m.

18
19      This case has been assigned for all purposes to Judge William F. Highberger in the

20  Complex Litigation Program.  An Initial Status Conference is set for August 11, 2020 at 1:30 p.m.

21  in Department 10 located in the Los Angeles Superior Court at the United States Court House on

22  312 North Spring Street, Los Angeles, CA 90012.   Counsel for all parties are ordered to attend.

23      The court orders counsel to prepare for the Initial Status Conference by identifying and

24  discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

25  initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

26  agree, as much as possible, on a case management plan.  To this end, counsel must file a Joint

27
28

INITIAL STATUS CONFERENCE ORDER (CLASS ACTION)

EXHIBIT C

Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the use the Judicial Council Form CM-110 (Case Management Statement).

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the

-2-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

**EXHIBIT C**

docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan,

-3-

EXHIBIT C

summarize each side's views on discovery.  The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**12.  INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**13.  ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14.  TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

■ The next status conference,

■ A schedule for alternative dispute resolution, if it is relevant,

■ A filing deadline for the motion for class certification, and

■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15.  ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service.

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference.  Electronic

---

[1] See California Rule of Court, Rule 3.768.

-4-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

**EXHIBIT C**

1  service is not the same as electronic filing. Only traditional methods of filing by physical delivery

2  of original papers or by fax filing are presently acceptable.

3  **Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

4  "A dismissal of an entire class action, or of any party or cause of action in a class action, requires

5  court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the

6

7  facts on which the party relies. The declaration must clearly state whether consideration, direct or

8  indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the

9  parties have settled the class action, that too will require judicial approval based on a noticed

10  motion (although it may be possible to shorten time by consent for good cause shown).

11  **Reminder When Seeking Approval of a Settlement**— Plaintiff(s) must address the issue

12  of any fee splitting agreement  in their motion for preliminary approval and demonstrate

13  compliance with California Rule of Court  3.769, and the Rules of Professional Conduct 2-200(a)

14

15  as required by Mark v. Spencer (2008) 166 Cal.App.4th 219.

16  Pending further order of this Court, and except as otherwise provided in this Initial Status

17  Conference Order, *these proceedings are stayed in their entirety*. This stay precludes the filing of

18  any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court;

19  however, any defendant may file a Notice of Appearance for purposes of identification of counsel

20  and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to

21  any challenge to the jurisdiction of the Court, substantive or procedural challenges to the

22  Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any

23  cross-complaint in this action. This stay is issued to assist the Court and the parties in managing

24  this "complex" case through the development of an orderly schedule for briefing and hearings on

25

26  procedural and substantive challenges to the complaint and other issues that may assist in the

27

28  [2] California Rule of Court, Rule 3.770(a)

-5-

**EXHIBIT C**

1  orderly management of these cases. This stay does not preclude the parties from informally

2  exchanging documents that may assist in their initial evaluation of the issues presented in this

3  case, however it stays all outstanding discovery requests.

4       Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along

5  with a copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class

6  
7  Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within

8  five (5) days of service of this order. If any defendant has not been served in this action, service is

9  to be completed within twenty (20) days of the date of this order.

10       If all parties have been served, have conducted the required meet and confer, and are ready

11  to fully participate in the status conference prior to the assigned date, counsel may contact the

12  clerk of Department 10 and request an earlier date for the Initial Status Conference.

13  
14      Dated:

15  
16                    WILLIAM F. HIGHBERGER

17                        _____

18                       Judge William F. Highberger

19  
20  
21  
22  
23  
24  
25  
26  
27  
28

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

**EXHIBIT C**

| TAYLOR, K. v. MICHAEL KORS, INC. | CASE NO. 20STCV10276 |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On May 1, 2020, I served the foregoing documents, described as:

1. **"PLAINTIFF KENNETH TAYLOR'S NOTICE OF COURT ORDER ON NEWLY FILED CLASS ACTION AND NOTICE OF INITIAL STATUS CONFERENCE ORDER"**

on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| Defendant: | Defendant: |
|---|---|
| **MICHAEL KORS, INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 | **MICHAEL KORS, (USA) INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 |
| Defendant: | Defendant: |
| **MICHAEL KORS STORES (CALIFORNIA), INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 | **MICHAEL KORS RETAIL, INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 |
| Defendant: | |
| **ADECCO USA, INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 | |

☒ **(BY MAIL) As follows:**

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐ **(BY ELECTRONIC MAIL)** I sent such document via facsimile mail to the number(s) noted above.

EXHIBIT C

☒ **(STATE)** I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed May 1, 2020, at Beverly Hills, California.

J. César Flores

---

**PROOF OF SERVICE**
2

**EXHIBIT C**

# EXHIBIT D

## CT Corporation

**Service of Process Transmittal**
05/04/2020
CT Log Number 537621913

| | |
|---|---|
| **TO:** | Krista McDonough, Senior Vice President, General Counsel<br>Michael Kors<br>11 West 42nd Street, 29th Floor<br>New York, NY 10036 |

**RE:** **Process Served in California**

**FOR:** MICHAEL KORS (USA), INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KENNETH TAYLOR, ETC., PLTF. vs. MICHAEL KORS, INC., ETC., ET AL., DFTS.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV10276 |
| **NATURE OF ACTION:** | - |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 05/04/2020 postmarked on 05/01/2020 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780134285758<br><br>Image SOP<br><br>Email Notification,  Krista McDonough  krista.mcdonough@michaelkors.com<br><br>Email Notification,  NA'ASIA COBB  naasia.cobb@capriholdings.com<br><br>Email Notification,  NATALIE NEWMAN  natalie.newman@capriholdings.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Page 1 of  1 / MB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT D

LAW OFFICES OF
LAVI & EBRAHIMIAN, LLP
8889 W. OLYMPIC BLVD., SUITE 200
BEVERLY HILLS, CALIFORNIA 90211

FIRST-CLASS

US POSTAGE
02 1P          $ 000.80⁰
0001217907     MAY 01 2020
MAILED FROM ZIP CODE 90211

**MICHAEL KORS, (USA) INC.**
c/o C T Corporation System, Registered Agent
818 West Seventh Street St., Ste. 930
Los Angeles, CA 90017

EXHIBIT D

1  Joseph Lavi, Esq. (SBN 209776)
   E-Mail: jlavi@lelawfirm.com
2  Vincent C. Granberry, Esq. (SBN 276483)
   E-Mail: vgranberry@lelawfirm.com
3  Anwar D. Burton, Esq. (SBN 253504)
   E-Mail: aburton@lelawfirm.com
4  *LAVI & EBRAHIMIAN, LLP*
   8889 W. Olympic Blvd., Suite 200
5  Beverly Hills, California 90211
   Telephone: (310) 432-0000
6  Facsimile: (310) 432-0001

7  Sahag Majarian II, Esq. (SBN 146621)
   *LAW OFFICE OF SAHAG MAJARIAN II*
8  E-Mail: sahagii@aol.com
   18250 Ventura Boulevard
9  Tarzana, California 91356

10 Attorneys for PLAINTIFF, KENNETH TAYLOR,
   on behalf of himself and others similarly situated.

11            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12        **FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE**

13

14 | KENNETH TAYLOR, on behalf of himself | Case No.: 20STCV10276 |
   | and others similarly situated, | |

15 |  | [Assigned for All Purposes to the Hon. William |
   | PLAINTIFF, | F. Highberger, Dept. 10] |
16 |  | |
   | vs. | |
17 |  | **CLASS ACTION** |
   | MICHAEL KORS, INC.; MICHAEL KORS | |
18 | (USA), INC.; MICHAEL KORS STORES | **PLAINTIFF    KENNETH    TAYLOR'S** |
   | (CALIFORNIA), INC.; MICHAEL KORS | **NOTICE OF COURT ORDER ON NEWLY** |
19 | RETAIL, INC.; ADECCO USA, INC.; and | **FILED CLASS ACTION AND NOTICE OF** |
   | DOES 1 to 100, Inclusive, | **INITIAL STATUS CONFERENCE ORDER** |
20 |  | |
   | DEFENDANTS. | |
21

22        **TO THIS HONORABLE COURT, ALL DEFENDANTS, AND THEIR RESPECTIVE**

23 **ATTORNEYS OF RECORD:**

24        PLEASE TAKE NOTICE that the Court has issued a Court Order regarding Newly Filed

25 Class Action. A true and correct copy of the Court's Order is attached as **Exhibit 1**.

26        By this Order, the Court stays the case, except for service of the Summons and Complaint.

27 The stay continues at least until the Initial Status Conference. Initial Status Conference is set for

28 August 11, 2020, at 1:30 p.m. in Department 10 of the Los Angeles Superior Court, Spring Street

---

**PLAINTIFF KENNETH TAYLOR'S NOTICE OF COURT ORDER ON NEWLY FILED CLASS ACTION
AND  NOTICE OF INITIAL STATUS CONFERENCE ORDER**
**EXHIBIT D** [1]

Courthouse, located at 312 North Spring Street, Los Angeles, California 90012. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date.

PLEASE TAKE FURTHER NOTICE that the Court has issued an Initial Status Conference Order. A true and correct copy of the Court's Initial Status Conference Order is attached as **Exhibit 2**.

By this Order, the Court restates that the case is set for an Initial Status Conference on August 11, 2020, at 1:30 p.m. in Department 10 of the Los Angeles Superior Court, Spring Street Courthouse, located at 312 North Spring Street, Los Angeles, California 90012. In addition, the parties are required to file a Joint Initial Status Conference Response Statement five court days before the Initial Status Conference.

Dated: May 1, 2020

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**


By: *Anwar D. Burton*

Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Anwar D. Burton, Esq.

Attorneys for PLAINTIFF
KENNETH TAYLOR, on behalf of himself
and Others Similarly Situated.

# "EXHIBIT 1"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**20STCV10276**                                                      April 9, 2020
**KENNETH TAYLOR vs MICHAEL KORS, INC., et al.**                     11:13 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: M. Mata                      ERM: None
Courtroom Assistant: None                        Deputy Sheriff: None

**APPEARANCES:**

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 08/11/2020 at 01:30 PM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms: http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

EXHIBIT D

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 10

**20STCV10276**                                                     April 9, 2020
**KENNETH TAYLOR vs MICHAEL KORS, INC., et al.**                    11:13 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: M. Mata                     ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

Certificate of Mailing is attached.

Minute Order                                     Page 2 of 2

EXHIBIT D

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/09/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Mata _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Kenneth Taylor | |
| DEFENDANT/RESPONDENT:<br>Michael Kors, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV10276 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order) of 04/09/2020, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Joseph Lavi
LAVI & EBRAHIMIAN, LLP
8889 W Olympic Blvd
Suite 200
Beverly Hills, CA 90211

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>04/27/2020</u>

By: <u>M. Mata</u> _____
Deputy Clerk

**CERTIFICATE OF MAILING**
EXHIBIT D

"**Exhibit 2**"

1

2

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

3

APR 09 2020

4

Sherri R. Carter, Executive Officer/Clerk
By Cedric Caterio, Deputy

5

6

7

SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

COUNTY OF LOS ANGELES

9

CENTRAL DISTRICT

10

KENNETH TAYLOR

Case No.: 20STCV10276

11

Plaintiff,

INITIAL STATUS CONFERENCE ORDER
(COMPLEX LITIGATION PROGRAM)

12

vs.

13

Case Assigned for All Purposes to
Judge William F. Highberger

14

MICHAEL KORS, INC.

15

Defendant,

Department: 10
Date: August 11, 2020
Time: 1:30 p.m.

16

17

18

19

    This case has been assigned for all purposes to Judge William F. Highberger in the

20

Complex Litigation Program. An Initial Status Conference is set for August 11, 2020 at 1:30 p.m.

21

in Department 10 located in the Los Angeles Superior Court at the United States Court House on

22

312 North Spring Street, Los Angeles, CA 90012.   Counsel for all parties are ordered to attend.

23

    The court orders counsel to prepare for the Initial Status Conference by identifying and

24

discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to

25

initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

26

agree, as much as possible, on a case management plan. To this end, counsel must file a Joint

27

28

INITIAL STATUS CONFERENCE ORDER (CLASS ACTION)
EXHIBIT D

Initial Status Conference Class Action Response Statement five court days before the Initial Status

Conference. The Joint Response Statement must be filed on line-numbered pleading paper and

must specifically answer each of the below-numbered questions. Do not use the use the Judicial

Council Form CM-110 (Case Management Statement).

1.  **PARTIES AND COUNSEL:** Please list all presently-named class representatives and

presently-named defendants, together with all counsel of record, including counsel's contact and

email information.

2.  **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently

intends to add additional class representatives, and, if so, the name(s) and date by which these

class representatives will be added. Indicate whether any plaintiff presently intends to name

additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added.

Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the

names of cross-defendants and the date by which the cross-complaint will be filed.

3.  **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong

person or entity, please explain why the named defendant is improperly named and the proposed

procedure to correct this error.

4.  **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party

believes one or more named plaintiffs might not be an adequate class representative, including

reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los

Angeles County (2005) 126 Cal.App.4[th] 1253, please explain. No prejudice will attach to these

responses.

5.  **ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

6.  **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list

other cases with overlapping class definitions. Please identify the court, the short caption title, the

-2-

docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

■ Motion to Compel Arbitration,

■ Early motions in limine,

■ Early motions about particular jury instructions and verdict forms,

■ Demurrers,

■ Motions to strike,

■ Motions for judgment on the pleadings, and

■ Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan,

-3-

summarize each side's views on discovery.  The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**12. INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**13. ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- ■ The next status conference,

- ■ A schedule for alternative dispute resolution, if it is relevant,

- ■ A filing deadline for the motion for class certification, and

- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service.

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference.  Electronic

---

[1] See California Rule of Court, Rule 3.768.

-4-

EXHIBIT D

service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement–**  Plaintiff(s) must address the issue of any fee splitting agreement  in their motion for preliminary approval and demonstrate compliance with California Rule of Court  3.769, and the Rules of Professional Conduct 2-200(a) as required by Mark v. Spencer (2008) 166 Cal.App.4[th] 219.

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, *these proceedings are stayed in their entirety*. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the

---

[2] California Rule of Court, Rule 3.770(a)

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

**EXHIBIT D**

1   orderly management of these cases. This stay does not preclude the parties from informally

2   exchanging documents that may assist in their initial evaluation of the issues presented in this

3   case, however it stays all outstanding discovery requests.

4       Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along

5   with a copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class

6   Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within

7
8   five (5) days of service of this order. If any defendant has not been served in this action, service is

9   to be completed within twenty (20) days of the date of this order.

10      If all parties have been served, have conducted the required meet and confer, and are ready

11  to fully participate in the status conference prior to the assigned date, counsel may contact the

12  clerk of Department 10 and request an earlier date for the Initial Status Conference.

13

14

15      Dated:

16                          WILLIAM F. HIGHBERGER

17                          _____

18                                   Judge William F. Highberger

19

20

21

22

23

24

25

26

27

28

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)
**EXHIBIT D**

**TAYLOR, K. v. MICHAEL KORS, INC.**                    **CASE NO. 20STCV10276**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On May 1, 2020, I served the foregoing documents, described as:

> 1. **"PLAINTIFF KENNETH TAYLOR'S NOTICE OF COURT ORDER ON NEWLY FILED CLASS ACTION AND NOTICE OF INITIAL STATUS CONFERENCE ORDER"**

on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| *Defendant:* | *Defendant:* |
|---|---|
| **MICHAEL KORS, INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 | **MICHAEL KORS, (USA) INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 |
| *Defendant:* | *Defendant:* |
| **MICHAEL KORS STORES (CALIFORNIA), INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 | **MICHAEL KORS RETAIL, INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 |
| *Defendant:* | |
| **ADECCO USA, INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 | |

☒      **(BY MAIL)** As follows:

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business.  I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐      **(BY ELECTRONIC MAIL)** I sent such document via facsimile mail to the number(s) noted above.

☒  **(STATE)** I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed May 1, 2020, at Beverly Hills, California.

J. César Flores

# EXHIBIT E

## CT Corporation

**Service of Process Transmittal**
05/06/2020
CT Log Number 537632476

| | |
|---|---|
| **TO:** | Jennifer Rodriguez, Counsel, Labor and Employment<br>Michael Kors<br>11 West 42nd Street, 29th Floor<br>New York, NY 10036 |
| **RE:** | **Process Served in California** |
| **FOR:** | MICHAEL KORS STORES (CALIFORNIA) INC.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KENNETH TAYLOR, on behalf of himself and others similarly situated, Pltf. vs. MICHAEL KORS, INC., et al., Dfts. // To: MICHAEL KORS STORES (CALIFORNIA), INC.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV10276 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 05/06/2020 postmarked on 05/01/2020 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780107837024<br><br>Image SOP<br><br>Email Notification,  Krista McDonough  krista.mcdonough@michaelkors.com<br><br>Email Notification,  Jennifer Rodriguez  jennifer.rodriguez@michaelkors.com<br><br>Email Notification,  NA'ASIA COBB  naasia.cobb@capriholdings.com<br><br>Email Notification,  NATALIE NEWMAN  natalie.newman@capriholdings.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Page 1 of  2 / CM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT E

**CT Corporation**

**Service of Process Transmittal**
05/06/2020
CT Log Number 537632476

**TO:** Jennifer Rodriguez, Counsel, Labor and Employment
Michael Kors
11 West 42nd Street, 29th Floor
New York, NY 10036

**RE:** **Process Served in California**

**FOR:** MICHAEL KORS STORES (CALIFORNIA) INC.   (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| - | By Process Server on 05/04/2020 | Jennifer Rodriguez, Counsel, Labor and Employment Michael Kors | 537625040 |

Page 2 of  2 / CM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT E

**LAW OFFICES OF**
# LAVI & EBRAHIMIAN, LLP
**8889 W. OLYMPIC BLVD., SUITE 200**
**BEVERLY HILLS, CALIFORNIA 90211**


FIRST-CLASS

PITNEY BOWES
US POSTAGE
02 1P          $ 000.80⁰
0001217907     MAY 01 2020
MAILED FROM ZIP CODE 90211

**MICHAEL KORS STORES (CALIFORNIA), INC.**
c/o C T Corporation System, Registered Agent
818 West Seventh Street St., Ste. 930
Los Angeles, CA 90017

**EXHIBIT E**

Joseph Lavi, Esq. (SBN 209776)
E-Mail: jlavi@lelawfirm.com
Vincent C. Granberry, Esq. (SBN 276483)
E-Mail: vgranberry@lelawfirm.com
Anwar D. Burton, Esq. (SBN 253504)
E-Mail: aburton@lelawfirm.com
*LAVI & EBRAHIMIAN, LLP*
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Sahag Majarian II, Esq. (SBN 146621)
*LAW OFFICE OF SAHAG MAJARIAN II*
E-Mail: sahagii@aol.com
18250 Ventura Boulevard
Tarzana, California 91356

Attorneys for PLAINTIFF, KENNETH TAYLOR,
on behalf of himself and others similarly situated.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE

| | |
|---|---|
| KENNETH TAYLOR, on behalf of himself and others similarly situated, <br><br> PLAINTIFF, <br><br> vs. <br><br> MICHAEL KORS, INC.; MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.; MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 to 100, Inclusive, <br><br> DEFENDANTS. | Case No.: 20STCV10276 <br><br> [Assigned for All Purposes to the Hon. William F. Highberger, Dept. 10] <br><br> **CLASS ACTION** <br><br> **PLAINTIFF KENNETH TAYLOR'S NOTICE OF COURT ORDER ON NEWLY FILED CLASS ACTION AND NOTICE OF INITIAL STATUS CONFERENCE ORDER** |

**TO THIS HONORABLE COURT, ALL DEFENDANTS, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that the Court has issued a Court Order regarding Newly Filed Class Action. A true and correct copy of the Court's Order is attached as **Exhibit 1**.

By this Order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for August 11, 2020, at 1:30 p.m. in Department 10 of the Los Angeles Superior Court, Spring Street

Courthouse, located at 312 North Spring Street, Los Angeles, California 90012. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date.

PLEASE TAKE FURTHER NOTICE that the Court has issued an Initial Status Conference Order. A true and correct copy of the Court's Initial Status Conference Order is attached as **Exhibit 2**.

By this Order, the Court restates that the case is set for an Initial Status Conference on August 11, 2020, at 1:30 p.m. in Department 10 of the Los Angeles Superior Court, Spring Street Courthouse, located at 312 North Spring Street, Los Angeles, California 90012. In addition, the parties are required to file a Joint Initial Status Conference Response Statement five court days before the Initial Status Conference.

Dated: May 1, 2020

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By: *Anwar D. Burton*

Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Anwar D. Burton, Esq.

Attorneys for PLAINTIFF
KENNETH TAYLOR, on behalf of himself
and Others Similarly Situated.

# "EXHIBIT 1"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 10

**20STCV10276**                                                      April 9, 2020
**KENNETH TAYLOR vs MICHAEL KORS, INC., et al.**                      11:13 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: M. Mata                     ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 08/11/2020 at 01:30 PM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms: http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

Minute Order                                                        Page 1 of 2

EXHIBIT E

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**20STCV10276**
**KENNETH TAYLOR vs MICHAEL KORS, INC., et al.**

April 9, 2020
11:13 AM

Judge: Honorable William F. Highberger
Judicial Assistant: M. Mata
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

Certificate of Mailing is attached.

EXHIBIT E

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/09/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Mata _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Kenneth Taylor | |
| DEFENDANT/RESPONDENT:<br>Michael Kors, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV10276 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order) of 04/09/2020, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Joseph Lavi
LAVI & EBRAHIMIAN, LLP
8889 W Olympic Blvd
Suite 200
Beverly Hills, CA 90211

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 04/27/2020

By: M. Mata
Deputy Clerk

CERTIFICATE OF MAILING
EXHIBIT E

"Exhibit 2"

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 09 2020

Sherri R. Carter, Executive Officer/Clerk
By Cedric Caterio, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

KENNETH TAYLOR

        Plaintiff,

vs.

MICHAEL KORS, INC.

        Defendant,

Case No.: 20STCV10276

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

Case Assigned for All Purposes to Judge William F. Highberger

Department: 10
Date: August 11, 2020
Time: 1:30 p.m.

This case has been assigned for all purposes to Judge William F. Highberger in the Complex Litigation Program. An Initial Status Conference is set for August 11, 2020 at 1:30 p.m. in Department 10 located in the Los Angeles Superior Court at the United States Court House on 312 North Spring Street, Los Angeles, CA 90012. Counsel for all parties are ordered to attend.

        The court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint

Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the use the Judicial Council Form CM-110 (Case Management Statement).

    **1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

    **2. POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

    **3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

    **4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

    **5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

    **6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the

-2-

EXHIBIT E

docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION
WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a
sample of any relevant clause of this sort.   Opposing parties must summarize their views on this
issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify
and describe the significant core issues in the case, and then identify efficient ways to resolve
those issues, including one or more of the following:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining
class contact information from defendant' s records is necessary in this case and, if so,  whether
the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v.
Superior Court* (2007) 149 Cal.App.4th 554, 561).  Counsel should address timing and procedure,
including allocation of cost and the necessity of a third party administrator.

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential
information from general disclosure should begin with the model protective orders found on the
Los Angéles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss a discovery plan.  If the parties cannot agree on a plan,

-3-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)
EXHIBIT E

summarize each side's views on discovery.  The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**12.  INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**13.  ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14.  TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15.  ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service.

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference.  Electronic

---

[1] See California Rule of Court, Rule 3.768.

-4-

service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement–** Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by Mark v. Spencer (2008) 166 Cal.App.4th 219.

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed in their entirety***. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the

---

[2] California Rule of Court, Rule 3.770(a)

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

EXHIBIT E

1  orderly management of these cases. This stay does not preclude the parties from informally

2  exchanging documents that may assist in their initial evaluation of the issues presented in this

3  case, however it stays all outstanding discovery requests.

4       Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along

5  with a copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class

6
7  Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within

8  five (5) days of service of this order. If any defendant has not been served in this action, service is

9  to be completed within twenty (20) days of the date of this order.

10      If all parties have been served, have conducted the required meet and confer, and are ready

11  to fully participate in the status conference prior to the assigned date, counsel may contact the

12  clerk of Department 10 and request an earlier date for the Initial Status Conference.

13

14
    Dated:

15
                        WILLIAM F. HIGHBERGER
16

17                      _____
                                Judge William F. Highberger
18

19

20

21

22

23

24

25

26

27

28
                                    -6-

**TAYLOR, K. v. MICHAEL KORS, INC.**                    **CASE NO. 20STCV10276**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On May 1, 2020, I served the foregoing documents, described as:

1. **"PLAINTIFF KENNETH TAYLOR'S NOTICE OF COURT ORDER ON NEWLY FILED CLASS ACTION AND NOTICE OF INITIAL STATUS CONFERENCE ORDER"**

on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| *Defendant:*<br><br>**MICHAEL KORS, INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 | *Defendant:*<br><br>**MICHAEL KORS, (USA) INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 |
|---|---|
| *Defendant:*<br><br>**MICHAEL KORS STORES (CALIFORNIA), INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 | *Defendant:*<br><br>**MICHAEL KORS RETAIL, INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 |
| *Defendant:*<br><br>**ADECCO USA, INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 | |

☒ **(BY MAIL)** As follows:

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business.  I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐ **(BY ELECTRONIC MAIL)** I sent such document via facsimile mail to the number(s) noted above.

☒ **(STATE)** I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed May 1, 2020, at Beverly Hills, California.

J. César Flores

# EXHIBIT F

## CT Corporation

**Service of Process Transmittal**
05/06/2020
CT Log Number 537632786

**TO:**  Krista McDonough, Senior Vice President, General Counsel
Michael Kors
11 West 42nd Street, 29th Floor
New York, NY 10036

**RE:**  **Process Served in California**

**FOR:**  Michael Kors Retail, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KENNETH TAYLOR, on behalf of himself and others similarly situated, Pltf. vs. MICHAEL KORS, INC., et al., Dfts. // To: MICHAEL KORS, INC. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified Case # 20STCV10276 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 05/06/2020 postmarked on 05/01/2020 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **REMARKS:** | According to the California Secretary of State, the only entity registered beginning with the name MICHAEL KORS, INC. is MICHAEL KORS RETAIL, INC. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780133282048 |
| | Image SOP |
| | Email Notification,  Krista McDonough  krista.mcdonough@michaelkors.com |
| | Email Notification,  NA'ASIA COBB  naasia.cobb@capriholdings.com |
| | Email Notification,  NATALIE NEWMAN  natalie.newman@capriholdings.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1209 N Orange St Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252 EastTeam2@wolterskluwer.com |

Page 1 of  2 / AZ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT F

**CT Corporation**

**Service of Process Transmittal**
05/06/2020
CT Log Number 537632786

| | |
|---|---|
| **TO:** | Krista McDonough, Senior Vice President, General Counsel<br>Michael Kors<br>11 West 42nd Street, 29th Floor<br>New York, NY 10036 |
| **RE:** | **Process Served in California** |
| **FOR:** | Michael Kors Retail, Inc.  (Domestic State: DE) |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| - | By Process Server on 05/04/2020 | Krista McDonough, Senior Vice President, General Counsel<br>Michael Kors | 537624995 |

Page 2 of  2 / AZ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT F



LAW OFFICES OF
# LAVI & EBRAHIMIAN, LLP
8889 W. OLYMPIC BLVD., SUITE 200
BEVERLY HILLS, CALIFORNIA 90211

FIRST-CLASS

PITNEY BOWES
US POSTAGE
02 1P  **$ 000.80⁰**
0001217907   MAY 01 2020
MAILED FROM ZIP CODE 90211

**MICHAEL KORS, INC.**
c/o C T Corporation System, Registered Agent
818 West Seventh Street St., Ste. 930
Los Angeles, CA 90017

EXHIBIT F

1    Joseph Lavi, Esq. (SBN 209776)
     E-Mail: jlavi@lelawfirm.com
2    Vincent C. Granberry, Esq. (SBN 276483)
     E-Mail: vgranberry@lelawfirm.com
3    Anwar D. Burton, Esq. (SBN 253504)
     E-Mail: aburton@lelawfirm.com
4    *LAVI & EBRAHIMIAN, LLP*
     8889 W. Olympic Blvd., Suite 200
5    Beverly Hills, California 90211
     Telephone: (310) 432-0000
6    Facsimile: (310) 432-0001

7    Sahag Majarian II, Esq. (SBN 146621)
     *LAW OFFICE OF SAHAG MAJARIAN II*
8    E-Mail: sahagii@aol.com
     18250 Ventura Boulevard
9    Tarzana, California 91356

10   Attorneys for PLAINTIFF, KENNETH TAYLOR,
     on behalf of himself and others similarly situated.

11

          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12
        **FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE**

13

14   KENNETH TAYLOR, on behalf of himself          Case No.: 20STCV10276
     and others similarly situated,
15                                                 [Assigned for All Purposes to the Hon. William
            PLAINTIFF,                             F. Highberger, Dept. 10]
16
     vs.
17                                                 **CLASS ACTION**
     MICHAEL KORS, INC.; MICHAEL KORS
18   (USA), INC.; MICHAEL KORS STORES             **PLAINTIFF    KENNETH    TAYLOR'S**
     (CALIFORNIA), INC.; MICHAEL KORS             **NOTICE OF COURT ORDER ON NEWLY**
19   RETAIL, INC.; ADECCO USA, INC.; and          **FILED CLASS ACTION AND NOTICE OF**
     DOES 1 to 100, Inclusive,                    **INITIAL STATUS CONFERENCE ORDER**
20
            DEFENDANTS.
21

22        **TO THIS HONORABLE COURT, ALL DEFENDANTS, AND THEIR RESPECTIVE**

23   **ATTORNEYS OF RECORD:**

24        PLEASE TAKE NOTICE that the Court has issued a Court Order regarding Newly Filed

25   Class Action. A true and correct copy of the Court's Order is attached as **Exhibit 1**.

26        By this Order, the Court stays the case, except for service of the Summons and Complaint.

27   The stay continues at least until the Initial Status Conference. Initial Status Conference is set for

28   August 11, 2020, at 1:30 p.m. in Department 10 of the Los Angeles Superior Court, Spring Street

Courthouse, located at 312 North Spring Street, Los Angeles, California 90012. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date.

PLEASE TAKE FURTHER NOTICE that the Court has issued an Initial Status Conference Order. A true and correct copy of the Court's Initial Status Conference Order is attached as **Exhibit 2**.

By this Order, the Court restates that the case is set for an Initial Status Conference on August 11, 2020, at 1:30 p.m. in Department 10 of the Los Angeles Superior Court, Spring Street Courthouse, located at 312 North Spring Street, Los Angeles, California 90012. In addition, the parties are required to file a Joint Initial Status Conference Response Statement five court days before the Initial Status Conference.

Dated:  May 1, 2020

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**


By: *Anwar D. Burton*

    Joseph Lavi, Esq.
    Vincent C. Granberry, Esq.
    Anwar D. Burton, Esq.

    Attorneys for PLAINTIFF
    KENNETH TAYLOR, on behalf of himself
    and Others Similarly Situated.

---

PLAINTIFF KENNETH TAYLOR'S NOTICE OF COURT ORDER ON NEWLY FILED CLASS ACTION
AND NOTICE OF INITIAL STATUS CONFERENCE ORDER
EXHIBIT F 2

# "EXHIBIT 1"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**20STCV10276**                                          April 9, 2020
**KENNETH TAYLOR vs MICHAEL KORS, INC., et al.**          11:13 AM

Judge: Honorable William F. Highberger        CSR: None
Judicial Assistant: M. Mata                    ERM: None
Courtroom Assistant: None                      Deputy Sheriff: None

**APPEARANCES:**

For Plaintiff(s):  No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 08/11/2020 at 01:30 PM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

Minute Order                                         Page 1 of 2

EXHIBIT F

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 10

**20STCV10276**                                                      April 9, 2020
**KENNETH TAYLOR vs MICHAEL KORS, INC., et al.**          11:13 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: M. Mata                     ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

Certificate of Mailing is attached.

Minute Order                                        Page 2 of 2

**EXHIBIT F**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/09/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Mata _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Kenneth Taylor | |
| DEFENDANT/RESPONDENT:<br>Michael Kors, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV10276 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order) of 04/09/2020, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Joseph  Lavi
LAVI & EBRAHIMIAN, LLP
8889 W Olympic Blvd
Suite 200
Beverly Hills, CA  90211


Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 04/27/2020

By:  M. Mata _____
        Deputy Clerk


CERTIFICATE OF MAILING
EXHIBIT F

# "Exhibit 2"

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

**APR 09 2020**

Sherri R. Carter, Executive Officer/Clerk
By Cedric Caterio, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| KENNETH TAYLOR | Case No.: 20STCV10276 |
|---|---|
| Plaintiff, | INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) |
| vs. | Case Assigned for All Purposes to Judge William F. Highberger |
| MICHAEL KORS, INC. | Department: 10 |
| Defendant, | Date: August 11, 2020 Time: 1:30 p.m. |

This case has been assigned for all purposes to Judge William F. Highberger in the Complex Litigation Program. An Initial Status Conference is set for August 11, 2020 at 1:30 p.m. in Department 10 located in the Los Angeles Superior Court at the United States Court House on 312 North Spring Street, Los Angeles, CA 90012.   Counsel for all parties are ordered to attend.

The court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint

INITIAL STATUS CONFERENCE ORDER (CLASS ACTION)
**EXHIBIT F**

Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

3. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

4. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

5. **ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

6. **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the

-2-

docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan,

-3-

summarize each side's views on discovery.   The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

12.  **INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

13.  **ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

14.  **TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- ■ The next status conference,

- ■ A schedule for alternative dispute resolution, if it is relevant,

- ■ A filing deadline for the motion for class certification, and

- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

15.  **ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service.

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic

---

[1] See California Rule of Court, Rule 3.768.

-4-

1    service is not the same as electronic filing.  Only traditional methods of filing by physical delivery

2    of original papers or by fax filing are presently acceptable.

3        **Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

4    "A dismissal of an entire class action, or of any party or cause of action in a class action, requires

5    court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the

6
     facts on which the party relies. The declaration must clearly state whether consideration, direct or
7
     indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the
8
9    parties have settled the class action, that too will require judicial approval based on a noticed

10   motion (although it may be possible to shorten time by consent for good cause shown).

11       **Reminder When Seeking Approval of a Settlement–**  Plaintiff(s) must address the issue

12   of any fee splitting agreement  in their motion for preliminary approval and demonstrate

13   compliance with California Rule of Court  3.769, and the Rules of Professional Conduct 2-200(a)

14
     as required by Mark v. Spencer (2008) 166 Cal.App.4th 219.
15

16       Pending further order of this Court, and except as otherwise provided in this Initial Status

17   Conference Order, *these proceedings are stayed in their entirety*. This stay precludes the filing of

18   any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court;

19   however, any defendant may file a Notice of Appearance for purposes of identification of counsel

20   and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to

21   any challenge to the jurisdiction of the Court, substantive or procedural challenges to the
22
     Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any
23
24   cross-complaint in this action. This stay is issued to assist the Court and the parties in managing

25   this "complex" case through the development of an orderly schedule for briefing and hearings on

26   procedural and substantive challenges to the complaint and other issues that may assist in the

27   _____

28   [2] California Rule of Court, Rule 3.770(a)

-5-

1   orderly management of these cases. This stay does not preclude the parties from informally

2   exchanging documents that may assist in their initial evaluation of the issues presented in this

3   case, however it stays all outstanding discovery requests.

4       Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along

5   with a copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class

6   
7   Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within

8   five (5) days of service of this order. If any defendant has not been served in this action, service is

9   to be completed within twenty (20) days of the date of this order.

10       If all parties have been served, have conducted the required meet and confer, and are ready

11   to fully participate in the status conference prior to the assigned date, counsel may contact the

12   clerk of Department 10 and request an earlier date for the Initial Status Conference.

13   
14   
15   Dated:

16                       WILLIAM F. HIGHBERGER

17                               Judge William F. Highberger

18   
19   
20   
21   
22   
23   
24   
25   
26   
27   
28   

-6-

TAYLOR, K. v. MICHAEL KORS, INC.                    CASE NO. 20STCV10276

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On May 1, 2020, I served the foregoing documents, described as:

1. **"PLAINTIFF KENNETH TAYLOR'S NOTICE OF COURT ORDER ON NEWLY FILED CLASS ACTION AND NOTICE OF INITIAL STATUS CONFERENCE ORDER"**

on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| *Defendant:* | *Defendant:* |
|---|---|
| **MICHAEL KORS, INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 | **MICHAEL KORS, (USA) INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 |
| *Defendant:* | *Defendant:* |
| **MICHAEL KORS STORES (CALIFORNIA), INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 | **MICHAEL KORS RETAIL, INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 |
| *Defendant:*<br><br>**ADECCO USA, INC.**<br>c/o C T Corporation System, Registered Agent<br>818 West Seventh Street St., Ste. 930<br>Los Angeles, CA 90017 | |

☒     **(BY MAIL)** As follows:

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐     **(BY ELECTRONIC MAIL)** I sent such document via facsimile mail to the number(s) noted above.

PROOF OF SERVICE

EXHIBIT F   1

☒ **(STATE)** I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed May 1, 2020, at Beverly Hills, California.

_____
J. César Flores

# EXHIBIT G

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* #:293 | FOR COURT USE ONLY |
|---|---|
| Joseph Lavi, Esq. (State Bar No. 209776); Vincent C. Granberry, Esq. (State Bar No. 276483)<br>Anwar D. Burton, Esq. (State Bar No. 253504)<br>LAVI & EBRAHIMIAN, LLP<br>8889 W. Olympic Blvd., Suite 200<br>Beverly Hills, California 90211<br>TELEPHONE NO.: (310) 432-0000    FAX NO.: (310) 432-0001<br>ATTORNEY FOR *(Name):*  PLAINTIFF Kenneth Taylor | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, Ca 90012
BRANCH NAME: Central District- Stanley Mosk Courthouse

CASE NAME:    Taylor v. Michael Kors, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited      [ ] Limited<br>(Amount              (Amount<br>demanded          demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20STCV19614<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
           issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 1: PAGA LABOR CODE SECTION 2698, et seq.
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 21, 2020

Vincent C. Granberry, Esq.
           (TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>Ⓟ Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

**EXHIBIT G**

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach—Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT G

| SHORT TITLE: Taylor v. Michael Kors, Inc., et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
# STATEMENT OF LOCATION
# (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto<br>Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property<br>Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal<br>Injury Property<br>Damage Wrongful<br>Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
EXHIBIT G

SHORT TITLE: Taylor v. Michael Kors, Inc., et al.                          CASE NUMBER

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☑ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION
EXHIBIT G**

Local Rule 2.3
Page 2 of 4

SHORT TITLE: Taylor v. Michael Kors, Inc., et al.                                        CASE NUMBER

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus<br>☐  A6152  Writ - Mandamus on Limited Court Case Matter<br>☐  A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort<br>Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment (20) | ☐  A6141  Sister State Judgment<br>☐  A6160  Abstract of Judgment<br>☐  A6107  Confession of Judgment (non-domestic relations)<br>☐  A6140  Administrative Agency Award (not unpaid taxes)<br>☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐  A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only<br>☐  A6040  Injunctive Relief Only (not domestic/harassment)<br>☐  A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐  A6121  Civil Harassment With Damages<br>☐  A6123  Workplace Harassment With Damages<br>☐  A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐  A6190  Election Contest<br>☐  A6110  Petition for Change of Name/Change of Gender<br>☐  A6170  Petition for Relief from Late Claim Law<br>☐  A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

Side labels: Judicial Review; Provisionally Complex Litigation; Enforcement of Judgment; Miscellaneous Civil Complaints; Miscellaneous Civil Petitions

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
EXHIBIT G

| SHORT TITLE: Taylor v. Michael Kors, Inc., et al. | | CASE NUMBER |
|---|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | | | ADDRESS: 3777 Workman Mill Rd. |
|---|---|---|---|
| ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | |
| CITY: Whittier | STATE: CA | ZIP CODE: 90601 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 21, 2020

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
EXHIBIT G

Local Rule 2.3
Page 4 of 4

Electronically FILED by Superior Court of California, County of Los Angeles on 05/22/2020 11:21 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe, Deputy Clerk

Case 2:20-cv-04919-PSG-PD Document 6-4 Filed 06/03/20 Page 259 of 335 Page ID #:299

**SUMMONS**

**SUM-100**

*(CITACION JUDICIAL)*

<div style="text-align:right">FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</div>

**NOTICE TO DEFENDANT:** MICHAEL KORS, INC.; MICHAEL KORS
*(AVISO AL DEMANDADO):* (USA), INC.; MICHAEL KORS STORES
(CALIFORNIA), INC.; MICHAEL KORS RETAIL, INC.; ADECCO USA,
INC.; and DOES 1 to 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** KENNETH TAYLOR, on behalf of
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* himself and all aggrieved
California-based non-exempt employees

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* **20STCV19614** |
|---|---|

Los Angeles Superior Court
Central District- Stanley Mosk Courthouse
111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (State Bar No. 209776); Vincent C. Granberry, Esq. (State Bar No. 276483)    T:(310) 432-0000    F: (310) 432-0001
Anwar D. Burton, Esq. (State Bar No. 253504)
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suite 200, Beverly Hills, CA 90211

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: *(Fecha)* | 05/22/2020 | Clerk, by *(Secretario)* | C. Monroe | C. Monroe | , Deputy *(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal Solutions Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

**EXHIBIT G**

Electronically FILED by Superior Court of California, County of Los Angeles on 05/22/2020 11:21 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk

Case 2:20-cv-04919-PSG-PD   Document 5-1   Filed 06/03/20   Page 260 of 335   Page ID #:309

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Malcolm Mackey

Joseph Lavi, Esq. (State Bar No. 209776)
E-Mail: jlavi@lelawfirm.com
Vincent C. Granberry, Esq. (State Bar No. 276483)
E-Mail: vgranberry@lelawfirm.com
Anwar D. Burton, Esq. (State Bar No. 253504)
E-Mail: aburton@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Sahag Majarian II, Esq. (State Bar No. 146621)
**Law Office of Sahag Majarian II**
E-Mail: sahagii@aol.com
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892

Attorneys for PLAINTIFF KENNETH TAYLOR, on behalf of himself
and all aggrieved California-based non-exempt employees.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| KENNETH TAYLOR, on behalf of himself and all aggrieved California-based non-exempt employees,<br><br>PLAINTIFF,<br><br>vs.<br><br>MICHAEL KORS, INC.; MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.; MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 to 100, Inclusive,<br><br>DEFENDANTS. | Case No.:   20STCV19614<br><br>**PAGA ACTION**<br><br>**PLAINTIFF KENNETH TAYLOR'S COMPLAINT FOR DAMAGES AND RESTITUTION FOR:**<br><br>1.   **CIVIL PENALTIES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT OF 2004 ("PAGA"), LABOR CODE SECTION 2698,** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

**NOW COMES** Plaintiff KENNETH TAYLOR ("Plaintiff"), on behalf of himself and all aggrieved California-based non-exempt employees, who alleges and complains against Defendants MICHAEL KORS, INC.; MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.; MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 to 100, inclusive ("Defendants") as follows:

# I.     INTRODUCTION

1.      This is a Private Attorneys' General Act of 2004, Lab. Code § 2698, et seq. ("PAGA") representative action brought by Plaintiff on behalf of himself, other aggrieved California-based non-exempt employees of Defendants and on behalf of the State of California seeking civil penalties associated with Defendants' violations of the Labor Code based on: failure to pay minimum wages for all hours worked, failure to pay overtime wages for overtime hours worked, failure to authorize or permit meal periods, failure to authorize or permit rest periods; failure to provide a temperature providing reasonable comfort; failure to provide complete and accurate wage statements, and failure to timely pay former employees all earned and unpaid wages. Plaintiff seeks on a representative basis, following notice to the Labor and Workforce Development Agency, civil penalties, reasonable attorney's fees pursuant to Labor Code section 2699(g)(1) and costs brought on behalf of Plaintiff, the State of California, and other aggrieved California-based non-exempt employees of Defendants in California.

# II.    JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's and other aggrieved California-based non-exempt employees of Defendants' claims because Plaintiff's lawsuit seeks civil penalties for himself, the State of California, and aggrieved California-based non-exempt employees of Defendants in excess of $25,000 and Defendants employed aggrieved California-based non-exempt employees and injuries occurred in locations throughout California including in Los Angeles County including at 3777 Workman Mill Rd., Whittier, CA 90601 where Defendants employed Plaintiff and aggrieved California-based non-exempt employees.

# III.   PARTIES

3.      Plaintiff brings this action on behalf of himself, other aggrieved California-based non-exempt employees of Defendants, and the State of California pursuant to the PAGA. The named Plaintiff and the aggrieved employees are current, former and/or future employees of Defendants who worked, work, or will work for Defendants as hourly non-exempt employees in California. At all times mentioned herein, the currently named Plaintiff is and was domiciled and a resident and citizen

1  of California and was employed by Defendants as an hourly non-exempt employee within the one

2  year prior to the filing of the complaint.

3      4.     Plaintiff is informed and believes and thereon alleges that Defendant MICHAEL

4  KORS (USA), INC. is authorized to do business within the State of California and is doing business

5  in the State of California and/or that Defendants DOES 11 - 20 are, and at all times relevant hereto

6  were persons acting on behalf of Defendant MICHAEL KORS (USA), INC. in the establishment of,

7  or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant

8  MICHAEL KORS (USA), INC. operates in Los Angeles County and employed Plaintiff and other

9  aggrieved California-based non-exempt employees in Los Angeles County at its business located at

10  3777 Workman Mill Rd., Whittier, CA 90601.

11      5.     Plaintiff is informed and believes and thereon alleges that Defendant MICHAEL

12  KORS STORES (CALIFORNIA), INC. is authorized to do business within the State of California

13  and is doing business in the State of California and/or that Defendants DOES 21 - 30 are, and at all

14  times relevant hereto were persons acting on behalf of Defendant MICHAEL KORS STORES

15  (CALIFORNIA), INC. in the establishment of, or ratification of, the aforementioned illegal wage and

16  hour practices or policies. Defendant MICHAEL KORS STORES (CALIFORNIA), INC. operates in

17  Los Angeles County and employed Plaintiff and other aggrieved California-based non-exempt

18  employees in Los Angeles County at its business located at 3777 Workman Mill Rd., Whittier, CA

19  90601.

20      6.     Plaintiff is informed and believes and thereon alleges that Defendant MICHAEL

21  KORS RETAIL, INC. is authorized to do business within the State of California and is doing business

22  in the State of California and/or that Defendants DOES 31 - 40 are, and at all times relevant hereto

23  were persons acting on behalf of Defendant MICHAEL KORS RETAIL, INC. in the establishment

24  of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant

25  MICHAEL KORS RETAIL, INC. operates in Los Angeles County and employed Plaintiff and other

26  aggrieved California-based non-exempt employees in Los Angeles County at its business located at

27  3777 Workman Mill Rd., Whittier, CA 90601. Defendant MICHAEL KORS RETAIL, INC. is

28  identified on Plaintiff's and other aggrieved California-based non-exempt employees' earnings

1    statements.

2         7.    Plaintiff is informed and believes and thereon alleges that Defendant ADECCO USA,

3    INC. is authorized to do business within the State of California and is doing business in the State of

4    California and/or that Defendants DOES 41 - 50 are, and at all times relevant hereto were persons

5    acting on behalf of Defendant ADECCO USA, INC. in the establishment of, or ratification of, the

6    aforementioned illegal wage and hour practices or policies. Defendant ADECCO USA, INC. operates

7    in Los Angeles County and employed Plaintiff and other aggrieved California-based non-exempt

8    employees in Los Angeles County at its business located at 3777 Workman Mill Rd., Whittier, CA

9    90601. Defendant ADECCO USA, INC. is identified on Plaintiff's and other aggrieved California-

10   based non-exempt employees' earnings statements.

11        8.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 51

12   through 75 are corporations, or are other business entities or organizations of a nature unknown to

13   Plaintiff that employed Plaintiff and other aggrieved California-based non-exempt employees,

14   permitted Plaintiff and other aggrieved California-based non-exempt employees to work, and

15   exercised control over the wages, hours and working conditions of employment of Plaintiff and other

16   aggrieved California-based non-exempt employees.

17        9.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 76

18   through 100 are individuals unknown to Plaintiff. Each of the individual defendants is sued

19   individually and in his or her capacity as an agent, shareholder, owner, representative, manager,

20   supervisor, independent contractor and/or employee of each defendant who violated or caused to be

21   violated provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's

22   wage orders regulating hours and days of work.

23        10.   Plaintiff is unaware of the true names of Defendants DOES 1 through 100. Plaintiff

24   sues said defendants by said fictitious names and will amend this complaint when the true names and

25   capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by

26   law or by the Court. Plaintiff is informed and believes that each of the fictitiously named defendants

27   is in some manner responsible for the events and allegations set forth in this complaint.

28        11.   Plaintiff makes the allegations in this complaint without any admission that, as to any

1  particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff

2  reserves all of Plaintiff's right to plead in the alternative.

3  <div align="center">**FIRST CAUSE OF ACTION**</div>

4  <div align="center">**CIVIL PENALTIES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT OF**</div>

5  <div align="center">**2004, LABOR CODE SECTION 2698, *et seq.***</div>

6  <div align="center">**(As Against all Defendants and DOE Defendants)**</div>

7      12.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein;

8      13.    During the period beginning one-year period preceding the filing of notice with the

9  LWDA, Defendants violated Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1194, 1197,

10  and 1198. Specifically, Defendants have committed the following violations of California Labor

11  Code:

12      14.    **Failure to pay Plaintiff other aggrieved California-based non-exempt employees**

13  **for all hours worked at the legal minimum wage**: Defendants employed many of their employees,

14  including Plaintiff, as hourly non-exempt employees. California Labor Code sections 1194 and 1197

15  require an employer to compensate employees for all "hours worked" at least at a minimum wage

16  rate of pay as established by the Industrial Welfare Commission ("IWC") and the Wage Orders,

17  including Wage Order No. 9. This includes the time an employee spends, either directly or indirectly,

18  performing services which inure to the benefit of the employer.

19      15.    Plaintiff and other aggrieved California-based non-exempt employees of Defendants

20  worked more minutes per shift than Defendants credited them with having worked.  Specifically,

21  Defendants maintained a policy, practice, and/or procedure whereby they required Plaintiff and other

22  aggrieved California-based non-exempt employees to go through security checks and/or bag checks

23  after clocking out for meal periods, when they leave for rest periods, and after clocking out for the

24  end of their shift without being paid for that time.

25      16.    Defendants' policy, practice, and/or procedure resulted in time each day in which

26  Plaintiff other aggrieved California-based non-exempt employees were subject to the control of

27  Defendants without being compensated for that time. Defendants, therefore, suffered, permitted, and

28  required Plaintiff and other aggrieved California-based non-exempt employees to be subject to

<div align="center">COMPLAINT</div>

<div align="center">**EXHIBIT G** 5</div>

Defendants' control without paying wages for that time. This resulted in Plaintiff and other aggrieved California-based non-exempt employees working time for which they were not compensated any wages, in violation of California Labor Code sections 1194, 1197, and the Wage Orders.

17.    **Failure to pay Plaintiff other aggrieved California-based non-exempt employees for all overtime hours worked at the overtime wage rate:** Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employee. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services that inure to the benefit of the employer.

18.    California Labor Code Sections 510 and 1194 require an employer to compensate employees a higher rate of pay for hours worked in excess of 8 hours in a workday, 40 hours in a workweek, and on any seventh consecutive day of work in a workweek. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. (Lab. Code §510.)

19.    As explained above, Plaintiff and other aggrieved California-based non-exempt employees worked more minutes per shift than Defendants credited them with having worked. Specifically, Defendants maintained a policy, practice, and/or procedure whereby they required Plaintiff and other aggrieved California-based non-exempt employees to go through security checks and/or bag checks after clocking out for meal periods, when they leave for rest periods, and after clocking out for the end of their shift without being paid for that time.

20.    To the extent that Defendants' foregoing policies, practices, and/or procedures resulted in uncompensated time on workdays Plaintiff and other aggrieved California-based non-exempt

employees already worked eight hours or in workweeks Plaintiff and other aggrieved California-based non-exempt employees already worked 40 hours, this unpaid time should have been paid at Plaintiff's and other aggrieved California-based non-exempt employees' overtime rates of pay.

21.     **Failure to authorize or permit Plaintiff and aggrieved California-based non-exempt employees to take required meal periods and failure to pay them wages to compensate them for workdays Defendants failure to authorize or permit required meal periods**: California law requires an employer to authorize or permit an employee an uninterrupted meal period of no less than 30-minutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities prior to the employee's sixth hour of work.  Cal. Lab. Code §§ 226.7, 512; Wage Order 9, subd. 11; *Brinker Rest. Corp. v. Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of pay for each workday that a legally required meal period was not timely provided or was not duty-free.  *Id.*

22.     Plaintiff and other aggrieved California-based non-exempt employees regularly worked shifts of more than five hours in length.  Defendants maintained a policy, practice, and/or procedure whereby they required Plaintiff and other aggrieved California-based non-exempt employees to go through security checks and/or bag checks before leaving Defendants' premises for meal periods.  As a result of their foregoing policies, practices, and/or procedures, Defendant failed to authorize or permit Plaintiff other aggrieved California-based non-exempt employees to take meal period of no less than 30 minutes as required.

23.     Additionally, Defendants failed to pay Plaintiff and other aggrieved California-based non-exempt employees a "premium" wage (one hour of pay at the employee's regular rate of pay) for their short meal periods of less than 30 minutes.

24.     This practice resulted in Plaintiff and other aggrieved California-based non-exempt employees not receiving premium wages to compensate them for workdays which Defendants did not provide them with required meal periods, in compliance with California law.

25.     **Failure to authorize or permit Plaintiff and aggrieved California-based non-exempt employees to take required rest periods and failure to pay them wages to compensate**

**them for workdays Defendants failure to authorize or permit required rest periods**: Defendants often employed Plaintiff and other aggrieved California-based non-exempt employees for shifts over 4 hours in length.

26.     California law states that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.… If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." (Wage Order 9, subd. 12; *see also* Lab. Code § 226.7.) Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004, 1029; Lab. Code §226.7; Wage Order 9, subd. 12.) Rest periods must be in the middle of each work period. (Wage Order 9, subd. 12.)  If an employer fails to provide an employee a timely and legally compliant rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (*Id.*).

27.     Defendants failed to authorize or permit Plaintiff and other aggrieved California-based non-exempt employees to take net 10-mintue rest periods because Defendants' maintained a policy, practice, and/or procedure whereby they required Plaintiff and other aggrieved California-based non-exempt employees to go through security checks and/or bag checks before leaving Defendants' premises for rest periods.  As a result of Defendants' foregoing policies, practices, and/or procedures, Defendants failed to authorize or permit Plaintiff and other aggrieved California-based non-exempt employees to take rest period of a net 10-mintues as required.

28.     Additionally, Defendants failed to pay Plaintiff and other aggrieved California-based non-exempt employees a "premium" wage (one hour of pay at the employee's regular rate of pay) for non-compliant rest periods.

29. This practice resulted in Plaintiff and other aggrieved California-based non-exempt employees not receiving premium wages to compensate them for workdays which Defendants did not provide them with required rest periods, in compliance with California law.

30. **Failure to maintain temperature providing reasonable comfort:** Labor Code section 1198 requires an employer to comply with the standard conditions of labor for California employees as set forth in Section 15 of the IWC Wage Orders, including Wage Order 9, states:

> (A) The temperature maintained in each work area shall provide reasonable comfort consistent with industry-wide standards for the nature of the process and the work performed.

> (B) If excessive heat or humidity is created by the work process, the employer shall take all feasible means to reduce such excessive heat or humidity to a degree providing reasonable comfort. Where the nature of the employment requires a temperature of less than 60° F, a heated room shall be provided to which employees may retire for warmth, and such room shall be maintained at not less than 68°.

> (C) A temperature of not less than 68° shall be maintained in the toilet rooms, resting rooms, and change rooms during hours of use.

> (D) Federal and State energy guidelines shall prevail over any conflicting provision of this section.

(*See e.g.,* Cal. Code Regs., tit. 8, § 11090(15) California law requires an employer to endeavor to provide a safe and healthy workplace. (Cal. Code Regs., tit. 8, §3203.) Further, California Labor Code section 6720 required the California Division of Occupational Safety and Health ("Cal/OSHA") to propose an indoor heat illness standard by January 1, 2019. (Lab. Code §6720.) Cal/OSHA's draft standard applies its proposed regulations to "all indoor work areas where the temperature equals or exceeds 82 degrees Fahrenheit when employees are present."

31. At times during the period beginning one-year period preceding the sending of the initial notice to the LWDA to the present, Plaintiff and other aggrieved California-based non-exempt employees were subjected to excessive heat and/or humidity resulting in temperatures equaling or exceeding 82° F and/or to excessive cold temperatures during cold times of the year, including temperatures of less than 68° in the toilet rooms, resting rooms, and change rooms during hours of use.

32. Further, at times during the period beginning one-year period preceding the sending of the initial notice to the LWDA to the present, Defendants failed to provide Plaintiff and other aggrieved California-based non-exempt employees with reasonable comfort by maintaining the indoor temperature within the range of industry standards by, *inter alia*, providing adequate air conditioning or heat, ventilation, etc. Plaintiff is informed and believes and thereon alleges that at times during the period beginning one-year period preceding the sending of the initial notice to the LWDA to the present, Defendants also failed to maintain the temperature in toilet rooms, resting rooms, and change rooms during hours of use to no less than 68°.

33. These practices and policies resulted in Defendants failure to maintain temperature providing reasonable comfort in violation of Labor Code section 1198 and Section 15 of the IWC Wage Orders, including Wage Order No. 9.

34. **Failure to provide complete and accurate wage statements**: California law requires an employer to provide employees at the time of payment of their wages an accurate itemized statement accurately listing all information required in Labor Code section 226, subdivision (a).

35. Defendants failed to provide accurate and complete wage statements to Plaintiff and other aggrieved California-based non-exempt employees. Defendants provided wage statements which were incomplete and/or inaccurate because, as a result of the aforementioned conduct (failure to pay minimum wages, overtime wages, and meal and rest period premium wages), the wage statements inaccurately stated: the gross wages earned and the net wages earned, total hours worked, and corresponding number of hours worked at each hourly rate.

36. Defendants applied these policies and procedures to Plaintiff and other aggrieved California-based non-exempt employees which resulted in Defendants failing to provide complete and accurate wage statements to Plaintiff and other aggrieved California-based non-exempt employees in compliance with Labor Code section 226, subdivision (a).

37. **Failure to pay Plaintiff and other aggrieved California-based non-exempt employees all wages due and owing at the time of termination or resignation**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (Lab. Code §201) or within 72 hours of resignation (Lab. Code §202).

38.     Defendants failed to pay Plaintiff and other former aggrieved California-based non-exempt employees with all wages as mentioned in more detail above (including unpaid minimum wages, overtime wages, and meal and rest period premium wages) during their employment and never paid these amounts after Plaintiff or other former aggrieved California-based non-exempt employees separated their employment with Defendants.  As a result, Defendants failed to pay those employees timely after each employee's termination and/or resignation in violation of Labor Code sections 201 and 202.

39.     Labor Code sections 2699, subdivisions (a) and (g) authorize an aggrieved employee, on behalf of himself and other current or former employees, to bring a civil action to recover civil penalties against all Defendants pursuant to the procedures specified in Labor Code section 2699.3.

40.     Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3.   On March 17, 2020,  Plaintiff filed notice with the Labor and Workforce Development Agency ("LWDA") and provided notice to Defendants by certified mail which provided notice of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  True and correct copies of Plaintiff's notice to the LWDA and to Defendants is hereto attached as **Exhibit 1**.

41.     Pursuant to Labor Code section 2699.3, the LWDA must give written notice by certified mail to the parties that it intends to investigate the alleged violations of the Labor Code within 65 days of the date of the complainant's written notice and/or Defendants may attempt to cure for certain violations. The LWDA failed to provide the parties notice within 65 days of the date of either Plaintiff's original or amended letters that the LWDA intends to investigate Plaintiff's claims and/or Defendants failed to cure any of the alleged violations which could have been cured.

42.     Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks, within the one year prior to the mailing of the LWDA letter, civil penalties for Defendants' violations of Labor Code 201, 202, 203, 226, 226.7, 510, 512, 1194, 1197, and 1198, in the following amounts:

a.     For violations of Labor Code sections 201, 202, 203, 226.7, 1197, and 1198; one hundred dollars ($100) for each employee per pay period for the initial violation and two hundred dollars ($200) for each employee per pay period for each subsequent violation [penalty amounts

1  established by Labor Code section 2699(f)(2)].

2          b.      For violations of Labor Code section 226, subd. (a), two hundred fifty dollars

3  ($250) for each employee for each pay period for the initial violation, and for each subsequent

4  violation, one thousand dollars ($1000) for each underpaid employee for each pay period [penalty

5  amounts established by Labor Code section 226.3].

6          c.      For violations of Labor Code section 226, subd. (a), seven hundred fifty dollars

7  ($750) for each employee [penalty amounts established by Labor Code sections 226, subd. (f)]

8          d.      For violations of Labor Code section 510, 512, and 1194, fifty dollars ($50)

9  for each employee for each pay period for the initial violation, and for each subsequent violation, one

10  hundred dollars ($100) for each underpaid employee for each pay period [penalty amounts established

11  by Labor Code section 558]

12      43.     Pursuant to Labor Code section 2699(g), Plaintiff is entitled to an award of reasonable

13  attorney's fees and costs in connection with her claims for civil penalties.

14                          **PRAYER FOR RELIEF**

15      **WHEREFORE, PLAINTIFF, ON HIS OWN BEHALF AND ON BEHALF OF OTHER**

16  **AGGRIEVED   CALIFORNIA-BASED   NON-EXEMPT   EMPLOYEES,   PRAYS   AS**

17  **FOLLOWS:**

18                      **ON THE FIRST CAUSE OF ACTION:**

19      1.      That the Defendants be found to have violated the provisions of the Labor Code and

20  the IWC Wages Orders as to the Plaintiff and current and former employees;

21      2.      For any and all legally applicable penalties during the relevant statute of limitations

22  subject to any permissible tolling, including but not limited to that recoverable under California Labor

23  Code, including but not limited to sections 2699(f), 201, 202, 203, 226, 226.7, 510, 512, 1194, 1197,

24  and 1198;

25      3.      For attorneys' fees and costs of suit, including but not limited to that recoverable under

26  California Labor Code section 2699(g); and,

27      4.      For such and other further relief, in law and/or equity, as the Court deems just or

28  appropriate.

Dated: May 22, 2020

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**
Law Offices of Sahag Majarian II


By: _Vincent C. Granberry_
Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Anwar D. Burton, Esq.
Sahag Majarian II, Esq.
Attorneys for PLAINTIFF KENNETH TAYLOR, on behalf of himself and all "aggrieved" California-based non-exempt employees

## **DEMAND FOR JURY TRIAL**

PLAINTIFF KENNETH TAYLOR demands a trial by jury for himself and on behalf of all "aggrieved" California-based non-exempt employees on all claims so triable.


Dated: May 22, 2020

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**
Law Offices of Sahag Majarian II


By: _Vincent C. Granberry_
Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Anwar D. Burton, Esq.
Sahag Majarian II, Esq.
Attorneys for PLAINTIFF KENNETH TAYLOR, on behalf of himself and all "aggrieved" California-based non-exempt employees

COMPLAINT
13

EXHIBIT G

# "Exhibit 1"

EXHIBIT G

LAW OFFICES OF
# LAVI & EBRAHIMIAN, LLP
8889 W. OLYMPIC BLVD., SUITE 200
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE: (310) 432-0000
FACSIMILE: (310) 432-0001
WWW.LELAWFIRM.COM

May 19, 2020

## *AMENDED* NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO LABOR CODE SECTION 2699.3; LWDA Case No. LWDA-CM-778783-20

To: California Labor and Workforce Development Agency
Attn. PAGA Administrator
1515 Clay Street, Suite 801
Oakland, California 94612
*Via Online Submission Only*

Michael Kors, Inc.
c/o CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017
**Certified Mail Number: 7019 0700 0002 2123 3386**

Michael Kors, (USA) Inc.
c/o CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017
**Certified Mail Number: 7019 0700 0002 2123 3393**

Michael Kors Stores (California), Inc.
c/o CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017
**Certified Mail Number: 7019 0700 0002 2123 3409**

Michael Kors Retail, Inc.
c/o CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017
**Certified Mail Number: 7019 0700 0001 2123 3416**

**EXHIBIT G**

Labor & Workforce Development Agency
Re: *Taylor v. Michael Kors, Inc., et al.*
May 19, 2020
Page 2 of 9

MICHAEL KORS (USA), INC.; MICHAEL KORS
STORES (CALIFORNIA), INC.; and MICHAEL KORS
RETAIL, INC. c/o
SEYFARTH SHAW LLP
Jon Meer
Elizabeth M. Levy
Jennifer R. Nunez
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
**Certified Mail Number: 7019 0700 0001 2123 3423**

Adecco USA, Inc.
CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017
**Certified Mail Number: 7019 0700 0001 2123 3430**

From:  Kenneth Taylor, on behalf of himself and all "aggrieved" California-based non-exempt employees of Michael Kors, Inc., Michael Kors, (USA) Inc., Michael Kors Stores (California), Inc., Michael Kors Retail, Inc., and Adecco USA, Inc.
c/o Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Anwar D. Burton, Esq.
**LAVI & EBRAHIMIAN, LLP**
8889 West Olympic Boulevard, Suite 200
Beverly Hills, California 90211

## LWDA Case No. LWDA-CM-778783-20

## *AMENDED* FACTUAL STATEMENT AND THEORIES OF LABOR CODE VIOLATIONS

Aggrieved employee Kenneth Taylor ("Employee") was employed by Michael Kors, Inc.; Michael Kors (USA), Inc.; Michael Kors Stores (California), Inc.; Michael Kors Retail, Inc.; and Adecco USA, Inc. ("Employers") as an hourly non-exempt employee until in or around June 12, 2019.  Employee originally filed his Initial PAGA Claim Notice with the LWDA on March 17, 2020 as LWDA Case No. LWDA-CM-778783-20.  Therefore, this amended PAGA Claim Notice shall related back to Employee's Initial PAGA Claim Notice filed with the LWDA on March 17, 2020 as LWDA Case No. LWDA-CM-778783-20.

*1. Failure to Pay the Minimum Wage Rate of Pay for All Hours Worked & Failure to the Applicable Overtime Rate of Pay for All Overtime Hours Worked*

Employee maintains that during his employment, Employers failed to pay Employee's and other California-based, hourly, non-exempt employees with compensation at the minimum wage

**EXHIBIT G**

Labor & Workforce Development Agency
Re: *Taylor v. Michael Kors, Inc., et al.*
May 19, 2020
Page 3 of 9

rate of pay for all the hours that they worked in violation of Labor Code §§ 1194 and 1197 and compensation at their overtime rate for overtime hours worked in violation of Labor Code §§ 510 and 1194. Labor Code § 1194 states, "...any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Labor Code § 1197 provides, "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

With regard to overtime hours, Labor Code § 510 provides:

"Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

Relatedly, overtime is based upon an employee's regular rate of pay. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf, of the employee." See Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, § 49.1.2. Additionally, Labor Code § 1194 states, "...any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

Employee maintains that Employee and other California-based, hourly, non-exempt employees worked more minutes per shift than Employers credited them with having worked. Specifically, Employee maintains that he and other similarly situated employees were required to go through security checks and/or bag checks after clocking out for meal periods, during rest periods, and at the end of their shift without being paid for that time. The aforementioned practices, resulted in Employee and other California-based, hourly, non-exempt employees routinely working off-the-clock without pay.

To the extent that the uncompensated time described above resulted in Employee and other California-based, hourly, non-exempt employees being subject to the control of Employers exceeded eight (8) hours in a workday and/or forty (40) hours in a workweek, that time should have been compensated at Employee's and other California-based, hourly, non-exempt employees' overtime rates of pay but wasn't.

Based on these violations, Employee will seek civil penalties pursuant to the Private Attorney General Act ("PAGA"), Labor Code § 2698, et seq. on behalf of the Labor and Workforce

**EXHIBIT G**

Labor & Workforce Development Agency
Re: *Taylor v. Michael Kors, Inc., et al.*
May 19, 2020
Page 4 of 9

Development Agency ("LWDA") against Employers if authorized to file a representative action on behalf of the State of California. As a derivative claim of Employers' failure to pay for all hours worked at either the applicable minimum wage and/or applicable overtime rate of pay, Employee will seek statutory penalties under Labor Code § 226(a)(1) because the failure to pay such wages rendered his and California-based non-exempt employees' pay calculations inaccurate in violation of Labor Code § 226(e)(2)(B)(i).

### 2. *Failure to Authorize or Permit Meal Periods in Violation of Labor Code Sections 512 and 226.7*

Employee maintains that Employers routinely required Employee and other California-based, hourly, non-exempt employees with non-compliant meal periods in violation of Labor Code § 226.7, Labor Code § 512 and Industrial Welfare Commission ("IWC") Wage Order 4-2001, 11.

In California, an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes. A second meal period of not less than 30 minutes is required if an employee works more than 10 hours per day. Lab. Code § 512. If the employer requires the employee to remain at the work site or facility during the meal period, the meal period must be paid. This is true even where the employee is relieved of all work duties during the meal period. *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968.

Specifically, Employee maintains that Employee and other California-based, hourly, non-exempt employees regularly worked shifts of more than 5 hours in length. Nevertheless, Employee and other California-based, hourly, non-exempt employees were not given a duty-free meal period because Defendants maintain a policy, practice, and/or procedure whereby Employers required Employee and other California-based, hourly, non-exempt employees to go through security checks and/or bag checks after clocking out for meal periods.

Defendants also regularly failed to pay Employee and other California-based, hourly, non-exempt employees one hour of pay at their regular rate of pay for each workday they did not receive all legally compliant meal periods.

Based on these violations, Employee will seek civil penalties under PAGA, Labor Code §2698, et seq., on behalf of the LWDA against Employers if authorized to file a representative action on behalf of the State of California. As a derivative claim of Employers' failure to permit and/or authorize all required meal periods and failure to pay meal period premiums for missed meal periods, Employee will seek statutory penalties under Labor Code 226(a)(1) because the failure to pay such premium wages rendered his and California-based non-exempt employees' pay calculations inaccurate in violation of Labor Code § 226(e)(2)(B)(i).

### 3. *Failure to Authorize or Permit Rest Periods in Violation of Labor Code Section 226.7*

Employee maintains that during his employment, Employers failed to maintain compliant rest break policies in violation of Labor Code Section 226.7.

EXHIBIT G

Labor & Workforce Development Agency
Re: *Taylor v. Michael Kors, Inc., et al.*
May 19, 2020
Page 5 of 9

California law states that "[e]very employer shall authorize and permit all employees to take rest breaks, which insofar as practicable shall be in the middle of each work period. The authorized rest break time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. … If an employer fails to provide an employee a rest break in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest break is not provided." Wage Order 4, subd. 12; *see* Lab. Code § 226.7. Furthermore, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Lab. Code §226.7. Additionally, the rest period requirement "obligates employers to permit-and authorizes employees to take-off-duty rest periods." *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.*

Specifically, Employee maintains that Employee and other California-based, hourly, non-exempt employees regularly worked shifts of more than 3.5 hours. Nevertheless, Plaintiff and other California-based, hourly, non-exempt employees were not given an uninterrupted 10-minute rest period for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, or 30 minutes for shifts of more than 10 hours up to 14 hours because Employers' policy required Employee and other California-based, hourly, non-exempt employees to go through security checks and/or bag checks during their rest period.

Employers also regularly failed to pay employees one hour of pay at their regular rate of pay for each workday Employee and other California-based, hourly, non-exempt employees did not receive all timely and legally compliant rest periods.

Based on these violations, Employee will seek civil penalties under PAGA, Labor Code § 2698, *et seq.,* on behalf of the LWDA, against Employers if authorized to file a representative action on behalf of the State of California. As a derivative claim of failing to pay rest break premiums, Employee will seek statutory penalties under Labor Code § 226(a)(1) because the failure to pay such premium wages rendered his and California-based non-exempt employees' pay calculations inaccurate in violation of Labor Code § 226(e)(2)(B)(i).

### *4. Failure to maintain temperature providing reasonable comfort*

Labor Code section 1198 requires an employer to comply with the standard conditions of labor for California employees as set forth by the Industrial Welfare Commission (" IWC" ) Wage Orders, including Wage Order Nos. 7 and 9. Section 15 of the IWC Wage Orders, states:

(A) The temperature maintained in each work area shall provide reasonable comfort consistent with industry-wide standards for the nature of the process and the work performed.

**EXHIBIT G**

Labor & Workforce Development Agency
Re: *Taylor v. Michael Kors, Inc., et al.*
May 19, 2020
Page 6 of 9

> (B) If excessive heat or humidity is created by the work process, the employer shall take all feasible means to reduce such excessive heat or humidity to a degree providing reasonable comfort. Where the nature of the employment requires a temperature of less than 60° F., a heated room shall be provided to which employees may retire for warmth, and such room shall be maintained at not less than 68°.

> (C) A temperature of not less than 68° shall be maintained in the toilet rooms, resting rooms, and change rooms during hours of use.

> (D) Federal and State energy guidelines shall prevail over any conflicting provision of this section.

(See e.g., Cal. Code Regs., tit. 8, § 11070(15), Cal. Code Regs., tit. 8, § 11090(15).) California law requires an employer to endeavor to provide a safe and healthy workplace. (Cal. Code Regs., tit. 8, §3203.) Further, Labor Code section 6720 required the California Division of Occupational Safety and Health ("Cal/OSHA") to propose an indoor heat illness standard by January 1, 2019. (Lab. Code, § 6720.) Cal/OSHA' s draft standard applies its proposed regulations to " all indoor work areas where the temperature equals or exceeds 82 degrees Fahrenheit when employees are present."

At times during the one year prior to the filing of this letter, Plaintiff and other non-exempt employees were subjected to excessive heat and/or humidity resulting in temperatures equaling or exceeding 82° F. Relatedly, at times during the one year prior to the filing of this letter in violation of Labor Code section 1198 and Section 15 of the IWC Wage Orders, Defendant failed to provide Plaintiff and other aggrieved employees with reasonable comfort by maintaining the indoor temperature within the range of industry standards by, inter alia, providing adequate air conditioning or ventilation.

Based on these violations, Employee will seek civil penalties under PAGA, Labor Code § 2698, *et seq.,* on behalf of the LWDA, against Employers if authorized to file a representative action on behalf of the State of California.

### 5. *Failure to Provide Accurate Wage Statements*

The aforementioned derivative violations of Labor Code § 226, namely Employers' failure to pay all wages at the applicable minimum wage and/or applicable overtime rate of pay and failure to pay meal period and/or rest break premium wages, rendered Employee's and other California-based, hourly, non-exempt employees' pay calculations inaccurate.

Based on these violations, Employee will seek civil penalties under Labor Code § 226.3 and PAGA, Labor Code § 2698, *et seq.,* on behalf of the LWDA, against Employers if authorized to file a representative action on behalf of the State of California.

### 6. *Failure to Provide Timely Pay Final Wages*

As a result of the aforementioned violations of the Labor Code, Employee was not paid his final wages in a timely manner as required by Labor Code § 203. Any unpaid wages at the

**EXHIBIT G**

Labor & Workforce Development Agency
Re: *Taylor v. Michael Kors, Inc., et al.*
May 19, 2020
Page 7 of 9

applicable minimum wage and/or at the applicable overtime rate of pay, and meal period and/or rest break premium wages, (all outlined further above), were not paid at the time of Employee's separation of employment. Employee is informed and believes that other employees who separated from Employers, whether voluntarily or involuntarily, were not paid all wages due in a timely manner, including any unpaid wages at the applicable minimum wage and/or at the applicable overtime rate of pay, and meal period and/or rest break premium wages, as required by Labor Code §§ 201, 202, and 203.

Accordingly, Employee will seek restitution pursuant to Labor Code § 558(a)(3) for himself and other California-based, hourly, non-exempt employees for each violation of Labor Code § 2698, *et seq.*, on behalf of the LWDA, and against Employers if authorized to file a representative action on behalf of the State of California.

### 7. *Failure to Provide Suitable Seats*

California Labor Code section 1198 provides that the he standard conditions of labor fixed by the commission shall be the standard conditions of labor for employees in the state of California. Pursuant to the applicable IWC Wage Orders, codified at California Code of Regulations title 8, sections 11070 and 11090, Employers are employers of Employee and other California-based, hourly, non-exempt employees who performed other duties that reasonably permitted the use of seats within the meaning of the applicable Wage Order and applicable California Labor Code sections. Section 14(A) of Wage Orders 7 and 9 provides, "All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats."

Employee maintains that Employers failed to comply with the requirements of Section 14(A) of Wage Orders 7 and 9 by failing to provide suitable seating to him and other California-based, hourly, non-exempt employees who performed duties that reasonably permitted the use of seats despite that the nature of their work reasonably permitted the use of seats. Employee further maintains that Employers failed to comply with the requirements of Section 14(B) of Wage Orders 7 and 9 by failing to provide suitable seating to him and other California-based, hourly, non-exempt employees when they were not engaged in the active duties of their employment and the nature of the work required standing, Employers failed to provide an adequate number of suitable seats placed in reasonable proximity to the work area and further failed to permit Plaintiff and other California-based, hourly, non-exempt employees to use such seats when it did not interfere with the performance of their duties.

Based on these violations, Employee will seek civil penalties pursuant to Labor Code section 2699(a) for himself and other California-based, hourly, non-exempt employees who worked for Employers and who performed other duties that reasonably permitted the use of seats and/or who performed duties that required standing, but were not provided suitable seats within a reasonable proximity of their work areas for Employers' violation of this Labor Code section 1198, on behalf of the LWDA against Employers if authorized to file a representative action on behalf of the State of California.

/ / /

Labor & Workforce Development Agency
Re: *Taylor v. Michael Kors, Inc., et al.*
May 19, 2020
Page 8 of 9

### 8. *Civil Penalties Associated with Employers' Other Potential Violations of the Labor Code*

Pursuant to *Huff v. Securitas Security Services USA, Inc.* (2018) 25 Cal.App.5th 745 ("Huff"), as an aggrieved employee, Employee has standing to, and intends to, on behalf of the LWDA, pursue civil penalties against Employers for any and all other violations Labor Code violations committed by Employers. In *Huff*, the California Court of Appeals held that an employee alleging a single violation of the California Labor Code under the PAGA may also bring PAGA claims against the employer for all other alleged Labor Code violations, even those suffered by other employees of the same employer. According to the *Huff* decision, Employee, as an "aggrieved" employee affected by at least one Labor Code violation may, and hereby does, pursue penalties on behalf of the LWDA for unrelated Labor Code violations by Employers.

### REQUEST FOR RELIEF AND REMEDIES

By this letter, Employee, on behalf of himself and all other aggrieved employees in the state of California, make the following claims and will seek to represent the LWDA in a civil action based on the following claims:

(1) Employers are subject to civil penalties under PAGA for failing to pay wages for all hours worked at the legal minimum wage as required by California Labor Code sections 1194 and 1197;

(2) Employers are subject to civil penalties under PAGA for failing to pay wages for all hours worked, including overtime hours worked, as required by Labor Code §§ 510, 1194, *et seq.*, and 1197, *et seq.*;

(3) Employers are subject to civil penalties under PAGA for failing to authorize and/or permit, legally compliant meal periods. Moreover, Employers failed to pay one hour of premium pay at the employee's regular rate of pay for each day an employee was not provided with all legally compliant meal periods in a violation of Labor Code Section §§ 226.7 and 512;

(4) Employers are subject to civil penalties under PAGA for failing to authorize and/or permit, legally compliant rest breaks. Moreover, Employers failed to pay one hour of premium pay at the employee's regular rate of pay for each day an employee was not provided with all legally compliant rest breaks as required by Labor Code § 226.7;

(5) Employers are subject to civil penalties under PAGA for failing to maintain temperature providing reasonable comfort, as required by Labor Code §§ 1198 and the Wage Orders;

(6) Employers are subject to civil penalties under Labor Code § 226.3 and PAGA for derivative claims based on Employers' failure to pay any unpaid wages at the applicable minimum wage, any unpaid wages at the applicable overtime rate of pay, and meal period and/or rest break premium wages, thus rendering wage statements inaccurate in the amount of "net wages earned" and "gross wages earned" in violation of Labor Code § 226 and;

**EXHIBIT G**

Labor & Workforce Development Agency
Re: *Taylor v. Michael Kors, Inc., et al.*
May 19, 2020
Page 9 of 9

(7) Employers is subject to civil penalties under PAGA for willfully failing to timely pay wages to employees who were discharged or quit, including any unpaid wages at the applicable minimum wage, all unpaid wages at the applicable overtime rate of pay, and rest break premium wages, and further failing to pay a day's wages up to 30 days until final wages were paid, in violation of Labor Code §§ 201, 202, and 203.

(8) Employers are subject to civil penalties under PAGA for failing to provide suitable seats, as required by Labor Code §§ 1198 and the Wage Orders.

## CONCLUSION

Employee intends to file a PAGA Complaint in the appropriate California Court alleging the aforementioned violations. Employee, through his counsel, awaits notice from the LWDA as to whether it intends to pursue the matter. Thank you for your assistance and cooperation in this matter. Please do not hesitate to contact me via phone at (310) 432-0000 or via e-mail at vgranberry@lelawfirm.com if you have any questions.

Very truly yours,
**LAVI & EBRAHIMIAN, LLP**

Vincent C. Granberry, Esq

EXHIBIT G

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Pc
$

Sent To        Michael Kors, Inc.
               c/o CT Corporation System
Street a        818 West Seventh St., Suite 930
City, St         Los Angeles, CA 90017

PS For                                          uctions

7019 0700 0002 2123 3386

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael Kors, Inc.
c/o CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017

9590 9402 5541 9249 4034 48

2. Article Number *(Transfer from service label)*
7019 0700 0002 2123 3386

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...il Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**EXHIBIT G**

```
9590 9402 5541 9249 4034 48
```

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Lavi & Ebrahimian, LLP
8889 W. Olympic Blvd, Suite 200
Beverly Hills, CA 90211

VG/UR

Taylor v. Michael Kors, Inc. / Amended PAGA

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael Kors, Inc.
c/o CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017

9590 9402 5541 9249 4034 48

2. Article Number *(Transfer from service label)*

7019 0700 0002 2123 3386

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)* | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

EXHIBIT G

LAW OFFICES OF
LAVI & EBRAHIMIAN, LLP
8889 W. OLYMPIC BLVD., SUITE 200
BEVERLY HILLS,  CALIFORNIA 90211



7019 0700 0002 2123 3386

Michael Kors, Inc.
c/o CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017

EXHIBIT G

**U.S. Postal Service™**
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

Total P

$

Sent To         Michael Kors, (USA) Inc.
                c/o CT Corporation System
Street i     818 West Seventh St., Suite 930
City, St          Los Angeles, CA 90017

PS For...                                    ...tructions

7019 2120 0000 0700 7019

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Michael Kors, (USA) Inc.
   c/o CT Corporation System
   818 West Seventh St., Suite 930
   Los Angeles, CA 90017

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 5541 9249 4034 55

2. Article Number *(Transfer from service label)*

   7019 0700 0002 2123 3393

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                  ☐ Agent
                                   ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
  ‖ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

EXHIBIT G

USPS TRACKING #

9590 9402 5541 9249 4034 55

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Lavi & Ebrahimian, LLP
8889 W. Olympic Blvd, Suite 200
Beverly Hills, CA 90211

VG/YR

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Taylor v. Michael Kors, Inc. / Amended PAGA

---

**SENDER: COMPLETE THIS SECTION**

☒ Complete items 1, 2, and 3.
☒ Print your name and address on the reverse
so that we can return the card to you.
☒ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Michael Kors, (USA) Inc.
c/o CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017

9590 9402 5541 9249 4034 55

2. Article Number (Transfer from service label)

7019 0700 0002 2123 3393

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X                                                    ☐ Agent
                                                     ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
    If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

**EXHIBIT G**

LAW OFFICES OF
## LAVI & EBRAHIMIAN, LLP
8889 W. OLYMPIC BLVD., SUITE 200
BEVERLY HILLS, CALIFORNIA 90211



CERTIFIED MAIL

7019 0700 0002 2123 3393

US POSTAGE
$ 007.050
0001217907   MAY 19 2020
MAILED FROM ZIP CODE 90211

Michael Kors, (USA) Inc.
c/o CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017

**EXHIBIT G**

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total
$

Sent
Michael Kors Stores (California), Inc.
c/o CT Corporation System

Street
818 West Seventh St., Suite 930

City,
Los Angeles, CA 90017

PS Form ...                                            Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael Kors Stores (California), Inc.
c/o CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017

9590 9402 5541 9249 4034 62

2. Article Number (Transfer from service label)

7019 0700 0002 2123 3409

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                      ☐ Agent
                                       ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery
☐ Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

EXHIBIT G

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 5541 9249 4034 62

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Lavi & Ebrahimian, LLP
8889 W. Olympic Blvd, Suite 200
Beverly Hills, CA 90211

VG /YR

Taylor v. Michael Kors, Inc. / Amended PAGA

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael Kors Stores (California), Inc.
c/o CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017

9590 9402 5541 9249 4034 62

2. Article Number (Transfer from service label)

7019 0700 0002 2123 3409

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

EXHIBIT G

LAW OFFICES OF
LAVI & EBRAHIMIAN, LLP
8889 W. OLYMPIC BLVD., SUITE 200
BEVERLY HILLS, CALIFORNIA 90211



7019 0700 0002 2123 3409

Michael Kors Stores (California), Inc.
c/o CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017

EXHIBIT G

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total
$

Sent To
Michael Kors Retail, Inc.
c/o CT Corporation System

Street
818 West Seventh St., Suite 930

City
Los Angeles, CA 9017

7019 0700 0002 2123 3416

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael Kors Retail, Inc.
c/o CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017

9590 9402 5541 9249 4034 79

2. Article Number *(Transfer from service label)*

7019 0700 0002 2123 3416

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                          ☐ Agent
                                           ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

EXHIBIT G

USPS TRACKING#

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 5541 9249 4034 79

| First-Class Mail |
| Postage & Fees Paid |
| USPS |
| Permit No. G-10 |

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Lavi & Ebrahimian, LLP
8889 W. Olympic Blvd, Suite 200
Beverly Hills, CA 90211

VG/YR

Taylor v. Michael Kors, Inc. / Amended PAGA

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael Kors Retail, Inc.
c/o CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 5541 9249 4034 79

2. Article Number (Transfer from service label)

7019 0700 0002 2123 3416

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

EXHIBIT G

LAW OFFICES OF
LAVI & EBRAHIMIAN, LLP
8889 W. OLYMPIC BLVD., SUITE 200
BEVERLY HILLS, CALIFORNIA 90211



7019 0700 0002 2123 3416

US POSTAGE
$ 007.05⁰
0001217907   MAY 19 2020
MAILED FROM ZIP CODE 90211

Michael Kors Retail, Inc.
c/o CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017

EXHIBIT G

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total
$

Sent

MICHAEL KORS (USA), INC.; MICHAEL KORS
STORES (CALIFORNIA), INC.; and MICHAEL KORS
RETAIL, INC. c/o
SEYFARTH SHAW LLP
Jon Meer
Elizabeth M. Levy
Jennifer R. Nunez
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021

PS F                                         See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

MICHAEL KORS (USA), INC.; MICHAEL KORS
STORES (CALIFORNIA), INC.; and MICHAEL KORS
RETAIL, INC. c/o
SEYFARTH SHAW LLP
Jon Meer
Elizabeth M. Levy
Jennifer R. Nunez
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021

9590 9402 5541 9249 4034 86

2. Article Number *(Transfer from service label)*

7019 0700 0002 2123 3423

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

EXHIBIT G

USPS TRACKING #

9590 9402 5541 9249 4034 86

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Lavi & Ebrahimian, LLP
8889 W. Olympic Blvd, Suite 200
Beverly Hills, CA 90211

VG/VR

Taylor v. Michael Kors, Inc. / Amended PAGA

**SENDER: COMPLETE THIS SECTION**

☑ Complete items 1, 2, and 3.
☑ Print your name and address on the reverse so that we can return the card to you.
☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.; and MICHAEL KORS RETAIL, INC. c/o
SEYFARTH SHAW LLP
Jon Meer
Elizabeth M. Levy
Jennifer R. Nunez
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021

9590 9402 5541 9249 4034 86

2. Article Number (Transfer from service label)

7019 0700 0002 2123 3423

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

**EXHIBIT G**

LAW OFFICES OF
LAVI & EBRAHIMIAN, LLP
8889 W. OLYMPIC BLVD., SUITE 200
BEVERLY HILLS, CALIFORNIA 90211





7019 0700 0002 2123 3423

US POSTAGE
$ 007.05
MAILED FROM ZIP CODE 90211

MICHAEL KORS (USA), INC; MICHAEL KORS
STORES (CALIFORNIA), INC.; and MICHAEL KORS
RETAIL, INC. c/o
SEYFARTH SHAW LLP
Jon Meer
Elizabeth M. Levy
Jennifer R. Nunez
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021

EXHIBIT G

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total
$

Sent    Adecco USA, Inc.
        CT Corporation System
Street  818 West Seventh St., Suite 930
        Los Angeles, CA 90017

City,

PS F                                    instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Adecco USA, Inc.
CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

|||||||||||||||||||||||||||||||||||||
9590 9402 5541 9249 4034 93

2. Article Number (Transfer from service label)
7019 0700 0002 2123 3430

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
                      stricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**EXHIBIT G**

USPS TRACKING#

9590 9402 5541 9249 4034 93

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Lavi & Ebrahimian, LLP
8889 W. Olympic Blvd, Suite 200
Beverly Hills, CA 90211

VG / VR

Taylor v. Michael Kors, Inc. / Amended PAGA

**SENDER: COMPLETE THIS SECTION**

☑ Complete items 1, 2, and 3.
☑ Print your name and address on the reverse so that we can return the card to you.
☑ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Adecco USA, Inc.
CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017

9590 9402 5541 9249 4034 93

2. Article Number (Transfer from service label)

7019 0700 0002 2123 3430

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
                        stricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053               Domestic Return Receipt

**EXHIBIT G**

LAW OFFICES OF

LAVI & EBRAHIMIAN, LLP

8889 W. OLYMPIC BLVD., SUITE 200

BEVERLY HILLS, CALIFORNIA 90211

CERTIFIED MAIL

7019 0700 0002 2123 3430

Adecco USA, Inc.
CT Corporation System
818 West Seventh St., Suite 930
Los Angeles, CA 90017

**EXHIBIT G**

## Yolanda Ramirez

| | |
|---|---|
| **From:** | FormAssembly <no-reply@formassembly.com> on behalf of DIR PAGA Unit <lwdadonotreply@dir.ca.gov> |
| **Sent:** | Tuesday, May 19, 2020 5:38 PM |
| **To:** | Vincent Granberry |
| **Subject:** | Thank you for your Amended PAGA Claim Notice Submission |

05/19/2020 05:37:50 PM

Thank you for your submission to the Labor and Workforce Development Agency.

Item submitted: Amended PAGA Claim Notice If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: https://url.emailprotection.link/?bWbanY_9554At1Nl-HmBW8Q9ebD4RoG2o-
CxYjT2zYgMm52ybnhmR1PqXo25bOpfHcNC4pvgwRbLRfWi6K3gtDjkwtz0mZb7C7MB2OWVYg6bwQUpD1eU4qsn-
TJ0nIYxH

1

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
KENNETH TAYLOR, on behalf of himself and all aggrieved Californ

DEFENDANT:
MICHAEL KORS (USA), INC. et al

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

05/26/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ M. Kinney _____ Deputy

CASE NUMBER:
20STCV19614

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 12/02/2020 | Time: 8:30 AM | Dept.: 55 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: _____ 05/26/2020 _____

_____ Malcolm Mackey / Judge _____
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _____ Los Angeles _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

JOSEPH LAVI
8889 W. Olympic Blvd., Suite 200
Beverly Hills, CA 90211

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: _____ 05/26/2020 _____

By _____ M. Kinney _____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

EXHIBIT G

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
KENNETH TAYLOR, on behalf of himself and all aggrieved California-based non-exempt employees

DEFENDANT/RESPONDENT:
MICHAEL KORS (USA), INC. et al

**CERTIFICATE OF MAILING**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

05/26/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ M. Kinney _____ Deputy

CASE NUMBER:
20STCV19614

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

JOSEPH  LAVI
Lavi &amp; Ebrahimian, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills, CA  90211

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 05/26/2020

By: M. Kinney _____
Deputy Clerk

**CERTIFICATE OF MAILING**
EXHIBIT G

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>05/22/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____C. Monroe_____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV19614 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Malcolm  Mackey | 55 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 05/22/2020
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By C. Monroe_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
EXHIBIT G

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**\*Provisionally Complex Cases**

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
**EXHIBIT G**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 20

**20STCV19614**                                                                      May 28, 2020
**KENNETH TAYLOR, ON BEHALF OF HIMSELF AND ALL**                        9:43 AM
**AGGRIEVED CALIFORNIA-BASED NON-EXEMPT**
**EMPLOYEES vs MICHAEL KORS (USA), INC., et al.**

Judge: Honorable David J. Cowan            CSR: None
Judicial Assistant: A. Barton              ERM: None
Courtroom Assistant: None                  Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:**
Plaintiff Kenneth Taylor's Peremptory Challenge Pursuant to Code of Civil Procedure Section 170.6 Against the Honorable Malcolm Mackey, Department 55

Plaintiff's peremptory challenge is reviewed by the Honorable David J. Cowan.

The Court reviews the Peremptory Challenge filed by KENNETH TAYLOR, on behalf of himself and all aggrieved California-based non-exempt employees (Plaintiff) on 05/26/2020 pursuant to Code of Civil Procedure section 170.6 and finds that it was timely filed, in proper format, and is accepted.

Good cause appearing and on order of the Court, the above matter is reassigned to Judge Gregory W. Alarcon in Department 36 at the Stanley Mosk Courthouse for all further proceedings.

If any appearing party has not yet exercised a peremptory challenge under Code of Civil Procedure section 170.6, peremptory challenges by them to the newly assigned judge must be timely filed within the 15 day period specified in Code of Civil Procedure section 170.6, with extensions of time pursuant to Code of Civil Procedure section 1013 if service is by mail. Previously non-appearing parties, if any, have a 15-day statutory period from first appearance to file a peremptory challenge (Government Code section 68616(1)).

All future hearings in this department are advanced to this date and taken off calendar. (Department 55)

EXHIBIT G

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 20

**20STCV19614**                                                                    May 28, 2020
**KENNETH TAYLOR, ON BEHALF OF HIMSELF AND ALL**                                        9:43 AM
**AGGRIEVED CALIFORNIA-BASED NON-EXEMPT**
**EMPLOYEES vs MICHAEL KORS (USA), INC., et al.**


Judge: Honorable David J. Cowan              CSR: None
Judicial Assistant: A. Barton                ERM: None
Courtroom Assistant: None                    Deputy Sheriff: None

Plaintiff is to give notice.

Certificate of Mailing is attached.

EXHIBIT G

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/28/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ A. Barton _____ Deputy |

| |
|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 |
| PLAINTIFF/PETITIONER:<br>KENNETH TAYLOR, on behalf of himself and all aggrieved California-based non-exempt employees |
| DEFENDANT/RESPONDENT:<br>MICHAEL KORS (USA), INC. et al |

| | |
|---|---|
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV19614 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Plaintiff Kenneth Taylor's Peremptory Challenge Pursuant to C...) of 05/28/2020 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

JOSEPH  LAVI
Lavi &amp; Ebrahimian, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills, CA  90211

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 05/28/2020                    By:   A. Barton _____
                                                  Deputy Clerk

EXHIBIT G

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/28/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ A. Barton _____ Deputy |
| PLAINTIFF(S):<br>KENNETH TAYLOR, on behalf of himself and all aggrieved California- | |
| DEFENDANT(S):<br>MICHAEL KORS (USA), INC. et al | |
| **NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Vacate Dates)** | CASE NUMBER:<br>20STCV19614 |

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD OR PLAINTIFF(S) IN PROPRIA PERSONA:

You are hereby notified that effective <u>05/28/2020</u>, an order was made that the above-entitled action, previously assigned to <u>Malcolm Mackey</u>, is now and shall be assigned to <u>Gregory W. Alarcon</u> as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in department <u>36</u> at <u>Stanley Mosk Courthouse</u> (See Chapter 3, Los Angeles Court Rules) All matters on calendar in this case are advanced to this date, vacated, to be rescheduled in the newly assigned department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>05/28/2020</u>        By <u>A. Barton</u>

Deputy Clerk

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Vacate Dates)**

(Proposed LACIV 253)
LASC Approved [00/00]

**EXHIBIT G**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/28/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ A. Barton _____ Deputy |
| PLAINTIFF/PETITIONER:<br>KENNETH TAYLOR, on behalf of himself and all aggrieved California-based non-exempt employees | |
| DEFENDANT/RESPONDENT:<br>MICHAEL KORS (USA), INC. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV19614 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment/Vacate Hearings upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

JOSEPH  LAVI
Lavi &amp; Ebrahimian, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills, CA  90211

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 05/28/2020                      By:  A. Barton _____
                                                        Deputy Clerk

**CERTIFICATE OF MAILING**
EXHIBIT G

# EXHIBIT H

1
SEYFARTH SHAW LLP
Jon Meer (SBN 144389)

2
E-mail: jmeer@seyfarth.com
Elizabeth M. Levy (SBN 268926)

3
E-mail: elevy@seyfarth.com
Jennifer R. Nunez (SBN 291422)

4
jnunez@seyfarth.com
2029 Century Park East, Suite 3500

5
Los Angeles, California 90067-3021
Telephone:    (310) 277-7200

6
Facsimile:    (310) 201-5219

7
Attorneys for Defendants
MICHAEL KORS (USA), INC., MICHAEL KORS

8
STORES (CALIFORNIA), INC., and MICHAEL KORS
RETAIL, INC.

9

10

11
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12
**COUNTY OF LOS ANGELES**

13

14
KENNETH TAYLOR, on behalf of himself and others similarly situated,

Case No. 20STCV10276

15
                       Plaintiff,

HON. WILLIAM F. HIGHBERGER, DEPT. 10

16
        v.

**DEFENDANTS MICHAEL KORS (USA), INC., MICHAEL KORS STORES (CALIFORNIA), INC. AND MICHAEL KORS RETAIL, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

17
MICHAEL KORS, INC.; MICHAEL KORS (USA), INC.; MICHAEL KORS STORES (CALIFORNIA), INC.; MICHAEL KORS RETAIL, INC.; ADECCO USA, INC.; and DOES 1 through 100, inclusive,

18

19

20
                       Defendants.

Complaint Filed:   March 16, 2020
Trial Date:        None Set

21

22

23

24

25

26

27

28

---

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
**EXHIBIT H**

# ANSWER

Defendants MICHAEL KORS (USA), INC.[1], MICHAEL KORS STORES (CALIFORNIA), INC., and MICHAEL KORS RETAIL, INC. ("Defendants") hereby submit their answer to the Unverified Complaint ("Complaint") filed by Plaintiff KENNETH TAYLOR ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendants deny generally each and every allegation, statement, matter and each purported cause of action in Plaintiff's Complaint, and without limiting the generality of the foregoing, deny that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendants.

## SEPARATE AFFIRMATIVE AND OTHER DEFENSES

In further answer to Plaintiff's Complaint, and as separate and distinct defenses, Defendants allege the following defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. Defendants do not presently know all of the facts and circumstances respecting Plaintiff's claims. Defendants reserve the right to amend this Answer should Defendants later discover facts demonstrating the existence of additional defenses.

## FIRST DEFENSE

**(Failure to State a Cause of Action Upon Which Relief May be Granted- All Causes of Action)**

1.      The Complaint, and each purported cause of action alleged therein, fails to state any cause of action upon which relief can be granted.

## SECOND DEFENSE

**(Failure To State Facts Sufficient To Constitute Any Cause Of Action- All Causes of Action)**

2.      The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute any cause of action upon which relief can be granted.

---

[1] Michael Kors, Inc. is an erroneously named defendant and is not a legal entity associated with Defendants.

1

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**EXHIBIT H**

**THIRD DEFENSE**

**(Statute of Limitations- All Causes of Action)**

3.     Plaintiff's claims, in whole or in part, on behalf of himself and the putative class, are barred by the applicable statutes of limitations, including, but not limited to, Code of Civil Procedure §§ 312, 338(a), 340, 343 and California Business and Professions Code § 17208.

**FOURTH DEFENSE**

**(Estoppel and Waiver- All Causes of Action)**

4.     Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrines of estoppel and waiver.

**FIFTH DEFENSE**

**(Laches- All Causes of Action)**

5.     Plaintiff is barred by the doctrine of laches from pursuing his Complaint, and each purported cause of action alleged therein, because Plaintiff exercised inexcusable delay in commencing this action.

**SIXTH DEFENSE**

**(Unclean Hands- All Causes of Action)**

6.     Defendants are informed and believes and thereon alleges that Plaintiff has engaged in conduct that bars his claims, in whole or in part, by the doctrine of unclean hands.

**SEVENTH DEFENSE**

**(Attorneys' Fees- All Causes of Action)**

7.     The Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

**EIGHTH DEFENSE**

**(Constitutionality- All Causes of Action)**

8.     Neither Plaintiff nor any putative class member is entitled to any penalty award under the California Labor Code to the extent that the penalty provisions of the applicable Labor Code sections establish penalties that are unjust, arbitrary, oppressive, confiscatory and are disproportionate to any damage or loss incurred as a result of Defendants' conduct, and are unconstitutional under the California Constitution and U.S. Constitution and Article I, Section VII, of the California Constitution.

2

63922686v.1

**EXHIBIT H**

### NINTH DEFENSE

#### (*Res Judicata*/Collateral Estoppel - All Causes of Action)

9.      Plaintiff's Complaint and each cause of action therein is barred by the doctrines of *res judicata* and/or collateral estoppel, to the extent that Plaintiff, any putative class member, or other putative beneficiary of this action has asserted in any prior legal or administrative proceeding that they were entitled to payment for overtime, alleged failure to pay minimum wage and/or failure to pay wages upon termination, meal periods, and/or rest breaks, failure to provide accurate wage statements and/or unfair competition and did not prevail on such claim.

### TENTH DEFENSE

#### (Consent- All Causes of Action)

10.      To the extent Plaintiff and the putative class members chose to forego, delay or cut short their meal and/or rest breaks that were provided by Defendant, their claims are barred.

### ELEVENTH DEFENSE

#### (Due Process- All Causes of Action)

11.      To the extent Plaintiff purports to seek relief on behalf of others who have suffered no damages or injury, their claims for relief therein violate Defendants' right to due process under the California and United States Constitutions.

### TWELFTH DEFENSE

#### (No Willful or Knowing and Intentional Violation- Fifth Cause of Action)

12.      Plaintiff and the putative class members are not entitled to any penalty award under Sections 226 of the California Labor Code or any other provision of the California Labor Code because, at all times relevant and material herein, Defendants did not willfully, or knowingly and intentionally, fail to comply with the provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code.

---

**THIRTEENTH DEFENSE**

**(No Injury- All Causes of Action)**

13.     Plaintiff's claim for penalties pursuant to California Labor Code § 226 fail because neither he nor any of the putative class members has suffered any injury as a result of the challenged statutory violation.

**FOURTEENTH DEFENSE**

**(No Standing- All Causes of Action)**

14.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred for lack of subject matter jurisdiction to the extent Plaintiff and putative members of the purported class lack standing to bring their claims in either an individual, class, or representative capacity.

**FIFTEENTH DEFENSE**

**(Lack Of Standing Under Proposition 64- Seventh Cause of Action)**

15.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff, or any person upon whose behalf Plaintiff purports to act, lacks the requisite standing to sue under Proposition 64, enacted on November 2, 2004, as California Business and Professions Code Section 17204. Under Proposition 64, any plaintiff suing for an alleged violation of the California Unfair Competition Law (the "UCL"), California Business and Professions Code Section 17200, *et seq.*, must show that he has suffered an injury in fact, in addition to simply alleging a loss of money or property. Since Plaintiff, or any other person on whose behalf Plaintiff purports to act, cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff lacks standing to sue under the UCL.

**SIXTEENTH DEFENSE**

**(Accord and Satisfaction- All Causes of Action)**

16.     The claims of Plaintiff and the putative class members are barred to the extent that they are subject to prior accord and satisfaction with respect to such claims.

4

63922686v.1

**EXHIBIT H**

<center>**SEVENTEENTH DEFENSE**</center>

<center>**(Release- All Causes of Action)**</center>

17.    To the extent Plaintiff and/or putative members of the purported class have executed a release or been included in a release encompassing claims alleged in the Complaint, their claims are barred by that release.

<center>**EIGHTEENTH DEFENSE**</center>

<center>**(Failure To Mitigate Damages- All Causes of Action)**</center>

18.    Plaintiff is not entitled to recover the damages from Defendants alleged in his Complaint, or any damages, due to his continuous failure to make reasonable efforts to mitigate or minimize the damages that he has allegedly incurred.

<center>**NINETEENTH DEFENSE**</center>

<center>**(Offset- All Causes of Action)**</center>

19.    To the extent that Plaintiff and/or members of the putative classes are entitled to restitution, damages or penalties, Defendants are entitled to an offset for any overpayments of wages or other consideration previously provided to those parties.

<center>**TWENTIETH DEFENSE**</center>

<center>**(Setoff And Recoupment- All Causes of Action)**</center>

20.    To the extent a court holds that Plaintiff or putative members of the purported class are entitled to damages or penalties, which is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff or putative members of the purported class owed to Defendants against any judgment that may be entered against Defendants.

<center>**TWENTY-FIRST DEFENSE**</center>

<center>**(*De minimis* Doctrine- All Causes of Action)**</center>

21.    Plaintiff's claims, on behalf of himself and the putative class, fail to the extent that, even if Plaintiff suffered damages (which Defendants dispute) as a result of Defendants' conduct, including, but not limited to, delayed or shortened meal/rest breaks, security and/or bag checks, or work occurring off the clock, such damage is *de minimis* and therefore, not compensable as a matter of law.

<center>5</center>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-SECOND DEFENSE

### (Lawful Policies- All Causes of Action)

22.     Plaintiff's individual and putative class claims for alleged violation of California Labor Code and the applicable provisions of the California Wage Orders are barred, in whole or in part, because Defendants had lawful policies and at all times provided meal periods and authorized and permitted rest breaks to Plaintiff and the putative class members, and had policies that complied with the California Labor Code and Wage 7-2001, in accordance with California law.

## TWENTY-THIRD DEFENSE

### (Unreasonableness- All Causes of Action)

23.     Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff and the putative class members unreasonably failed to prevent or to avoid such harm and/or to diminish the extent of the harm.

## TWENTY-FOURTH DEFENSE

### (Failure To Use Ordinary Care- All Causes of Action)

24.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff received good consideration in agreement to serve as an employee, yet failed to use ordinary care and diligence during his employment, or employment-related duties, pursuant to California Labor Code Section 2854.

## TWENTY-FIFTH DEFENSE

### (Failure To Comply With Employer's Directions- All Causes of Action)

25.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff failed to substantially comply with all of the directions of his employer concerning the service on which he was engaged and Plaintiff's obedience to the directions of the employer was neither impossible or unlawful, nor would impose new and unrealistic burdens upon him, pursuant to California Labor Code Section 2856.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

63922686v.1

**EXHIBIT H**

<div align="center">

**TWENTY-SIXTH DEFENSE**

**(Failure To Conform To Usage Of Place Of Performance- All Causes of Action)**

</div>

26.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff failed to perform services in conformity to the usage of the place of performance and was not otherwise directed by the employer, and such performance was neither impracticable, nor manifestly injurious to Plaintiff, pursuant to California Labor Code Section 2857.

<div align="center">

**TWENTY-SEVENTH DEFENSE**

**(Degree Of Skill- All Causes of Action)**

</div>

27.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff failed to exercise a reasonable degree of skill in performing his job duties, pursuant to California Labor Code Section 2858.

<div align="center">

**TWENTY-EIGHTH DEFENSE**

**(Failure To Use Skill Possessed- All Causes of Action)**

</div>

28.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff did not use such skill as he possessed, so far as the same is required, for the service specified for Defendant, as provided under California Labor Code Section 2859.

<div align="center">

**TWENTY-NINTH DEFENSE**

**(No Equitable Tolling- All Causes of Action)**

</div>

29.     Plaintiff's Complaint, and each purported cause of action alleged therein, is not entitled to equitable tolling because the allegations in the Complaint do not meet the requisite standard.

<div align="center">

**THIRTIETH DEFENSE**

**(Arbitration- All Causes of Action)**

</div>

30.     To the extent Plaintiff and/or putative members of the purported class have executed agreements to arbitrate that encompass claims alleged in the Complaint, their claims are barred by their contractual agreement to arbitrate.

<div align="center">

7

</div>

## THIRTY-FIRST DEFENSE

### (Failure To Exhaust Administrative Remedies- First, Second, Third, Fourth, Fifth and Sixth Causes of Action)

31.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff has failed to exhaust any administrative or statutory remedies provided under California Labor Code Sections 201, 202, 203, 226, 226.7, 510, 512, 558 and 1194 and 1197.

## THIRTY-SECOND DEFENSE

### (No Knowledge Of Overtime Or Denial Of Meal Or Rest Periods- All Causes of Action)

32.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Defendants did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by Plaintiff or any other purportedly similarly situated current or former employees. Defendants also did not have actual or constructive knowledge that Plaintiff or any other purportedly similarly situated current or former employees were denied any meal or rest periods. See, e.g., *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc*., 646 F.2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation"); *Davis v. Food Lion,* 792 F.2d 1274, 1276-77 (4th Cir. 1986) ("it is necessary for a plaintiff to show that his employer had knowledge, either actual or constructive, of his overtime work").

## THIRTY-THIRD DEFENSE

### (Failure To Show Denial Of Meal Periods-Third, Fifth, Sixth and Seventh Causes of Action)

33.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff cannot allege facts that show that Defendants required Plaintiff or any other putative class member to work during any meal period mandated by California Labor Code Section 512. Plaintiff also cannot show that Defendants required Plaintiff or any other putative class member to work in violation of any applicable order of the California Industrial Welfare Commission, or failed to provide

8

63922686v.1
**EXHIBIT H**

them with a meal period, or denied them meal periods, in accordance with any applicable order of the California Industrial Welfare Commission, as provided under California Labor Code Section 226.7.

### THIRTY-FOURTH DEFENSE

**(Failure To Show Denial Of Rest Periods- Fourth, Fifth, Sixth and Seventh Causes of Action)**

34.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff cannot allege facts that show that Defendants failed to authorize and permit rest periods or denied rest periods as mandated by any applicable order of the California Industrial Welfare Commission, as provided under California Labor Code Section 226.7.

### THIRTY-FIFTH DEFENSE

**(Meal And Rest Periods Were Taken- Third, Fourth, Fifth, Sixth and Seventh Causes of Action)**

35.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and any purportedly similarly situated current or former employees did, in fact, take all meal periods or rest breaks to which Plaintiff claims they were entitled throughout their employment.

### THIRTY-SIXTH DEFENSE

**(Meal Periods Were Provided And Rest Periods Were Authorized And Permitted- Third, Fourth, Fifth, Sixth and Seventh Causes of Action)**

36.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state a basis upon which relief can be granted because Defendants, at all relevant times, provided meal periods and authorized and permitted rest periods as required by law.

### THIRTY-SEVENTH DEFENSE

**(Good Faith Dispute And Waiting Time Penalties- First, Second, Third, Fourth and Sixth Causes of Action)**

37.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state a claim for waiting time penalties because there was a good faith dispute as to whether such penalties were due, some members of the purported class did not resign or were not discharged prior to the filing of this action, and/or to the extent that no such penalties can continue after the commencement of an action for the penalties.

9

63922686v.1
**EXHIBIT H**

**THIRTY-EIGHTH DEFENSE**

**(Contribution By Plaintiff's Own Acts- All Causes of Action)**

38.   If the injuries and/or alleged damages in the Complaint occurred at all (which Defendants deny), such injuries and/or alleged damages were proximately caused by and/or contributed to by Plaintiff's own acts, omissions, and/or failures to act.

**THIRTY-NINTH DEFENSE**

**(Avoidable Consequences Doctrine- All Causes of Action)**

39.   Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the avoidable consequences doctrine.

**FORTIETH DEFENSE**

**(No Unlawful, Unfair Or Fraudulent Business Practice- Seventh Cause of Action)**

40.   Without admitting the allegations of the Complaint, Defendants allege that Plaintiff's Complaint, and each purported cause of action alleged therein, fails because the alleged practices of Defendants are not unfair, unlawful or fraudulent, the public is not likely to be deceived by any alleged practices, Defendants gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

**FORTY-FIRST DEFENSE**

**(Ratification- All Causes of Action)**

41.   Plaintiff's Complaint, and each purported cause of action alleged therein, is barred on the ground that Plaintiff ratified Defendants' alleged actions.

**FORTY-SECOND DEFENSE**

**(Failure To State Facts Warranting Class Certification And Class Damages- All Causes of Action)**

42.   Plaintiff's allegations that this action should be certified as a class action fail as a matter of law because Plaintiff cannot allege facts sufficient to warrant class certification and/or an award of class damages, pursuant to California Code of Civil Procedure Section 382 or Rule 23 of the Federal Rules of Civil Procedure. Plaintiff likewise has failed to set forth any facts supporting any other form of representative action.

10

63922686v.1
**EXHIBIT H**

**FORTY-THIRD DEFENSE**

**(Failure To State Facts Warranting A Predominance Of Common Questions Of Fact And Law-All Causes of Action)**

43.   Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that Plaintiff cannot allege predominant questions of fact and law, as required under California Code of Civil Procedure Section 382 or Rule 23 of the Federal Rules of Civil Procedure.

**FORTY-FOURTH DEFENSE**

**(Failure To Show Adequate Damages- All Causes of Action)**

44.   Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff cannot show a specific or reliable measure of alleged damages owed to Plaintiff and/or the members of the purported class.

**FORTY-FIFTH DEFENSE**

**(Failure To Allege Facts To Support Restitution- Seventh Cause of Action)**

45.   Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff cannot show a specific and individualized amount of property claimed by Plaintiff and/or any other member of the purported class, as required for a remedy of restitution under the UCL.

**FORTY-SIXTH DEFENSE**

**(Lack Of Standing To Request A Jury Trial- All Causes of Action)**

46.   Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff seeks a jury trial for claims that are of a nature or right that did not provide for a jury trial at common law prior to the adoption of the California Constitution. To the extent that Plaintiff seeks a jury trial for such claims, there is no such jury trial right.

**FORTY-SEVENTH DEFENSE**

**(Lack Of Standing For Injunctive Relief- All Causes of Action)**

47.   The claims of Plaintiff and putative members of the purported class for injunctive and other equitable relief are barred because Plaintiff is a former employee and thus has no standing to seek injunctive or other equitable relief.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

63922686v.1

**EXHIBIT H**

1

## FORTY-EIGHTH DEFENSE

2

**(Inability To Pursue Penalties Under The UCL- Seventh Cause of Action)**

3      48.      Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the

4  extent that Plaintiff seeks penalties, not restitution, for alleged violations of the Labor Code that form the

5  basis of his claims under the UCL.

6

## FORTY-NINTH DEFENSE

7

**(Inability To Recover Attorneys' Fees Under The UCL- Seventh Cause of Action)**

8      49.      Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the

9  extent that Plaintiff seeks attorneys' fees and costs because Plaintiff cannot show the enforcement of an

10  important right affecting the public interest.

11

## FIFTIETH DEFENSE

12

**(Inability To Pursue Legal And Equitable Claims Involving Same Alleged Facts- All Causes of**

13

**Action)**

14      50.      Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the

15  extent that Plaintiff seeks a jury trial for his legal claims based on the California Labor Code while

16  simultaneously seeking equitable relief for his claims under the UCL. Given that these claims require

17  different triers of fact to address the same facts and legal theories, Plaintiff's request for both legal and

18  equitable relief may lead to inconsistent results. Also, because Plaintiff's claims under the California

19  Labor Code involve the same facts and legal theories as Plaintiff's claims under the UCL, Defendants

20  are necessarily denied the benefits of the streamlined procedure based on the UCL if Plaintiff continues

21  to pursue both legal and equitable claims.

22

## FIFTY-FIRST DEFENSE

23

**(Not Appropriate For Class Action- All Causes of Action)**

24      51.      Plaintiff's Complaint, and each purported cause of action alleged therein, is not proper

25  for treatment as a class action because, among other reasons: (a) Plaintiff cannot establish numerosity;

26  (b) Plaintiff is an inadequate representative of the purported class; (c) Plaintiff cannot establish

27  commonality of claims; (d) Plaintiff cannot establish typicality of claims; and (e) the individualized

28  nature of Plaintiff's claims predominate and thus makes class treatment inappropriate.

63922686v.1                                      **EXHIBIT H**

<div align="center">

**FIFTY-SECOND DEFENSE**

**(Uncertainty- All Causes of Action)**

</div>

52.     The claims of Plaintiff and putative members of the purported class are barred in whole or in part, because the Complaint is uncertain in that the purported class and subclass definitions are ambiguous and conclusory.

<div align="center">

**FIFTY-THIRD DEFENSE**

**(No Ascertainable Class- All Causes of Action)**

</div>

53.     The putative class that the named Plaintiff purports to represent, the existence of which is expressly denied, is not ascertainable and, thus, no well-defined community of interest exists among the purported class members.

<div align="center">

**FIFTY-FOURTH DEFENSE**

**(Class Action Not Superior Method Of Adjudication- All Causes of Action)**

</div>

54.     The alleged claims are barred, in whole or in part, as a class action, because a class action is not the superior method of adjudicating this dispute.

<div align="center">

**FIFTY-FIFTH DEFENSE**

**(Adequate Remedy At Law- All Causes of Action)**

</div>

55.     Plaintiff is not entitled to the equitable relief sought insofar as he has an adequate remedy at law and/or cannot make the requisite showing to obtain injunctive relief in a labor dispute.

<div align="center">

**FIFTY-SIXTH DEFENSE**

**(Improper Defendants- All Causes of Action)**

</div>

56.     Defendants did not employ Plaintiff, they are improperly named Defendants.

<div align="center">

**ADDITIONAL DEFENSES**

</div>

Defendants presently have insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserve the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

<div align="center">

**PRAYER**

</div>

WHEREFORE, Defendants pray for judgment as follows:

<div align="center">

13

</div>

63922686v.1

**EXHIBIT H**

1.     That Plaintiff, on behalf of himself and the putative class, take nothing by his Complaint on file herein;

2.     That judgment be entered in favor of Defendants and against Plaintiff, and those persons in the putative class, on all causes of action;

3.     That Defendants be awarded reasonable attorney's fees according to proof;

4.     That Defendants be awarded costs of suit incurred herein; and

5.     That Defendants be awarded such other and further relief as the Court may deem appropriate.

DATED: June 1, 2020

SEYFARTH SHAW LLP

By: _____
Jon Meer
Elizabeth M. Levy
Jennifer R. Nunez
Attorneys for Defendants
MICHAEL KORS (USA), INC., MICHAEL KORS STORES (CALIFORNIA), INC., and MICHAEL KORS RETAIL, INC.

14

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**EXHIBIT H**

63922686v.1

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA            )
                              )    ss

3

COUNTY OF LOS ANGELES          )

4

5

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On June 2, 2020, I served the within document(s):

6

7

**DEFENDANTS MICHAEL KORS (USA), INC., MICHAEL KORS STORES (CALIFORNIA), INC. AND MICHAEL KORS RETAIL, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

8

9

10

☐  I sent such document from facsimile machines (310) 201-5219 on _____, 2020.  I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

11

12

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

13

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

14

15

16

☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

17

☒  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

18

19

20

21

| | |
|---|---|
| Joseph Lavi | Phone:  (310) 432-0000 |
| Vincent C. Granberry | Fax:    (310) 432-0001 |
| Anwar D. Burton | Emails:  jlavi@lelawfirm.com |
| Lavi & Ebrahimian, LLP |         vgranberry@lelawfirm.com |
| 8889 W. Olympic Blvd., Suite 200 |         aburton@lelawfirm.com |
| Beverly Hills, CA 90211 | |

22

Attorneys for Plaintiff KENNETH TAYLOR

23

24

| | |
|---|---|
| Sahag Majarian II | Phone:  (818) 609-0807 |
| Law Office Of Sahag Majarian II | Fax:    (818) 609-0892 |
| 18250 Ventura Boulevard | Email:  sahagii@aol.com |
| Tarzana, California 91356 | |

25

Attorneys for Plaintiff KENNETH TAYLOR

26

27

28

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day

after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 2, 2020, at Los Angeles, California.

_____
Karla Villalobos-Roque

2

PROOF OF SERVICE

**EXHIBIT H**

# EXHIBIT I

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Jon Meer (SBN 144389) Elizabeth M. Levy  (SBN268926)
Jennifer R. Nunez (SBN 291422)
Seyfarth Shaw LLP, 2029 Century Park East, Suite 3500
Los Angeles, Caifornia 90067-3021
TELEPHONE NO.: 310-277-7200     FAX NO. *(Optional):* 310-201-5219
E-MAIL ADDRESS *(Optional):* jmeer@seyfarth.com/elevy@seyfarth.com/
ATTORNEY FOR *(Name):* Michael Kors (USA), Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Superior Court

PLAINTIFF/PETITIONER: Kenneth Taylor

DEFENDANT/RESPONDENT: Michael Kors, Inc., et al.

CASE NUMBER:
20STCV19614

JUDICIAL OFFICER:
David J. Cowan

| **NOTICE OF RELATED CASE** | DEPT.: 20 |
|---|---|

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: Taylor v. Michael Kors, Inc., et al.

   b.  Case number: 20STCV10276

   c.  Court: ☒   same as above

         ☐   other state or federal court *(name and address):*

   d.  Department: 10

   e.  Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f.  Filing date: 3/16/2020

   g.  Has this case been designated or determined as "complex?"   ☒   Yes   ☐   No

   h.  Relationship of this case to the case referenced above *(check all that apply):*

     ☒   involves the same parties and is based on the same or similar claims.

     ☒   arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

     ☐   involves claims against, title to, possession of, or damages to the same property.

     ☒   is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☒   Additional explanation is attached in attachment 1h

   i.  Status of case:

     ☒   pending

     ☐   dismissed   ☐   with   ☐   without prejudice

     ☐   disposed of by judgment

2.  a.  Title:

   b.  Case number:

   c.  Court: ☐   same as above

         ☐   other state or federal court *(name and address):*

   d.  Department:

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT I**

CM-015

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Kenneth Taylor | CASE NUMBER: |
| DEFENDANT/RESPONDENT:  Michael Kors, Inc., et al. | 20STCV19614 |

2.  *(continued)*

e.  Case type:  ☐  limited civil  ☐  unlimited civil  ☐  probate  ☐  family law  ☐  other *(specify):*

f.  Filing date:

g.  Has this case been designated or determined as "complex?"  ☐  Yes  ☐  No

h.  Relationship of this case to the case referenced above *(check all that apply):*

☐  involves the same parties and is based on the same or similar claims.

☐  arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐  involves claims against, title to, possession of, or damages to the same property.

☐  is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐  Additional explanation is attached in attachment 2h

i.  Status of case:

☐  pending

☐  dismissed  ☐  with  ☐  without prejudice

☐  disposed of by judgment

3.  a.  Title:

b.  Case number:

c.  Court:  ☐  same as above

☐  other state or federal court *(name and address):*

d.  Department:

e.  Case type:  ☐  limited civil  ☐  unlimited civil  ☐  probate  ☐  family law  ☐  other *(specify):*

f.  Filing date:

g.  Has this case been designated or determined as "complex?"  ☐  Yes  ☐  No

h.  Relationship of this case to the case referenced above *(check all that apply):*

☐  involves the same parties and is based on the same or similar claims.

☐  arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐  involves claims against, title to, possession of, or damages to the same property.

☐  is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐  Additional explanation is attached in attachment 3h

i.  Status of case:

☐  pending

☐  dismissed  ☐  with  ☐  without prejudice

☐  disposed of by judgment

4.  ☐  Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: June 2, 2020

Jennifer R. Nunez
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

| | | |
|---|---|---|
| CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Page 2 of 3 |
| | | American LegalNet, Inc.<br>www.FormsWorkflow.com |

**EXHIBIT I**

**CM-015**

| PLAINTIFF/PETITIONER:   Kenneth Taylor | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Michael Kors, Inc., et al. | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed In the county where the mailing took place, and my residence or business address is *(specify):*

2. | served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

    a. ☐  deposited the sealed envelope with the United States Postal Service.

    b. ☐  placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

    a. on *(date):*

    b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

    a. Name of person served:

       Street address:

       City:

       State and zip code:

    b. Name of person served:

       Street address:
       City:

       State and zip code:

    c. Name of person served:

       Street address:

       City:

       State and zip code:

    d. Name of person served:

       Street address:
       City:

       State and zip code:

☐  Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____          _____
(TYPE OR PRINT NAME OF DECLARANT)                    (SIGNATURE OF DECLARANT)

**NOTICE OF RELATED CASE**

American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT I**

**Attachment 1H**

The instant matter is a representative action seeking civil penalties pursuant to Cal. Lab. Code section 2698, *et seq.*

However, the instant matter is related to an earlier-filed action, entitled *Taylor v. Michael Kors, Inc. et al.* Case No. 20STCV10276 ("Class Action"), pending in the Los Angeles Superior Court, in which Kenneth Taylor ("Plaintiff") is also the sole named plaintiff.  In the earlier-filed and related Class Action, Plaintiff alleges the same Labor Code violations against the same Defendants Michael Kors (USA) Inc., Michael Kors Stores (California), Inc., and Michael Kors Retail, Inc. ("Defendants")[1].

Specifically, in both the earlier-filed and related Class Action and the instant action, Plaintiff asserts the following overlapping wage and hour claims against the Defendants: (1) Failure to Pay Wages For All Time Worked at Minimum Wage in Violation of Labor Code Sections 1194 and 1197; (2) Failure to Pay Proper Overtime Wages for Daily Overtime Hours Worked and All Hours Worked in Violation of Labor Code Sections 510, 1194, and 1198; (3) Failure to Authorize or Permit Meal Periods in Violation of Labor Code Sections 512 and 226.7; (4) Failure to Authorize or Permit Rest Periods in Violation of Labor Code Section 226.7; (5) Failure to Provide Complete and Accurate Wage Statements in Violation of Labor Code Section 226; and (6) Failure to Timely Pay All Earned Wages and Final Paychecks Due at Time of Separation of Employment in Violation of Labor Code Sections 201, 202, and 203.

---

[1] Plaintiff has also named Michael Kors, Inc. as a defendant; however, Michael Kors, Inc. is an erroneously named defendant and is not the legal name of any entity affiliated with Defendants.

**EXHIBIT I**

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )   ss
COUNTY OF LOS ANGELES        )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On June 2, 2020, I served the within document(s):

**NOTICE OF RELATED CASES; ATTACHMENT 1H**

☐ I sent such document from facsimile machines (310) 201-5219 on _____, 2020.  I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

| | |
|---|---|
| Joseph Lavi | Phone:   (310) 432-0000 |
| Vincent C. Granberry | Fax:     (310) 432-0001 |
| Anwar D. Burton | Emails:  jlavi@lelawfirm.com |
| Lavi & Ebrahimian, LLP |          vgranberry@lelawfirm.com |
| 8889 W. Olympic Blvd., Suite 200 |          aburton@lelawfirm.com |
| Beverly Hills, CA 90211 | |
| | Attorneys for Plaintiff KENNETH TAYLOR |
| | |
| Sahag Majarian II | Phone:   (818) 609-0807 |
| Law Office Of Sahag Majarian II | Fax:     (818) 609-0892 |
| 18250 Ventura Boulevard | Email:   sahagii@aol.com |
| Tarzana, California 91356 | |
| | Attorneys for Plaintiff KENNETH TAYLOR |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 2, 2020, at Los Angeles, California.

_____
Rebecca Garner

PROOF OF SERVICE
EXHIBIT I

64196175v.1